# Exhibit 20

After Recording Return To:
CHASE HOME FINANCE LLC
MONROE RECORDS CENTER
RE: DEFAULT MODS
LA4-4114
700 KANSAS LANE
MONROE, LA 71203

This Document Prepared By:
CHASE HOME FINANCE LLC
2210 ENTERPRISE DRIVE
FLORENCE, SC 29501-1109

――――――――― [Space Above This Line For Recording Data] ―――――――――

## LOAN MODIFICATION AGREEMENT

MIN: 100059700002015975

This modification adds the amount of $3,911.98 to the current principal balance of $175,867.74, and represents capitalized interest, fees, expenses, and other amounts due under the terms of the original Mortgage/Deed of Trust/Trust Deed. The new unpaid principal balance of the loan, as modified, is $179,779.72. The original principal balance of the loan on which mortgage/recording taxes were previously paid was $224,000.00.

Loan Number ▮▮▮▮7915

Borrower ("I")[1]: THOMAS MINERVA AND FELICIA A MINERVA HUSBAND AND WIFE
Lender ("Lender"): JPMORGAN CHASE BANK, N.A.
    The Original Mortgagee of Record: Mortgage Electronic Registration
    Systems, Inc. as nominee for SKYLINE MORTGAGE ULT U.S.
    MORTGAGE CORP.
Date of First Lien Security Instrument (the "Mortgage") and Note (the "Note"): APRIL 15, 2003
Loan Number: ▮▮▮▮7915 (the "Loan")
Property Address: ▮▮▮▮ BELLMORE, NEW YORK ▮▮▮▮ (the "Property")

LEGAL DESCRIPTION: Section _____ Block _____ Lot _____
ALL THAT CERTAIN PLOT PIECE OR PARCEL OF LAND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED SITUATE LYING AND BEING IN THE BELLMORE TOWN OF HEMPSTEAD COUNTY NASSAU AND STATE OF NEW YORK BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON THE EASTERLY SIDE OF NORTH ROAD DISTANT 175.99 FEET NORTHERLY FROM THE INTERSECTION FORMED BY THE NORTHERLY SIDE OF KOPL ROAD AND THE EASTERLY SIDE OF NORTH ROAD; RUNNING THENCE NORTH 31 DEGREES 41

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

WF101 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 05_12_2010_11_23_57    Page 1 of 8 pages

Loan Number ▮▮▮▮7915

MINUTES 30 SECONDS EAST ALONG THE EASTERLY SIDE OF NORTH ROAD 50.29 FEET; RUNNING THENCE SOUTH 64 DEGREES 25 MINUTES EAST 57.4 FEET TO THE WESTERLY SIDE OF NORTH CANAL; RUNNING THENCE SOUTH 28 DEGREES 35 MINUTES WEST ALONG THE WESTERLY SIDE OF NORTH CANAL; RUNNING THENCE NORTH 64 DEGREES 25 MINUTES WEST 62.76 FEET TO THE EASTERLY OF NORTH ROAD AT THE POINT OR PLACE OF BEGINNING. SECTION 63 BLOCK 219 LOT 12.

REFERENCE NUMBERS OF DOCUMENTS MODIFIED:
RECORDED MAY 19, 2003 BOOK 24161 PAGE 91
Tax Parcel No: 00763219 00120

"MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS.

If my representations in Section 1 continue to be true in all material respects, then the provisions of Section 2 of this Loan Modification Agreement ("Agreement") will, as set forth in Section 2, amend and supplement (i) the Mortgage on the Property, and (ii) the Note secured by the Mortgage. The Mortgage and Note together, as may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement have the meaning given to them in the Loan Documents.

I have provided confirmation of my financial hardship and documents to permit verification of all of my income to determine whether I qualify for the offer described in this Agreement. This Agreement will not take effect unless and until the Lender signs it.

1. **My Representations.** I represent to the Lender and agree:

    A. I am experiencing a financial hardship, and as a result, am either in default under the Loan Documents or a default is imminent.

    B. The Property is neither in a state of disrepair, nor condemned.

    C. There has been no change in the ownership of the Property since I signed the Loan Documents.

    D. I am not a party to any litigation involving the Loan Documents, except to the extent I may be a defendant in a foreclosure action.

    E. I have provided documentation for all income that I earn.

    F. All documents and information I provide pursuant to this Agreement are true and correct.

2. **The Modification.** The Loan Documents are hereby modified as of JULY 01, 2010 (the

WF101 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 05_12_2010_11_23_57    Page 2 of 8 pages


3 + 4 5 +  ▮▮▮▮7 9 1 5 + 1 + 5 0 )

Loan Number ███████7915

"Modification Effective Date"), and all unpaid late charges are waived. The Lender agrees to suspend any foreclosure activities so long as I comply with the terms of the Loan Documents, as modified by this Agreement. The Loan Documents will be modified, and the first modified payment will be due on the date set forth in this Section 2:

A. The Maturity Date will be: MAY 01, 2023.

B. The modified principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) and may include amounts towards taxes, insurance, or other assessments. The new principal balance of my Note is $179,779.72 (the "New Principal Balance").

C. The Interest Bearing Principal Balance will re-amortize over 155 months.

Interest will begin to accrue as of JUNE 01, 2010. The first New monthly payment on the New Principal Balance will be due on JULY 01, 2010, and monthly on the same date thereafter.

