# Exhibit 22

WHEN RECORDED MAIL TO:
FIRST AMERICAN TITLE
P.O. BOX 27670
SANTA ANA, CA 92799-7670
ATTN: LMTS

PREPARED BY:
MARIA CEJA
WASHINGTON MUTUAL BANK
19850 PLUMMER STREET
CHATSWORTH, CALIFORNIA 91311
01532
ATTN: LMTS



MODIFICATION

Tax Parcel No.: 32-30-06C-018

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement") is effective made this 1ST day of OCTOBER 2008 , ("Effective Date") between
DONNA M. MARSHALL, AKA DONNA M. MASHALL, AN UNMARRIED WOMAN

(hereinafter, "the Borrower"), and
WASHINGTON MUTUAL BANK

the Note holder and mortgagee. Together, the Borrower and the Trust are referred to herein as "the Parties".

### RECITALS

The Parties enter into this Agreement with reference to the following stipulated facts:

A. On JULY 3, 2002 , Borrower purchased, re-financed or otherwise obtained an interest in a certain real property in CLERMONT County, OHIO . In connection with the acquisition of the real property the Borrower delivered a certain promissory note dated JULY 3, 2002 , in the original principal amount of $ 90,000.00 ("Note").

B. The Note was and is secured by a deed of trust, mortgage, applicable riders, addenda or other security instrument ("Security Instrument"), dated JULY 3, 2002 , and recorded JULY 29, 2002 , in Book 1486 Page 1315 , in the official records of CLERMONT County as a lien against the real property described in the Security Instrument, and located at ▉▉▉ BETHEL, OHIO ▉▉▉
(the "Subject Property"), and is more particularly described as:

FAND# SPMODFR Rev. 03-14-07          Page 1



SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF;

*TAX ID #: 32-30-06C-018*

C. Borrower is the current owner of record of the Subject Property. No other persons or business entities have ownership, management or control of the Subject Property. Borrower has not assigned, transferred, mortgaged or hypothecated the Subject Property, or any fee estate therein, nor the rents, income and profits of the Subject Property as may be described in the Security Instrument, except as set forth in these recitals.

D. Borrower has requested that the terms of the Note and Security Instrument be modified. The Parties have agreed to do so pursuant to the terms and conditions stated in this Agreement.

## AGREEMENT

NOW, THEREFORE, In consideration of the mutual promises and agreements exchanged, the Parties hereto agree as follows:

1. **Incorporation of Recitals.** The Recitals are an integral part of this Agreement and are incorporated by reference herein.

2. **Unpaid Principal Balance.** The Parties agree that as of OCTOBER 1, 2008, the unpaid principal balance of the Note and the Security Instrument is $ 86,330.78 (the "Unpaid Principal Balance").

3. **Capitalization.** The Borrower acknowledges that interest on the Unpaid Principal Balance has accrued but has not been paid and the Trust, or the servicer on behalf of the Trust, has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce the interest of the Note holder or mortgagee and that such accrued and unpaid interest, costs and expenses in the total amount of $ 3,969.50 (the "Capitalized Amount") has been added to the indebtedness under the terms of the Note and Security Instrument, as of OCTOBER 1, 2008.

4. **Modified Principal Balance.** When payments resume on NOVEMBER 1, 2008, the new balance due on the loan will be $ 90,300.28 ("Modified Principal Balance"), which consists of $ 86,330.78 plus $ 3,969.50.

5. **Reamortization.** The Modified Principal Balance will be reamortized over 286 months.

6. **Payment and Interest Adjustments.** Interest will be charged on the Modified Principal Balance at the interest rate of 6.292% per cent per annum from OCTOBER 1, 2008 until AUGUST 1, 2032. The following terms and provisions of the original Note and Security Instrument are forever canceled, null and void, as of the date of this agreement:

a. all terms and provisions of the Note and Security Instrument (if any) providing for or relating to any change or adjustment in the rate of interest payable under the note; and

b. all terms and provisions of any adjustable rate rider or other instrument or document that is affixed to or wholly or partially incorporated into, or is a part of, the Note or Security Instrument and that contains any such terms or provision as those referred to in (a) above.

7. **Maturity Date.** The maturity date under the Note and Security Instrument remain unchanged. Borrower acknowledges and understands that, as a result of this Agreement which may defer payment of an arrearage or extend the loan amortization period, or both, a lump sum payment may be due on the Maturity Date. All amounts due and owing under the Note, Security Instrument and this Agreement are due in full on the Maturity Date.

