aUNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: JPMorgan Chase Mortgage Modification Litigation<br><br>This Document Relates To: All Actions | Case No. 11-md-02290-RGS |

**PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION OF SCOPE OF AUGUST 23, 2012 ORDER GOVERNING CATHERINE FETNER DEPOSITION**

Plaintiffs bring this emergency motion to address an important and urgent deposition issue associated with the Rule 30(b)(6) deposition of Catherine Fetner now scheduled for September 19, 2012. Plaintiffs request that the Court enter an emergency Order clarifying the appropriate scope of Catherine Fetner's deposition in light of recent correspondence from Chase's counsel concerning unilateral limits it intends to impose at the September 19 deposition that are inconsistent with the Court's August 23, 2012 ruling. More specifically, Plaintiffs request that the Court enter an Order preventing Chase from disrupting the deposition with inappropriate instructions not to answer questions including, among other things, those about HAMP-related documents that had not been produced at the time of Ms. Fetner's *Durmic* testimony and those about HAMP issues that were not covered in *Durmic*. In addition, Plaintiffs request appointment of a Special Master pursuant to Fed. R. Civ. P. 53.[1] This motion requires urgent resolution because the Fetner deposition has been rescheduled for Wednesday September 19, 2012 and Plaintiffs must produce their expert report no later than September 28, 2012. Plaintiffs make this motion for the reasons that follow:

Catherine Fetner was first designated to testify as a corporate designee for Chase during

---

[1] Plaintiffs request that the Court enter an order requiring the parties to equally share the cost of a Master, who is an available former Judge, currently employed by JAMS in New York City for the purposes of attending and ruling on any disputes at the Fetner deposition on Wednesday.

the course of the *Durmic* (Massachusetts) matter, which is one of the constituent cases consolidated here. Ms. Fetner testified in the *Durmic* proceeding in March of 2011. Following the commencement of this MDL proceeding, Plaintiffs served a 30(b)(6) notice that covered areas of inquiry relating to Plaintiffs' claims in this matter. In response to that 30(b)(6) notice, Chase chose to designate Ms. Fetner a second time, identifying eight (8) separate topics on which she was designated to provide testimony on behalf of Chase. Chase chose July 18, 2012 as an appropriate date for Ms. Fetner's deposition and the parties agreed to proceed on that date. In early July, Chase requested an adjournment of the July 18 date, and Ms. Fetner's deposition was moved to August 14, 2012.

As the Court is well aware from the parties previously filed memoranda on this subject [Docket Nos. 106, 108], Ms. Fetner's deposition on August 14, 2012 was aborted prematurely, as Chase's counsel chose to instruct Ms. Fetner not to answer any questions relating to HAMP issues, even though those questions were, for example, asked in connection with ***documents that had not been produced to Plaintiffs until after the Durmic deposition.*** Chase's improper instructions led Plaintiffs to seek the intervention of the Court through a Motion to Compel that was filed on August 20, 2012. [Docket No. 105.] The Court granted Plaintiffs' Motion to Compel on August 23, 2012, ruling as follows:

> **Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 105 Motion to Compel. While plaintiffs may not revisit matters that have been the subject of testimony at the prior deposition, the court understands that questions of a comparative nature related to HAMP are unavoidable. Defendants will produce Ms. Fetner (or a substitute) for deposition as to the eight (8) topics about which defendants concede that Ms. Fetner was prepared to testify. See Defs.' Opp'n to Mot. to Compel at 11-12. No costs are assessed. (RGS, law3) (Entered: 08/23/2012)**

*See* MDL 2290 Docket. This Order makes clear that while Plaintiffs cannot revisit HAMP issues

that were actually the subject of Ms. Fetner's prior testimony, they can ask questions on subjects and documents relevant to HAMP that have not previously been asked on the eight topics for which Ms. Fetner has been designated in the MDL.

Following the August 23, court Order, Chase waited until September 5 to provide a proposed date for Ms. Fetner's deposition, despite repeated requests for such a date starting with a request sent by email immediately after the Court entered its Order.  Chase finally indicated that Ms. Fetner would be made available on September 19, 2012 in New York City (just nine days prior to the Plaintiffs' deadline for expert disclosures).  Then, after normal business hours on Friday evening, September 14, 2012, Plaintiffs received a letter from Chase's counsel indicating, for the first time, that – notwithstanding the plain language of the Court's August 23, 2012 Order -- Chase intends to instruct Ms. Fetner not to answer "[any] questions that relate solely to HAMP, or questions about documents dealing exclusively with HAMP."  September 14, 2012 Letter from Michael Agoglia to Michael Flannery, attached as Exhibit 1.  Plaintiffs responded on Saturday, September 15, 2012, pointing out that Chase's attempted unilateral limitation was incorrect in light of the plain language of the Court's August 23, 2012 Order, and was particularly inappropriate for documents that were first produced by Chase after Ms. Fetner's deposition in March, 2011.  September 15, 2012 Letter from Michael Flannery to Michael Agoglia, attached as Exhibit 2.  Despite an offer from Plaintiffs to discuss the matter on the telephone on Sunday, September 16, Chase has not responded in any way to Mr. Flannery's September 15 letter, and Plaintiffs take that as a complete rejection of any attempt to compromise on this matter.

