*EXHIBIT 2*



300 N. Tucker Blvd #801
St. Louis, MO 63101
Tel (202) 789-3960
Fax (202) 789-1813
contact@cuneolaw.com
www.cuneolaw.com

September 15, 2012

**VIA E-MAIL**

Michael J. Agoglia, Esq.
Morrison Foerster
425 Market Street
San Francisco, CA  94105

      Re:    *In re JP Morgan Chase Mortgage Modification Litigation*, MDL 2290
              Deposition of Catherine Fetner

Dear Michael,

      We received your letter on Friday night by e-mail at 9:20 p.m. Eastern standard time. We disagree with several issues you've raised in the letter, regarding the scope of Ms. Fetner's testimony, as well as the import of the Court's August 23 Order granting Plaintiffs' motion to compel.

      First, we don't agree that the deposition is limited to 5 hours. Your improper instructions to Ms. Fetner began shortly after the start of the August 14 deposition and infected the entirety of that proceeding. Plaintiffs plan to take the 7 hours they are allowed under the Federal Rules.

      Second, your renewed attempt to limit the scope of the questioning is also inappropriate and, if necessary, we will ask the Court to clarify this to prevent a further disruption of the proceedings. Beyond your restatement of the topics of the deposition – which are undisputed -- it is telling that you did not produce the Court's actual order. Here is what the Court actually said:

> **Judge Richard G. Stearns: ELECTRONIC ORDER entered granting 105 Motion to Compel. While plaintiffs may not revisit matters that have been the subject of testimony at the prior deposition, the court understands that questions of a comparative nature related to HAMP are unavoidable. Defendants will produce Ms. Fetner (or a substitute) for deposition as to the eight (8) topics about which defendants concede that Ms. Fetner was prepared to testify. See Defs.' Opp'n to Mot. to Compel at 11-12. No costs are assessed. (RGS, law3) (Entered: 08/23/2012)**

      Importantly, the Court did not prohibit – in a limitation that you now seek to unilaterally and inappropriately impose – "questions that relate solely to HAMP, or

questions about documents dealing exclusively with HAMP." Instead, the Court prohibited "revisit[ing] matters that have been the subject of testimony at the prior deposition." It would be entirely appropriate – as Plaintiffs pointed out in their motion to compel – to question Ms. Fetner about, for example, documents that were produced *after* Ms. Fetner was initially deposed in the *Durmic* matter, regardless of their content. We intend to do so. We believe that instructions not to answer in that context would be – once again – inappropriate.

In light of the applicable time pressure, this letter constitutes our meet and confer position on this issue, though we can speak by telephone tomorrow if there is reason to do so. Unless you acknowledge that your proposed limitation on this deposition was incorrectly stated, we expect to file a motion to resolve this matter as early as possible on Monday. Given your persistent effort to inappropriately limit this testimony, even after having been directed by the Court on the proper scope of deposition, we reserve the right to ask the Court to appoint a special master to attend the deposition. Also, we will be providing you with an Amended Notice of Deposition shortly.

Very truly yours,

Michael J. Flannery

cc: Plaintiffs' Co-Lead Counsel (via e-mail)