UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 11-md-02290-RGS

IN RE: JPMORGAN CHASE
MORTGAGE MODIFICATION LITIGATION

ORDER ON PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

September 21, 2012

STEARNS, D.J.

On September 4, 2012, plaintiffs submitted a Motion to Compel Defendants JPMorgan Chase Bank, N.A., Chase Home Finance, LLC, and EMC Mortgage Corp. (collectively "Chase"), to produce various categories of information. Based upon consideration of the parties' submissions, plaintiffs' motion is <u>GRANTED</u> in part and <u>DENIED</u> in part, as set forth below.

1. Plaintiffs seek to compel the previously-ordered production of loan level modification data for the named plaintiffs in a non-static usable format, as well as the production of such data for a 500-member sample of each of the 17 putative classes. Plaintiffs' motion is granted with respect to the named plaintiffs. Chase is further ordered to produce the data requested in RFP Nos. 56, 63, and 70, in a non-static usable format, for a randomly selected sample of 50 putative class members for each proposed class. At the defendants' option, private identifying information may be

redacted from the documents produced, in which case a unique identifier shall be substituted, or instead be designated and treated as confidential under the protective order entered in this action. In the event that Chase elects the latter option, the data is restricted to internal use by the attorneys of record in this action only, except by prior permission of the court.

    2. Plaintiffs seek the production of documents referred to by Chase employee-declarants in declarations filed with the court, as well as an opportunity to depose the declarants who generated or relied on them. The court notes that the parties represent that defendants have provided the material relied upon by Ms. Shine. Inasmuch as plaintiffs have failed to identify and explain the relevance of any other document, their request is denied. The court further denies plaintiffs' request to recommence the deposition of Ms. Shine.

    3. Plaintiffs seek the production of existing internal spreadsheets, reports, and audits that include either individual or aggregate data pertaining to HAMP and other mortgage modification programs. The court notes that Chase has agreed to produce, and has begun to produce, reports regarding such programs. Such production shall continue in a timely manner.

4. Plaintiffs request the production of all documents provided by Chase to any government agency or regulator related to the mortgage modification policies,

practices, and procedures at issue in this litigation. The court notes that Chase has represented that it is in the process of producing on a rolling basis non-privileged final audit findings from government agencies regarding the speed or accuracy of Chase's process for evaluating borrowers for mortgage loan modifications and its communications to these borrowers regarding that process, as well as formal communications with government entities on the subject. The court is satisfied with this response and directs Chase to produce without delay any remaining documents to which no privilege is claimed and a privilege log detailing those claimed to be protected by one or more privilege.

5. The court's June 1, 2012 order on plaintiffs' previous motion to compel ordered production of documents by Chase memorializing all HAMP-related complaints from borrowers that have been kept by Chase in its regular course of business. While Chase has provided various aggregate and summary information regarding these complaints, plaintiffs seek production of the original complaint records. The court denies this request as overly broad and burdensome. It will, however, entertain a request for a reasonable sampling. Consistent with the court's July 27, 2012 memorandum and order on defendants' motion to dismiss, Chase is ordered to produce aggregate information on complaints regarding non-HAMP mortgage modification programs. Chase will also produce a Rule 30(b)(6) witness to testify as to the manner

in which complaints from borrowers were processed.

6. In its June 1, 2012 order, the court denied plaintiffs' request for production of every "email, draft, commentary, and analysis" as "overbroad, excessively burdensome, and likely to delay the progress of litigation without conferring any corresponding benefit in terms of shaping plaintiffs' case." Plaintiffs now move to compel the production of these items with respect to 20 or fewer custodians and 75 search terms. The court grants the motion, but limits production to the emails of 10 custodians designated by plaintiffs and orders the parties to confer and identify appropriate search terms.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE