UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: JP MORGAN CHASE MORTGAGE MODIFICATION LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Actions | Case No. 11-md-02290-RGS |

DECLARATION OF GREGORY P. DRESSER IN
SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTIONS TO COMPEL AND FOR EXTENSION OF CERTAIN DEADLINES

I, Gregory P. Dresser, declare as follows:

1. I am a partner of the law firm of Morrison & Foerster LLP, counsel of record for Defendants. I have personal knowledge of the matters stated herein, and, if called as a witness, could and would testify competently thereto. I submit this declaration in support of Defendants' Opposition to Plaintiffs' Motion to Compel and Defendants' Opposition to Plaintiffs' Emergency Motion for Extension of Certain Deadlines.

2. In total, Chase has reviewed over 1.45 million pages and produced over 274,215 pages of documents in response to plaintiffs' requests. Chase has produced data from InfoOne, its information repository, which contains approximately 1,536,108 fields of data regarding over 800 loans.

3. From late May through early June 2012, counsel for the parties met and conferred on numerous occasions about 30(b)(6) depositions that plaintiffs desired to take.

4. On June 15, 2012, I participated in a call with plaintiffs' counsel regarding the topics in plaintiffs' 30(b)(6) deposition notice. Plaintiffs' counsel terminated that call before we

1

had addressed all of the issues in dispute. Immediately after plaintiffs' counsel terminated that call, I telephoned two of plaintiffs' counsel and stated that I was prepared to meet and confer on the other unresolved issues.

5. As to the issues in plaintiffs' 30(b)(6) notice that are the subject of the motion to compel, plaintiffs waited until September 2012 (nearly three months later) to engage in substantive discussions on the topic.

6. Chase has been producing reports and spreadsheets on a rolling basis beginning not later than August 31, 2012. Chase has produced hundreds of different reports and spreadsheets in this case. Chase has produced approximately 850 Excel documents alone. On November 2, 2012, Chase produced responsive reports from the list of reports mentioned at the deposition of Karen Shine, to the extent those reports had not already been produced. Those reports produced on November 2 only date back to 2011. In other words, those reports did not exist before 2011.

7. Plaintiffs took Ms. Shine's deposition on August 23, 2012, at which time they had ample opportunity to question her about the substance or use of the reports that she maintains, and indeed did so.

8. I understand that, on October 29, 2012, Alexandria Amezcua, counsel for Chase, explained to plaintiffs' counsel that it had produced, without redaction, findings regarding the speed or accuracy of its process for evaluating borrowers for modification and its communications to borrowers regarding the same, but that it had redacted—as contemplated by the Protective Order—highly sensitive audit findings regarding non-responsive topics such as escrows, hazard insurance, tax adjustments and investor reporting. Plaintiffs' counsel did not state that they had a problem with such redactions.

9. The average length of a named plaintiff's loan file in this case is 3,850 pages. The files range from 1,429 and 7,257 pages. Chase has produced, at plaintiffs' request, electronic data pulled from InfoOne, which contains over 77,691 fields (893 rows x 87 columns) about the named plaintiffs alone.

10. At least 21 of the named plaintiffs have loan files from lenders other than Chase, including EMC and Washington Mutual.

11. Chase has produced 2,960 documents with the term "FDCPA" or the phrase "Fair Debt Collection Practices Act."

12. I am informed by the information technology professionals involved in collecting the Chase email for production in this action that the emails being collected amount to approximately 116 gigabytes of data, and that one gigabyte of data contains, on average, 100,099 pages of email files. Thus, 116 gigabytes of data would equal approximately 11,600,000 pages of emails.

13. Attached as Exhibit 1 is a true and correct copy of Plaintiffs' Notice of Taking Deposition of Defendant J.P. Morgan Chase Bank, N.A., Through Designated Witnesses Pursuant to Fed. Rule Civ. P. 30(b)(6), dated January 6, 2011 in the *Durmic*[1] matter.

14. Attached as Exhibit 2 is a true and correct copy of excerpts from the deposition transcript of Catherine Fetner, taken on March 30, 2011 in the *Durmic* matter (under seal).

