# Exhibit 3

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In Re: JPMorgan Chase Mortgage
Modification Litigation

MDL Docket No. 2290

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE AND OBJECTIONS
TO PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION
OF JPMORGAN CHASE BANK, N.A.**

Pursuant to Federal Rule of Civil Procedure 30, Defendant JPMorgan Chase Bank, N.A. ("Chase") hereby submits the following objections and responses to plaintiffs' Notice of Taking Deposition of Defendant JPMorgan Chase Bank, N.A., through Designated Witnesses Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Deposition Notice"), dated March 29, 2012.

**GENERAL OBJECTIONS**

1.    Chase objects to the Deposition Notice and each Request for Production on the ground that they are vague and ambiguous and on the ground that the Deposition Notice fails to describe the topics on which testimony is sought with the "reasonable particularity" required by Rule 30(b)(6).

2.    Chase objects that the Deposition Notice was sent without consultation regarding scheduling, and that the date, time, and place noticed are not convenient for counsel and are burdensome and oppressive to the witnesses.

3.    Chase objects to each of Plaintiffs' purported "definitions" as requiring words to be construed in a manner other than their plain meaning. To the extent Chase adopts or uses any terms or phrase defined by Plaintiffs, it does so solely for convenience in responding to this notice. Chase does not accept or concede that any of the terms or definitions is appropriate, descriptive, or accurate.

4. Chase objects to Plaintiffs' definition of "Defendant," "Defendants," "J.P. Morgan Chase," "Chase," "You," and "Your," as vague, ambiguous, overly broad, and unduly burdensome because it seeks testimony and documents regarding entities that are not parties to this litigation.

5. Chase objects to Plaintiffs' definition of "Relevant Time Period" as overbroad and unduly burdensome.

6. Chase objects to Plaintiffs' definition of "Modification" as vague, ambiguous, overbroad, and unduly burdensome. Among other things, this definition is vague and ambiguous as to the phrases "terms" and "temporarily."

7. Chase objects to Plaintiffs' definition of "Modification Program" as vague, ambiguous, overbroad, and unduly burdensome. Among other things, this definition is overbroad and unduly burdensome as to the phrase "Temporary Payment Agreement" and vague and ambiguous as to the term "can or has resulted in a Modification."

8. Chase objects to Plaintiffs' definition of "Temporary Payment Agreement" as overbroad and unduly burdensome. Among other things, this definition is overbroad and unduly burdensome as to the phrases "forbearance agreements," "forbearance plans," "repayment agreements," and "repayment plans."

9. Chase states that its responses and objections to the Deposition Notice and each Request will be based solely on the information available to it at the time of this response. Chase specifically reserves the right to supplement, amend, or modify its objections, responses, and production.

10. Chase objects to the Deposition Notice and each Request to the extent that they purport to impose obligations that are greater than those imposed by the Federal Rules of Civil Procedure.

11. Chase objects to the Deposition Notice as violating the Court's November 28, 2011 Order prohibiting parties from seeking to re-depose a party previously deposed in connection with any of the MDL cases, except to the extent that the party was produced for a

limited purpose or on a limited basis, as previously agreed to by the parties. Chase already provided 30(b)(6) deposition testimony on many of the same or overlapping topics in *Durmic, et al. v. J.P. Morgan Chase Bank, N.A.*, No. 1:10-cv-10380-RGS (D. Mass.).

### SPECIFIC RESPONSES AND OBJECTIONS TO DEPOSITION TOPICS

Subject to and without waiving Chase's General Objections set forth above, and subject to the specific objections stated with respect to particular areas of inquiry, Chase responds as follows:

### AREA OF INQUIRY NO. 1:

Your policies, practices and procedures Related to Your participation in and implementation of HAMP.

### RESPONSE TO AREA OF INQUIRY NO. 1:

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase objects to this Area of Inquiry on the ground that it is overbroad and unduly burdensome, particularly in its use of the term "implementation of HAMP." It is impracticable for any witness to memorize every single policy, practice, or procedure related to HAMP. Chase further objects to this Area of Inquiry because it seeks to re-depose Chase regarding testimony already provided in *Durmic, et al. v. J.P. Morgan Chase Bank, N.A.*

### AREA OF INQUIRY NO. 2:

Your policies, practices and procedures Related to Your operation and administration of HAMP and/or Modification Programs, including, without limitation, Your policies, practices and procedures Related to Your processing, handling, and storage of applications, payments, forms, Documents, and Correspondence from Borrowers Related to HAMP and/or other Modification Programs.