My payment schedule for the modified Loan is as follows:

I promise to pay interest on the New Principal Balance at the rate of 5.500% annually. I promise to make consecutive monthly payments of principal and interest in the amount of $1,622.79, which is an amount sufficient to amortize the New Principal Balance over a period of 155 months.

The above terms in this Section 2.C shall supersede any provisions to the contrary in the Loan Documents, including but not limited to provisions for an adjustable or step interest rate.

D. I agree to pay in full (i) the New Principal Balance, and (ii) any other amounts still owed under the Loan Documents, by the earliest of the date I sell or transfer an interest in the Property, subject to Section 3.E below, the date I pay the entire New Principal Balance, or the Maturity Date.

E. I will be in default if I do not (i) pay the full amount of a monthly payment on the date it is due, or (ii) comply with the terms of the Loan Documents, as modified by this Agreement. If a default rate of interest is permitted under the current Loan Documents, then in the event of default, the interest that will be due on the New Principal Balance will be the rate set forth in Section 2.C.

3. Additional Agreements. I agree to the following:

A. That this Agreement shall supersede the terms of any modification, forbearance, or workout plan, if any, that I previously entered into with the Lender.

WF101 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 05_12_2010_11_23_57    Page 3 of 8 pages


3 + 4 5 + 8 4 1 1 2 1 7 9 1 5 + 1 + 5 0 )

Loan Number  7915

B. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of the Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, impounds, and all other payments, the amount of which may change periodically over the term of my Loan. This Agreement does not waive future escrow requirements. If the Loan includes collection for tax and insurance premiums, this collection will continue for the life of the Loan.

C. That the Loan Documents are composed of valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

D. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

E. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, the Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If the Lender exercises this option, the Lender shall give me notice of acceleration. The notice shall provide a period of not less than thirty (30) days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

F. That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

G. If any document is lost, misplaced, misstated, or inaccurately reflects the true and correct terms and conditions of the Loan Documents as amended by this Agreement, within ten (10) days after my receipt of the Lender's request, I will execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). If I fail to do so, I will be liable for any and all loss or damage which the Lender reasonably sustains as a result of my failure.

H. All payment amounts specified in this Agreement assume that payments will be made as scheduled.

Loan Number ▊▊▊▊7915

I. If the Borrower(s) received a discharge in a Chapter 7 bankruptcy subsequent to the execution of the Loan Documents, the Lender agrees that such Borrower(s) will not have personal liability on the debt pursuant to this Agreement.

J. That in agreeing to the changes to the original Loan Documents as reflected in this Agreement, the Lender has relied upon the truth and accuracy of all of the representations made by the Borrower(s), both in this Agreement and in any documentation provided by or on behalf of the Borrower(s) in connection with this Agreement. If the Lender subsequently determines that such representations or documentation were not truthful or accurate, the Lender may, at its option, rescind this Agreement and reinstate the original terms of the Loan Documents as if this Agreement never occurred.

K. That MERS holds only legal title to the interests granted by the Borrower in the mortgage,
but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of lender including, but not limited to, releasing and canceling the mortgage Loan.

L. I acknowledge and agree that if the Lender executing this Agreement is not the current holder or owner of the Note and Mortgage, that such party is the authorized servicing agent for such holder or owner, or its successor in interest, and has full power and authority to bind itself and such holder and owner to the terms of this modification.

THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

Loan Number ████ 7915

[Space Below This Line For Borrower Acknowledgement]

_____   Date: 6 / 8 / 10
Borrower - THOMAS MINERVA

_____   Date: 6 / 8 / 10
Borrower - FELICIA A MINERVA


State of NEW YORK      )
                       ) ss.:
County of Suffolk      )

On the 8th day of June, in the year 2010, before me, the undersigned, a Notary Public in and for said State, personally appeared THOMAS MINERVA AND FELICIA A MINERVA, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
(Signature and office of person taking acknowledgment)

(Seal, if any)

My Commission Expires: 11/10/2013

KEITH PETZOLD
Notary Public, State of New York
No. 01PE5087844
Qualified in Suffolk County
Commission Expires Nov. 10, 20/3

WF101 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 05_12_2010_11_23_57    Page 6 of 8 pages

3 + 4 5 + ████ 7 9 1 5 + 1 + 5 0 )

**JPMORGAN CHASE BANK, N.A.**
Lender

By: _____

Date: _____

Mortgage Electronic Registration Systems, Inc. as nominee for SKYLINE MORTGAGE ULT U.S. MORTGAGE CORP.

By: _____

Date: _____

WF101 LOAN MODIFICATION AGREEMENT - CHAMP   ver. 05_12_2010_11_23_57   Page 7 of 8 pages


3 + 4 5 +           7 9 1 5 + 1 + 5 0 )

Loan Number ▉7915

State COLORADO ss. :

On the _____ day of _____ in the year _____, before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the County of DENVER in the State of COLORADO.

_____
(signature of individual taking acknowledgment)

(Seal, if any)

_____
(office of individual taking acknowledgment)

My Commission expires: _____

State COLORADO ss. :

On the _____ day of _____ in the year _____, before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the County of DENVER in the State of COLORADO.

_____
(signature of individual taking acknowledgment)

(Seal, if any)

_____
(office of individual taking acknowledgment)

My Commission expires: _____

WF101 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 05_12_2010_11_23_57    Page 8 of 8 pages

3 + 45 + ▉ 7915 + 1 + 50 )