8. **Payments; Delivery of Payments.** The Borrower promises to pay the Modified Principal Balance, plus interest, to the order of WASHINGTON MUTUAL BANK

Borrower(s) shall make the Monthly Payments described as follows, or at such other place that WASHINGTON MUTUAL BANK

may designate:

WASHINGTON MUTUAL BANK
7255 BAYMEADOWS WAY
ATTENTION: DEFAULT ALTERNATIVES
JACKSONVILLE, FLORIDA 32256

9. **Acceleration Upon Unauthorized Transfer.** The acceleration terms under the Note and Security Instrument are incorporated herein by reference.

10. **Effect of this Agreement.** Except to the extent that they are modified by this Agreement, the Borrower(s) hereby reaffirm all of the covenants, agreements and requirements of the Note and Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obliged to make under the Security Instrument. Borrower(s) further agree to be bound by the terms and provisions of the Note and Security Instrument, as modified hereby.

11. **No Release.** Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and/or Security Instrument. Except as expressly provided in this Agreement, all of the terms, covenants, agreements and the Note and Security Instrument will remain unchanged and the Parties will be bound by, and comply with, all of the terms and provisions of the instruments, as amended by this Agreement.

12. **Warranties.** Borrower does hereby state and warrant that the above described Note is valid and enforceable in all respects and is not subject to any claims, defenses or right of offset or credit except as herein specifically provided. Borrower does further hereby extend all liens and security interests on all of the Subject Property and any other rights and interests which now or hereafter secure said Note until said Note as modified hereby has been fully paid, and agree that this modification and extension will in no manner impair the Note or any of the liens and security interests securing the same and that all of the liens, equities, rights, remedies and security interests securing said Note shall remain in full force and effect and shall not in any manner be waived. Borrower

further agrees that all of the terms, covenants, warranties and provisions contained in the original Note and Security Instrument are now and shall be and remain in full force and effect as therein written, except as otherwise expressly provided herein, until the Note is paid in full and all other obligations under the Security Instrument are fulfilled.

13. **Further Assurances.** Borrower does further state and warrant that all of the recitals, statements and agreements contained herein are true and correct and correct and that Borrower is the sole owner of the fee simple title to all of the Subject Property securing the Note.

14. **Acknowledgment by Borrower.** As part of the consideration for this Agreement, Borrower agrees to release and waive all claims Borrower might assert against the Trust and or its agents, and arising from any act or omission to act on the part of the Trust or it's agents, officers, directors, attorneys, employees and any predecessor-in-interest to the Note and Security Instrument, and which Borrower contends caused Borrower damage or injury, or which Borrower contends renders the Note or the Security Instrument void, voidable, or unenforceable. This release extends to any claims arising from any judicial foreclosure proceedings or power of sale proceedings if any, conducted prior to the date of this Agreement. Borrowers have and claim no defenses, counterclaims or rights of offset of any kind against Lender or against collection of the Loan.

15. **Bankruptcy Considerations.** Notwithstanding anything to the contrary contained in this Agreement, the Parties hereto acknowledge the effect of a discharge in bankruptcy that may have been granted to the Borrower prior to the execution hereof and that the Note holder may not pursue the Borrower for personal liability. However, the Parties acknowledge that the mortgagee/beneficiary retains certain rights, including but not limited to the right to foreclose its lien against the Subject Property under appropriate circumstances. The Parties agree that additional consideration for this Agreement is the Trust's forbearance from presently exercising the rights and remedies of the Note holder and mortgagee under the Security Instrument. Nothing herein shall be construed to be an attempt to collect against the Borrower personally or an attempt to revive personal liability, if the Borrower has obtained a discharge of that liability from a United States Bankruptcy Court.

[signature pages follow]

BORROWER(S):

Date: 10/8/08

*Donna M Marshall*

DONNA M. MARSHALL

STATE OF Ohio )
COUNTY OF Clermont )ss:
 )

On 10/8/2008, before me, Donna M Marshall
personally appeared DONNA M. MARSHALL

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

*[signature]*

Signature of Notary

My commission expires: _____

Linda LaDow
Notary Public, State of Ohio
My Comm. Expires May 31, 2009

FAND# SPMODFR-5 Rev. 02-12-07
Page 5

WASHINGTON MUTUAL BANK

By:

<u>AUTUMN BORN</u>
(name)

<u>VICE PRESIDENT</u>
(title)

Date:_____

STATE OF __CALIFORNIA__ )
                              )ss:
COUNTY OF __LOS ANGELES__ )

On _____, before me, the undersigned, a Notary Public in and for said State, personally appeared   AUTUMN BORN  who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary

My commission expires: _____

FAND# SPMODFR-6 Rev. 03-15-07                    Page 6