Chase's attempt to unilaterally impose this restriction on Ms. Fetner's testimony (and the orderly conduct of that deposition) is entirely inappropriate and the Court should put a stop to it.

Clearly, in its August 23 Order, while the Court prohibited Plaintiffs from "revisit[ing] matters that have been the subject of testimony at the prior [Durmic] deposition," the Court did not impose the limitation Chase now seeks to unilaterally impose. **Indeed, such a limitation makes no sense vis-à-vis documents that Plaintiffs did not have at the time of the Durmic deposition. Nor does it make sense for areas that were not covered in Ms. Fetner's Durmic testimony.**

This unilateral restriction by Chase appears to be nothing more than another, brazen attempt to disrupt the orderly conduct of Ms. Fetner's deposition and to deny Plaintiffs a meaningful opportunity to question Ms. Fetner about important documents in this case, which are likely to provide information crucial to Plaintiffs' class certification arguments. As such, Plaintiffs request that the Court immediately intervene and clarify that, Plaintiffs are not restricted in their questioning with respect to documents that were produced after Ms. Fetner's *Durmic* deposition. In addition, Plaintiffs request a clarification that unless an issue related to HAMP was specifically covered in *Durmic* testimony, Plaintiffs are not restricted from asking such questions by virtue of the March 2011 deposition.

Finally, this latest episode of Chase's inappropriate obstruction of key deposition leads Plaintiffs to request that the Court appoint a Special Master to oversee the conduct of Ms. Fetner's deposition, and to consider appointing that same or another Special Master to oversee all discovery disputes going forward. The appointment of a Special Master is particularly warranted here, where Chase has displayed repeated and persistent efforts to disrupt the testimony of this particular witness, even after Plaintiffs were forced to file a Motion to Compel and – even more stunning – after the Court granted that same motion to compel and ordered the witness to appear and answer questions. Plaintiffs' conclusion is that Chase is undeterred in its

efforts to disrupt this testimony, and the best solution to put that disruption to an end would be the presence (in person or by telephone) of a Special Master.

Recently, Chase has engaged in other conduct designed to obstruct deposition practice prior to the September 28, 2012 expert disclosure deadline including unilaterally cancelling scheduled depositions (Lockhart), dedesignating their corporate witness on written communications associated with loan modification and so far refusing to provide any alternative witnesses (Salts), and disrupting a key deposition by refusing to provide documents requested by a properly promulgated notice (Shine). *See* Plaintiffs' Memorandum in Support of Modification of Scheduling Order with Respect to Expert Deadline [Docket No. 125] at 6-10. In short, Chase is intent on obstructing Plaintiffs from developing a fair discovery record. Such behavior must be addressed by the Court so that Plaintiffs can have an opportunity to prepare one or more expert reports with reasonable insight into Chase's processing of promised loan modifications.

WHEREFORE, Plaintiffs now request that the Court immediately intervene and make clear that Plaintiffs can go forward with Ms. Fetner's deposition without interference and inappropriate instructions not to answer. Plaintiffs also request appointment of a Special Master.

Dated: September 17, 2012                                    Respectfully submitted,

| */s/ Gary E. Klein* | /s/ *Lynn Lincoln Sarko* |
|---|---|
| Gary E. Klein | Lynn Lincoln Sarko |
| Kevin Costello | Gretchen Freeman Cappio |
| Shennan Kavanagh | Gretchen S. Obrist |
| **Klein Kavanagh Costello, LLP** | **Keller Rohrback, L.L.P.** |
| 85 Merrimac Street | 1201 Third Ave., Ste 3200 |
| Boston, MA 02114 | Seattle, WA 98101 |
| | |
| Phone: (617) 357-5500 | Phone: (206) 623-1900 |
| Fax: (617) 357-5030 | Fax: (206) 623-3384 |
| Email: klein@kkcllp.com | Email: lsarko@kellerrohback.com |
| Email: costello@ kkcllp.com | Email: gcappio@kellerrohrback.com |

| | |
|---|---|
| Email: kavanagh@ kkcllp.com | Email: gobrist@kellerrohrback.com |
| */s/ Charles E. Schaffer*<br>Charles E. Schaffer<br>**Levin, Fishbein, Sedran & Berman**<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br><br>Phone: (215) 592-1500<br>Fax: (215) 592-4663<br>Email: cschaffer@lfsblaw.com | */s/ Jonathan W. Cuneo*<br>Jonathan W. Cuneo<br>Alexandra Warren<br>**Cuneo Gilbert & LaDuca, LLP**<br>507 C Street, NE<br>Washington, DC 2002<br><br>Phone: (202) 789-3960<br>Fax: (202) 789-1813<br>Email: jonc@cuneolaw.com<br>Email: awarren@cuneolaw.com |
| ***Interim Co-Lead Counsel for Plaintiffs*** | |

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I hereby certify that Plaintiffs' counsel sought the assent of counsel for Defendants prior to filing this Motion. Chase is opposed to the relief sought herein.

*/s/ Gary Klein*
Gary Klein

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on September 17, 2012.

*/s/ Gary Klein*
Gary Klein