15. Attached as Exhibit 3 is a true and correct copy of Defendant JPMorgan Chase Bank, N.A.'s Response and Objections to Plaintiffs' Notice of Rule 30(b)(6) Deposition of JPMorgan Chase Bank, N.A., dated April 27, 2012.

---

[1] That action is currently captioned as *Treannie, et al. v. JPMorgan Chase Bank, N.A.*, No. 1:10-cv-10380 (D. Mass. filed Mar. 3, 2010) and is now consolidated as part of the MDL.

16. Attached as Exhibit 4 is a true and correct copy of Defendant JPMorgan Chase, N.A.'s First Amended Responses to Plaintiffs' First Request for Production of Documents, dated May 18, 2012.

17. Attached as Exhibit 5 is a true and correct copy of a letter from Rita Lin to Gretchen Obrist, dated June 5, 2012, regarding meeting and conferring on 30(b)(6) topics.

18. Attached as Exhibit 6 is a true and correct copy of a letter from Ms. Obrist to Ms. Lin, dated June 8, 2012, responding to Ms. Lin's June 5, 2012 letter.

19. Attached as Exhibit 7 is a true and correct copy of the following excerpts from the deposition transcript of Karen Shine, taken on August 23, 2012 in this matter: 71:10-77:7, 78:20-81:11, 83:7-22, 84:22-87:18, 96:23-97:25, 132:24-133:5, 135:18-23, 137:9-23, 139:4-140:3, 184:24-185:17 (under seal).

20. Attached as Exhibit 8 is a true and correct copy of a chain of emails between me and Mr. Klein, dated between August 21, 2012 and August 27, 2012, further responding regarding the production of emails.

21. Attached as Exhibit 9 is a true and correct copy of a letter from Ms. Obrist to me, dated September 7, 2012, regarding the designation of witnesses on the Plaintiffs' Notice of Rule 30(b)(6) Deposition Areas of Inquiry Nos. 17, 18 19, 23, 20, 23, 24, and 25.

22. Attached as Exhibit 10 is a true and correct copy of a letter from Wendy Garbers to Mr. Klein, dated September 17, 2012, enclosing a screenshot of the pivot table from a worksheet that was previously produced in redacted form on August 31, 2012 (under seal).

23. Attached as Exhibit 11 is a true and correct copy of letter from Mr. Klein to Michael Agoglia, dated September 17, 2012, sent via email on September 24, 2012, regarding issues cited in the Court's September 21 Order.  The email also attached a document called

4

"Plaintiffs' Proposed Search Terms," which included 60 search terms, excluding Boolean searches. That attachment is included in this exhibit.

24. Attached as Exhibit 12 is a true and correct copy of a letter from me to Gretchen Cappio dated September 25, 2012, responding to her letter dated September 21, 2012, and Ms. Obrist's letter, dated September 7, 2012, regarding Rule 30(b)(6) topics.

25. Attached as Exhibit 13 is a true and correct copy of a letter from Ms. Amezcua to Gary Klein, dated September 26, 2012, responding to Mr. Klein's (misdated) September 24, 2012 letter to Mr. Agoglia.

26. Attached as Exhibit 14 is a true and correct copy of a letter from Ms. Garbers to Mr. Klein, dated October 9, 2012, regarding the October 1, 2012 conference and Ms. Garbers' October 8 letter.

27. Attached as Exhibit 15 is a true and correct copy of an email from Kevin Costello to Ms. Garbers, dated October 10, 2012, responding to Ms. Garber's October 9 letter.

28. Attached as Exhibit 16 is true and correct copy of a letter from Ms. Garbers to Mr. Klein, dated October 15, 2012, regarding the timing of Chase's production of data from its InfoOne data repository.

29. Attached as Exhibit 17 is a true and correct copy of a letter from Ms. Amezcua to Michael Flannery, dated October 18, 2012, requesting, pursuant to Rule 26 and the Protective Order, that plaintiffs return a privileged document that Chase had inadvertently produced and enclosing a substitute, redacted version of the document (under seal).