### RESPONSE TO AREA OF INQUIRY NO. 2:

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase objects to this Area of Inquiry on the ground that it is overbroad and unduly burdensome, particularly in its use of the term "operation and administration of HAMP

and/or Modification Programs." It is impracticable for any witness to memorize every single policy, practice, or procedure related to operation and administration of HAMP and non-HAMP modification programs, as well as the myriad programs that involve temporary changes to a borrower's payment obligations. Chase further objects to this Area of Inquiry because it seeks to re-depose Chase regarding testimony already provided in *Durmic, et al. v. J.P. Morgan Chase Bank, N.A.* Moreover, pending resolution of the motion to dismiss, Chase objects to this Area of Inquiry as overbroad, unduly burdensome, and irrelevant.

Subject to the above objections, Chase responds that it will produce a witness to provide general testimony regarding the policies, practices, and procedures for evaluating borrower applications for non-HAMP modifications.

**AREA OF INQUIRY NO. 3:**

Your policies, practices and procedures Related to determining eligibility for HAMP and/or other Modification Programs.

**RESPONSE TO AREA OF INQUIRY NO. 3:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase further objects to this Area of Inquiry as overbroad and unduly burdensome. It is impracticable for any witness to memorize every single policy, practice, or procedure related to determining eligibility for HAMP and non-HAMP modification programs, as well as the myriad programs that involve temporary changes to a borrower's payment obligations. Chase further objects to this Area of Inquiry because it seeks to re-depose Chase regarding testimony already provided in *Durmic, et al. v. J.P. Morgan Chase Bank, N.A.*

Subject to the above objections, Chase responds that it will produce a witness to provide general testimony regarding the policies, practices, and procedures for determining eligibility for non-HAMP modifications.

**AREA OF INQUIRY NO. 4:**

Your policies, practices and procedures Related to Communicating with Borrowers about their applications and eligibility for HAMP and/or other Modification Programs.

**RESPONSE TO AREA OF INQUIRY NO. 4:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase further objects to this Area of Inquiry because it is overbroad and unduly burdensome. It is impracticable for any witness to memorize every single policy, practice, and procedure for communicating with borrowers about their applications or eligibility for HAMP and non-HAMP modification programs, as well as the myriad programs that involve temporary changes to a borrower's payment obligations.

Subject to the above objections, Chase responds that it will produce a witness to provide general testimony regarding the policies, practices, and procedures for communicating with borrowers about their applications for HAMP and non-HAMP modifications and their eligibility for such modifications.

**AREA OF INQUIRY NO. 5:**

The Net Present Value ("NPV") Test and/or any other formula(e), processes(es) or calculation(s) used to determine Borrowers' eligibility for HAMP and/or other Modification Programs.

**RESPONSE TO AREA OF INQUIRY NO. 5:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase further objects to this Area of Inquiry because it is overbroad and unduly burdensome. It is impracticable for any witness to memorize every single element of the NPV formulas or every single aspect of the criteria used to determine HAMP or non-HAMP modification eligibility, let alone eligibility for the myriad programs that involve temporary changes to a borrower's payment obligations. Chase further objects to this Area of Inquiry because it seeks to re-depose Chase regarding testimony already provided in *Durmic, et al. v. J.P. Morgan Chase Bank, N.A.*

Subject to the above objections, Chase responds that it will produce a witness to provide general testimony regarding the NPV Test and other formulas or calculations used to determine borrowers' eligibility for non-HAMP modifications.

**AREA OF INQUIRY NO. 6:**

The "Waterfall" and/or any other formula(e), process(es) or calculation(s) used to determine the payment amount and terms of Modification offered to Borrowers.