30. Attached as Exhibit 18 is a true and correct copy of a letter from Mr. Klein to Ms. Garbers and me, dated October 23, 2012, regarding meet and confer telephone calls of October

17, 19 and 22, 2012, regarding discovery issues.  In that letter, plaintiffs requested the production of the results of email sampling for up to 20 custodians, using up to 75 search terms.

31.     Attached as Exhibit 19 is a true and correct copy of a letter from Ms. Amezcua to Mr. Klein, dated October 25, 2012, addressing plaintiffs' questions about fields and codes.

32.     Attached as Exhibit 20 is a true and correct copy of a letter from Ms. Amezcua to Mr. Klein, dated October 29, 2012, regarding plaintiffs' meet and confer agreement.

33.     Attached as Exhibit 21 is a true and correct copy of a letter from Mr. Klein to Ms. Amezcua, dated October 31, 2012, responding to Ms. Amezcua's October 29 letter.

34.     Attached as Exhibit 22 is a true and correct copy of an email from Caitlin Wong to Ms. Cappio, dated November 1, 2012, providing links to download a letter from Ms. Kleine (see Exhibit 23 hereto) and a zip file, which included two Excel documents containing InfoOne data.

35.     Attached as Exhibit 23 is a true and correct copy of a letter from Angela Kleine to Ms. Cappio and copying Mr. Klein, dated November 1, 2012, enclosing the two Excel documents containing InfoOne data.

36.     Attached as Exhibit 24 is a true and correct copy of an automatically-generated receipt email, dated November 1, 2012, notifying Ms. Wong that Mr. Klein had downloaded the two Excel documents containing InfoOne data.

37.     Attached as Exhibit 25 is a true and correct copy of an email from Ms. Obrist to Ms. Amezcua and me, dated November 5, 2012, regarding audio files and complaints.

38.     Attached as Exhibit 26 is a true and correct copy of an email from Mr. Klein to Ms. Amezcua, dated November 6, 2012, regarding data samples that Chase had produced on November 1, 2012.

6

39. Attached as Exhibit 27 is a true and correct copy of a letter from Ms. Amezcua to Mr. Klein, dated November 8, 2012, responding to Mr. Klein's November 6, 2012 email regarding data samples and purported outstanding discovery issues.

40. Attached as Exhibit 28 is a true and correct copy of an email from Mr. Klein to Ms. Kleine, dated November 12, 2012, requesting a conference on the reports and spreadsheets produced on November 2, 2012.

41. Attached as Exhibit 29 is a true and correct copy of a letter to Bonnie Kuenning, from Steve Solof, Chase Vice President, Risk Administration, dated March 31, 2009, Bates labeled CHASE_MDL LIT_00267016- 00267021, designated as "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" (under seal).

42. Attached as Exhibit 30 is a true and correct copy of a report called "Chase/WaMu Site Visit and Servicing Review Packet, August 9-11, 2010," Bates labeled CHASE_MDL LIT_00267170-00267188, designated as "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" (under seal).

43. Attached as Exhibit 31 is a true and correct copy of a report called "Servicer Review: Chase Home Lending Services Group," dated August 2011, Bates labeled CHASE_MDL LIT_00266892 – 00266969, designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (under seal).

44. Attached as Exhibit 32 is a true and correct copy of a spreadsheet originally produced in native format called "Daily Consolidated Executive Dashboard," Bates labeled CHASE_MDL LIT_00273579, designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (under seal).

45. Attached as Exhibit 33 is a true and correct copy of document Bates labeled CHASE_MDL LIT_00023370 – CHASE_MDL LIT_00023376, with privacy redactions.

46. Attached as Exhibit 34 is a true and correct copy of a document Bates labeled CHASE_MDL LIT_00049409 – CHASE_MDL LIT_0049418, with privacy redactions.

47. Attached as Exhibit 35 is a true and correct copy of a spreadsheet originally produced in native format, Bates labeled CHASE_MDL LIT_00192234, designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (under seal).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 16th day of November 2012 in San Francisco, California.

/s/ Gregory P. Dresser
Gregory P. Dresser

sf-3217990