**RESPONSE TO AREA OF INQUIRY NO. 6:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase further objects to this Area of Inquiry because it is overbroad and unduly burdensome. It is impracticable for any witness to memorize every single element of the Waterfall or other formulas, processes, or calculations used determine the terms of HAMP or non-HAMP permanent modifications. Chase further objects to this Area of Inquiry because it seeks to re-depose Chase regarding testimony already provided in *Durmic, et al. v. J.P. Morgan Chase Bank, N.A.*

Subject to the above objections, Chase responds that it will produce a witness to provide general testimony regarding the formulas or calculations used to determine the terms of non-HAMP modifications offered to borrowers.

**AREA OF INQUIRY NO. 7:**

Any other formula(e), process(es) or calculation(s) used for determining new principal balance, deferred principal, interest rates or other loan terms Related to temporary and permanent modifications under HAMP and/or other modification Programs.

**RESPONSE TO AREA OF INQUIRY NO. 7:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase further objects to this Area of Inquiry because it is overbroad and unduly burdensome. It is impracticable for any witness to memorize every single element of the formulas or criteria used to determine the terms of HAMP or non-HAMP permanent modifications, let alone eligibility for the myriad programs that involve temporary changes to a borrower's payment obligations. Chase further objects to this Area of Inquiry because it seeks to re-depose Chase regarding testimony already provided in *Durmic, et al. v. J.P. Morgan Chase Bank, N.A.*

Subject to the above objections, Chase responds that it will produce a witness to provide general testimony regarding the formulas and calculations used for determining the terms of non-HAMP modifications.

**AREA OF INQUIRY NO. 8:**

The requirements and limitations, if any, imposed by Your contracts with investors, Government-Sponsored Enterprises (GSEs), the Federal Housing Administration and/or the U.S. Department of Veterans Affairs, or any agents, agencies, or departments of the aforementioned entities, Related to modifying Borrowers' mortgages.

**RESPONSE TO AREA OF INQUIRY NO. 8:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase further objects to this Area of Inquiry because it is overbroad and unduly burdensome. It is impracticable for any witness to memorize every single requirement or limitation imposed by investors, GSEs, agencies, or any other entities regarding mortgage modifications. Chase further objects to this Area of Inquiry because it seeks to re-depose Chase regarding testimony already provided in *Durmic, et al. v. J.P. Morgan Chase Bank, N.A.* Chase also objects to this Area of Inquiry as seeking information about investor restrictions that is publicly available and thus equally available to the plaintiffs.

**AREA OF INQUIRY NO. 9:**

Your policies, practices and procedures Related to soliciting or confirming third-party approval of Modifications including, without limitation, approval by, investors, Government-Sponsored Enterprises (GSEs), the Federal Housing Administration and/or the U.S. Department of Veterans Affairs, or any agents, agencies, or departments of the aforementioned entitites.

**RESPONSE TO AREA OF INQUIRY NO. 9:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase further objects to this Area of Inquiry because it is overbroad and unduly burdensome. It is impracticable for any witness to memorize every single policy, procedure, and practice regarding third-party approval of mortgage modifications. Chase further objects to this

Area of Inquiry because it seeks to re-depose Chase regarding testimony already provided in *Durmic, et al. v. J.P. Morgan Chase Bank, N.A.* Chase also objects to this Area of Inquiry as seeking information about investor restrictions that is publicly available and thus equally available to the plaintiffs.

**AREA OF INQUIRY NO. 10:**

Your policies, practices and procedures for communicating with third-parties concerning your Modification Programs including, without limitation, communications with, investors, the United States Department of the Treasury, the Office of the Comptroller of the Currency, state Attorneys General, regulators, Government-Sponsored Enterprises (GSEs), the Federal Housing Administration and/or the U.S. Department of Veterans Affairs, or any agents, agencies, or departments of the aforementioned entities as well as the substance of those communications.

**RESPONSE TO AREA OF INQUIRY NO. 10:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase objects to this Area of Inquiry as seeking information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to admissible evidence. Chase further objects to this Area of Inquiry because it is overbroad and unduly burdensome. It is impracticable for any witness to memorize the "substance" of all communications with the entities listed and every single policy, practice, or procedure regarding such communications. Chase further objects to this Area of Inquiry because it seeks to re-depose Chase regarding testimony already provided in *Durmic, et al. v. J.P. Morgan Chase Bank, N.A.* Chase also objects to this Area of Inquiry as seeking information about investor restrictions that is publicly available and thus equally available to the plaintiffs.

**AREA OF INQUIRY NO. 11:**

Your policies, practices and procedures for hiring, supervising, training, managing, auditing, and/or terminating vendors who perform functions for you associated with Modification Programs.

**RESPONSE TO AREA OF INQUIRY NO. 11:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase objects to this Area of Inquiry as seeking information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to admissible evidence. Chase further objects to this Area of Inquiry because it is vague, ambiguous, overbroad and unduly burdensome, particularly in its use of the term "functions . . . associated with Modification Programs." It is impracticable for any witness to memorize details regarding every single vendor used by Chase in any area that could be applicable to permanent modifications or the myriad programs that involve temporary changes to a borrower's payment obligations. Chase further objects to this Area of Inquiry because it seeks to re-depose Chase regarding testimony already provided in *Durmic, et al. v. J.P. Morgan Chase Bank, N.A.* Chase further objects to this Area of Inquiry as seeking confidential business information of third parties. Moreover, pending resolution of the motion to dismiss, Chase objects to this Area of Inquiry as overbroad, unduly burdensome, and irrelevant.

**AREA OF INQUIRY NO. 12:**

Your policies, practices and procedures Related to imposing fees and charges on borrowers' accounts after they have applied for and/or been approved for Modifications and/or after they have entered into Modifications.

**RESPONSE TO AREA OF INQUIRY NO. 12:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase objects to this Area of Inquiry as seeking information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to admissible evidence. Chase further objects to this Area of Inquiry because it is vague, ambiguous, overbroad and unduly burdensome, particularly in its reference to fees and charges applied to accounts once the modification process has been completed. It is impracticable for any witness to memorize every single policy, procedure, and practice regarding imposing fees and charges on borrowers' accounts after they have applied for, been approved for, or entered into a modification. Chase further objects to this Area of Inquiry because it seeks to re-depose Chase regarding testimony

already provided in *Durmic, et al. v. J.P. Morgan Chase Bank, N.A.* Moreover, pending resolution of the motion to dismiss, Chase objects to this Area of Inquiry as overbroad, unduly burdensome, and irrelevant.

**AREA OF INQUIRY NO. 13:**

Your policies, practices and procedures for credit reporting associated with the Accounts of Borrowers who have applied for and/or received Modifications.

**RESPONSE TO AREA OF INQUIRY NO. 13:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase objects to this Area of Inquiry as seeking information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to admissible evidence. Chase further objects to this Area of Inquiry because it is vague, ambiguous, overbroad and unduly burdensome, particularly in its reference to credit reporting on accounts once the modification process has been completed. It is impracticable for any witness to memorize every single policy, procedure, and practice for credit reporting related to the accounts of borrowers who have applied for or received modifications. Moreover, pending resolution of the motion to dismiss, Chase objects to this Area of Inquiry as overbroad, unduly burdensome, and irrelevant.

**AREA OF INQUIRY NO. 14:**

Your policies, practices and procedures Related to the establishment and management of Borrower escrow and suspense accounts Related to HAMP and/or other Modification Programs.

**RESPONSE TO AREA OF INQUIRY NO. 14:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase objects to this Area of Inquiry as seeking information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to admissible evidence. Chase further objects to this Area of Inquiry because it is overbroad and unduly burdensome. It is impracticable for any witness to memorize every single policy, procedure, and practice relating to the creation and management of borrower escrow and suspense accounts. Chase further objects to this Area of Inquiry because it seeks to re-depose Chase regarding testimony

already provided in *Durmic, et al. v. J.P. Morgan Chase Bank, N.A.* Moreover, pending resolution of the motion to dismiss, Chase objects to this Area of Inquiry as overbroad, unduly burdensome, and irrelevant.

**AREA OF INQUIRY NO. 15:**

Your policies, practices and procedures Related to managing, supervising, monitoring, and training Your Employees involved in HAMP and/or other Modification Programs.

**RESPONSE TO AREA OF INQUIRY NO. 15:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase objects to this Area of Inquiry as seeking information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to admissible evidence. Chase further objects to this Area of Inquiry because it is overbroad and unduly burdensome. It is impracticable for any witness to memorize every single policy, procedure, and practice regarding managing, supervising, monitoring, and training employees involved in modifications or the myriad programs that involve temporary changes to a borrower's payment obligations. Moreover, pending resolution of the motion to dismiss, Chase objects to this Area of Inquiry as overbroad, unduly burdensome, and irrelevant.

**AREA OF INQUIRY NO. 16:**

The identity, title, and department of each individual who is responsible for implementing Your policies, practices, and procedures Related to HAMP and/or other Modification Programs.

**RESPONSE TO AREA OF INQUIRY NO. 16:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase further objects to this Area of Inquiry because it is overbroad and unduly burdensome. It is impracticable for any witness to memorize the full names, specific titles, and departments of all the individuals who are in any way responsible for implementing policies, practices, and procedures that are in any way related to modifications or the myriad programs that involve temporary changes to a borrower's payment obligations.

Subject to the above objections, Chase responds that it will produce a witness to provide general testimony identifying the main personnel responsible for setting policies regarding the determination of borrowers' eligibility for HAMP and non-HAMP modifications, and communications with borrowers about the application process.

**AREA OF INQUIRY NO. 17:**

Your policies, practices and procedures for assuring compliance with HAMP, including, without limitation, internal, governmental and third-party audits of your compliance with HAMP and/or other Modification Programs.

**RESPONSE TO AREA OF INQUIRY NO. 17:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase objects to this Area of Inquiry as seeking information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to admissible evidence. Chase further objects to this Area of Inquiry because it is overbroad and unduly burdensome. It is impracticable for any witness to memorize every single policy, practice, and procedure for assuring compliance with HAMP and every single audit performed regarding modifications or the myriad programs that involve temporary changes to a borrower's payment obligations. Chase further objects to this Area of Inquiry because it seeks to re-depose Chase regarding testimony already provided in *Durmic, et al. v. J.P. Morgan Chase Bank, N.A.* Moreover, pending resolution of the motion to dismiss, Chase objects to this Area of Inquiry as overbroad, unduly burdensome, and irrelevant.

**AREA OF INQUIRY NO. 18:**

Any and all reports, studies, internal or external audits and/or other types of evaluations You conduct Related to Your compliance with HAMP and/or other Modification Programs.

**RESPONSE TO AREA OF INQUIRY NO. 18:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase objects to this Area of Inquiry as seeking information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to admissible evidence.

Chase further objects to this Area of Inquiry because it is overbroad and unduly burdensome. It is impracticable for any witness to memorize every report, audit, or evaluation related in some way to mortgage modifications or the myriad programs that involve temporary changes to a borrower's payment obligations. Moreover, pending resolution of the motion to dismiss, Chase objects to this Area of Inquiry as overbroad, unduly burdensome, and irrelevant.

**AREA OF INQUIRY NO. 19:**

All forms of Communication with Plaintiffs and Borrowers who have applied for or received a Modification.

**RESPONSE TO AREA OF INQUIRY NO. 19:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase objects to this Area of Inquiry as vague and ambiguous and failing to describe the topic with reasonable particularity. For example, it is not clear what is sought to be discovered regarding the forms of communication with borrowers, beyond the documents themselves, which are the subject of existing requests for production. Chase further objects to this Area of Inquiry as overbroad and unduly burdensome. It is impracticable for any witness to memorize every detail about every single communication involving Plaintiffs or all of the forms of communications used with Borrowers who have applied for or received a modification.

**AREA OF INQUIRY NO. 20:**

Plaintiffs' Modifications, Accounts and Account records.

**RESPONSE TO AREA OF INQUIRY NO. 20:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase objects to this Area of Inquiry as vague and ambiguous and failing to describe the topic with reasonable particularity. For example, it is not clear what is sought to be discovered regarding plaintiffs' accounts. Chase further objects to this Area of Inquiry as overbroad and unduly burdensome. It is impracticable for any witness to memorize every detail about every aspect of each of the Plaintiffs' modifications, accounts, and account records.

**AREA OF INQUIRY NO. 21:**

Your policies, practices, procedures and systems used to report about Borrowers to the federal Department of the Treasury or other governmental agencies in connection with Borrower's applications for Modifications under HAMP and/or other Modification Programs.

**RESPONSE TO AREA OF INQUIRY NO. 21:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase further objects to this Area of Inquiry because it is vague, ambiguous, overbroad and unduly burdensome, particularly in its use of the term "systems used to report about Borrowers." It is impracticable for any witness to memorize every single policy, practice, or procedure for reporting to government agencies about modification programs. Chase further objects to this Area of Inquiry because it seeks to re-depose Chase regarding testimony already provided in *Durmic, et al. v. J.P. Morgan Chase Bank, N.A.*

**AREA OF INQUIRY NO. 22:**

All electronic system(s) You use that Relate to HAMP and/or other Modification Programs, including, without limitation, electronic storage of data, Communications and Documents Related to Modifications and Modification applications.

**RESPONSE TO AREA OF INQUIRY NO. 22:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase objects to this Area of Inquiry as vague and ambiguous and failing to describe the topic with reasonable particularity. For example, it is not clear what is sought to be discovered regarding the electronic systems. Chase further objects to this Area of Inquiry because it is overbroad and unduly burdensome. It is impracticable for any witness to memorize all potential elements of "[a]ll electronic systems" related in any way to HAMP or other modification programs. Chase further objects to this Area of Inquiry because it seeks to re-depose Chase regarding testimony already provided in *Durmic, et al. v. J.P. Morgan Chase Bank, N.A.* Moreover, pending resolution of the motion to dismiss, Chase objects to this Area of Inquiry as overbroad, unduly burdensome, and irrelevant.

**AREA OF INQUIRY NO. 23:**

Your policies, practices and procedures for investigating and/or reviewing Borrowers' inquiries and/or complaints concerning HAMP and/or other Modification Programs.

**RESPONSE TO AREA OF INQUIRY NO. 23:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase objects to this Area of Inquiry as seeking information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to admissible evidence. Chase further objects to this Area of Inquiry because it is overbroad and unduly burdensome. It is impracticable for any witness to memorize every single, policy, practice, and procedure described in this Area of Inquiry. Moreover, pending resolution of the motion to dismiss, Chase objects to this Area of Inquiry as overbroad, unduly burdensome, and irrelevant.

**AREA OF INQUIRY NO. 24:**

Your analysis of the costs and benefits to you of Modifications and foreclosure including, without limitation, financial costs and benefits associated with the choice between Modification and foreclosure.

**RESPONSE TO AREA OF INQUIRY NO. 24:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase objects to this Area of Inquiry as vague and ambiguous and failing to describe the topic with reasonable particularity, particularly as to the term "costs and benefits to you of Modifications and foreclosure." Chase objects to this Area of Inquiry as seeking information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to admissible evidence. Chase further objects to this Area of Inquiry because it is overbroad and unduly burdensome. It is impracticable for any witness to memorize every single, policy, practice, and procedure described in this Area of Inquiry. Moreover, pending resolution of the motion to dismiss, Chase objects to this Area of Inquiry as overbroad, unduly burdensome, and irrelevant.

**AREA OF INQUIRY NO. 25:**

Complaints, whether formal or informal, made concerning your conduct in connection with HAMP, and/or other Modification Programs.

**RESPONSE TO AREA OF INQUIRY NO. 25:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase objects to this Area of Inquiry as asking Chase to violate the privacy interests of borrowers whom Plaintiffs' counsel do not represent. Chase objects to this Area of Inquiry as seeking information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to admissible evidence. Chase further objects to this Area of Inquiry because it is overbroad and unduly burdensome. It is impracticable for any witness to memorize the content of every complaint made by any person against Chase related in some way to a modification or the myriad programs that involve temporary changes to a borrower's payment obligations. Moreover, pending resolution of the motion to dismiss, Chase objects to this Area of Inquiry as overbroad, unduly burdensome, and irrelevant.

**AREA OF INQUIRY NO. 26:**

Your policies, practices and procedures for ensuring the accuracy of the terms of Temporary Payment Agreements or Loan Modification Agreements under HAMP and/or other Modification Programs, including the accuracy of the information and data used to determine such terms, and for correcting any errors discovered in those terms, information or data.

**RESPONSE TO AREA OF INQUIRY NO. 26:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase objects to this Area of Inquiry as vague and ambiguous and failing to describe the topic with reasonable particularity, particularly as to the term "accuracy of the terms." Chase further objects to this Area of Inquiry because it is overbroad and unduly burdensome. It is impracticable for any witness to memorize every single, policy, practice, and procedure described in this Area of Inquiry.

**AREA OF INQUIRY NO. 27:**

All forms and/or other standardized Documents You use that Relate to HAMP and/or other Modification Programs.

**RESPONSE TO AREA OF INQUIRY NO. 27:**

Chase incorporates by reference each of its General Objections into its response to this Area of Inquiry. Chase objects to this Area of Inquiry as vague and ambiguous and failing to describe the topic with reasonable particularity. For example, it is not clear what is sought to be discovered regarding the forms of communication with borrowers, beyond the documents themselves, which are the subject of existing requests for production. Chase further objects to this Area of Inquiry as overbroad and unduly burdensome. It is impracticable for any witness to memorize all "standardized documents" that in any way relate to modifications or the myriad programs that involve temporary changes to a borrower's payment obligations.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

To the extent not already produced, or not to be produced, in response to Plaintiffs' discovery requests in the constituent cases in this matter, all Documents concerning the topics above in "Areas Of Inquiry."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Chase incorporates by reference each of its General Objections into its response to this Request and each of its Objections to Plaintiffs' First Request for Production of Documents. Chase objects to this Request as seeking information that is protected by the attorney-client privilege, the work product doctrine, the self-examination privilege, the bank examiner's privilege, or any other applicable privilege or evidentiary principle. Chase objects on the ground that the Request is vague, ambiguous, overbroad, and unduly burdensome. Furthermore, Chase objects to this Request as asking Chase to disclose private information regarding borrowers whom Plaintiffs' counsel do not represent.

Subject to the above objections, Chase refers Plaintiffs to its responses to Plaintiffs' First Request for Production of Documents.

**REQUEST FOR PRODUCTION NO. 2:**

The job description, Curriculum Vitae and resume of each individual designated to testify pursuant to this Notice.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Chase incorporates by reference each of its General Objections into its response to this Request. Chase objects to this Request as seeking documents protected by the attorney-client privilege or the attorney work-product doctrine. Chase objects to this Request because it is overbroad and unduly burdensome. Chase objects that this Request asks Chase to violate the privacy interests of its employees. Furthermore, Chase objects to this Request to the extent that it asks Chase to disclose its confidential business information or the confidential business information of third parties.

Subject to the above objections, and to the extent that such documents exist and can be located after a reasonably diligent search, Chase will produce any job descriptions that may exist for each individual designated to testify pursuant to this notice.

**REQUEST FOR PRODUCTION NO. 3:**

To the extent not already produced, or not to be produced, in response to Plaintiffs' First Request for Production of Documents, all internal memoranda drafted by each individual designated by You to testify pursuant to this Notice that Relate to the topic(s) about which he/she is testifying.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Chase incorporates by reference each of its General Objections into its response to this Request and each of its Objections to Plaintiffs' First Request for Production of Documents. Chase objects to this Request as seeking information that is protected by the attorney-client privilege, the work product doctrine, the self-examination privilege, the bank examiner's privilege, or any other applicable privilege or evidentiary principle. Chase objects on the ground

that the Request is vague, ambiguous, overbroad and unduly burdensome. Furthermore, Chase objects to this Request as asking Chase to disclose private information regarding borrowers whom Plaintiffs' counsel do not represent.

Subject to the above objections, Chase refers Plaintiffs to its responses to Plaintiffs' First Request for Production of Documents.

Dated: April 27, 2012

Respectfully Submitted,

*Rita F. Lin/gpd*

Rita F. Lin (CA SBN 236220)
Michael J. Agoglia (CA SBN 154810)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
magoglia@mofo.com

Donn A. Randall (BBO No. 631590)
Matthew A. Kane (BBO No. 666981)
Bulkley, Richardson and Gelinas, LLP
125 High Street, Oliver Street Tower, 16th Floor
Boston, Massachusetts 02110
Telephone: (617) 368-2520
Facsimile: (617) 368-2525
drandall@bulkley.com
mkane@bulkley.com