# Exhibit 4

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In Re: JPMorgan Chase Mortgage Modification Litigation | MDL Docket No. 2290 |

## DEFENDANT JPMORGAN CHASE, N.A.'S FIRST AMENDED RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, JPMorgan Chase Bank, N.A., ("Chase") hereby submits the following amended objections and responses to Plaintiffs' First Request For Production of Documents ("Requests"), dated February 22, 2012.

Chase has conducted and is continuing to conduct a diligent search for documents in response to the Requests.  Chase has not completed investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for trial. Additional investigation, research, and analysis may require amendment or revision of these responses.  Chase's responses are based on information presently known to it, and are given without prejudice to its right to provide or introduce at trial evidence of any subsequently discovered information.

Where Chase states that it will produce documents, this does not mean that responsive documents exist.  It represents only that responsive documents will be produced if they exist, can be located with reasonable diligence, and are not otherwise protected from disclosure.

## GENERAL OBJECTIONS

1.      Chase objects to each of the Requests to the extent that it seeks documents that are protected by the attorney-client privilege or seeks documents prepared in anticipation of litigation or for trial, or that are otherwise subject to the attorney work-product doctrine or any

other applicable privilege or immunity.  Any inadvertent production of privileged documents shall not be deemed to be a waiver by Chase of the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine.

2.      Chase objects to the Requests that call for production of documents containing trade secrets or confidential information, or disclosing information about third parties where such disclosure would violate confidentiality or privacy obligations toward a third party.

3.      Chase objects to the Requests, including definitions, and instructions contained therein, that purport to impose obligations on Chase that are greater than those imposed by the Federal Rules of Civil Procedure.

4.      Chase objects to the Requests, including definitions and instructions contained therein, that request electronically stored information that is not reasonably accessible due to undue burden or cost, including but not limited to recovery backup data, backup tapes, website data, including but not limited to internet web pages and their iterations, and temporary internet pages, intranet and extranet sites, transitory information not including cookie files, cache files, and temporary system files.

5.      Chase states these objections without waiving or intending to waive, but on the contrary preserving and intending to preserve all objections to competency, relevance, materiality, privilege, and admissibility as evidence for any purpose of the responses to the Requests, the documents produced, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action.

6.      Chase objects to the time and place specified for production as unduly burdensome given the broad scope of these Requests, and the large volume of documents requested.  Documents will be produced at a date and time to be mutually agreed upon by counsel.

7.      If, despite its best efforts, Chase produces one or more privileged, otherwise protected, or non-responsive documents, such production will have been inadvertent and not intended in any way whatsoever to waive any legal protection that attaches to such document(s).

Chase objects to any reading, copying, summarizing, or other use of such document(s), and Chase requests that plaintiffs and their counsel immediately notify Chase of any instance where they know, or reasonably suspect, that such an inadvertent production has occurred and immediately return such document(s) to Chase.

8.      Chase objects to each and every one of plaintiffs' purported "definitions" and "instructions" that require words to be construed in any manner other than their plain meaning. To the extent Chase adopts or uses any term or phrase defined by plaintiffs, it does so solely for convenience in responding to the Requests.  Chase does not concede that any of the terms or definitions are appropriate, descriptive, or accurate.

9.      Chase objects that Definition No. 5 ("Defendant," "Defendants," "JPMorgan Chase," "Chase," "You" and "Your") requests discovery concerning entities that are not parties to this litigation.  Chase objects that such a request is vague, ambiguous, overly broad, unduly burdensome, and seeks documents not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

10.     Chase objects to Definition No. 12 ("Modification") as vague, ambiguous, overly broad, and unduly burdensome.  Among other things, Definition No. 12 is vague and ambiguous as to the phrases "terms" and "temporarily."

11.     Chase objects to Definition No. 13 ("Modification Program") as vague, ambiguous, overbroad and unduly burdensome.  Among other things, Definition No. 13 is overbroad and unduly burdensome as to the phrase "Temporary Payment Agreement" and vague and ambiguous as to the term "that can or has resulted."

12.     Chase objects to the "Relevant Time Period" as it is defined in Definition No. 19 as overbroad and calling for irrelevant information.

13.     Chase objects to Definition No. 21 ("Temporary Payment Agreement") as overbroad and unduly burdensome.  Among other things, Definition No 21 is overbroad and unduly burdensome as to the phrases "forbearance agreements," "forbearance plans," "repayment agreements," and "repayment plans."

14.     Defendants filed a Motion to Dismiss Plaintiffs' Consolidated Amended Complaint ("Motion to Dismiss") on March 5, 2012  seeking, among other things, dismissal of claims based on forbearance, repayment, or reduced payment plans; the Fair Debt Collections Practices Act claim; and claims challenging the general adequacy and speed of Chase's modification, foreclosure, and loss mitigation practices.  Pending resolution of the Motion to Dismiss, Chase objects to the Requests that seek information pertaining to those topics as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

15.     Chase objects to the Requests as overbroad, unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, or that seeks information that has no bearing on class certification or the named plaintiffs' transactions.

16.     Chase objects to the Requests that seek information pertaining only to the merits of the claims of absent class members, because no class has been certified.

17.     Chase objects to the Requests that seek confidential business information or the confidential information of third parties.  Confidential information responsive to these requests will be produced upon entry of a mutually agreeable protective order.

18.     Chase objects that the description of a privilege log in Instruction No. 2 seeks to impose an obligation on Chase greater than that required by the Federal Rules of Civil Procedure.

19.     Chase objects that Instruction No. 4 purports to impose obligations on Chase that are greater than those imposed by the Federal Rules of Civil Procedure.  Chase further states that documents will be redacted as necessary for third party confidentiality or other legitimate reasons.

20.     Chase objects that Definition No. 5 and Instruction No. 3 seek documents not in Chase's possession, custody, or control, as defined by the Federal Rules of Civil Procedure.

21.     Chase objects that Instruction No. 6 seeks information beyond that which Chase is required to produce by the Federal Rules of Civil Procedure and purports to impose obligations on Chase that are greater than those imposed by the Federal Rules of Civil Procedure.

22.     Chase objects that Instruction No. 9 purports to impose obligations on Chase that are greater than those imposed by the Federal Rule of Civil Procedure 34.

23.     Chase objects that the format of production described in Appendix A seeks to purport to impose obligations on Chase that are greater than those imposed by the Federal Rules of Civil Procedure.  Chase further objects to the format of production described in Appendix A as unduly burdensome and overbroad.  Documents will be produced in a form mutually agreed upon by counsel.

24.     Chase objects that the purported "ESI Guidelines" in Appendix B purports to impose obligations on Chase that are greater than those imposed by the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

All Documents that Relate to Your compliance with HAMP, including all records regarding Your efforts to identify loans that are subject to modification under HAMP.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the bank examiner privilege, or the self-critical analysis privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase also objects that the terms used in the Request, including but not limited to "compliance with HAMP," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures for modifying loans under the HAMP program.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

All Documents that contain or Relate to Your policies, practices and procedures for processing and/or evaluating HAMP loan modification applications and/or modifying loans under the HAMP program.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

Chase incorporates by reference each of its General Objections into its response to this Request. Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law. Chase objects to this Request on the ground that it is overbroad and unduly burdensome. Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures for applying for HAMP loan modifications, assessing borrowers' eligibility for such modifications, and providing such modifications.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

All Documents that contain or Relate to Your policies, practices and procedures for processing and/or evaluating non-HAMP loan modification applications and/or modifying loans under a non-HAMP program.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

Chase incorporates by reference each of its General Objections into its response to this Request. Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law. Chase objects to this Request on the ground that it

is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures for applying for non-HAMP loan modifications, assessing borrowers' eligibility for such modifications, and providing such modifications.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

All Documents that contain or Relate to Your policies, practices and procedures for determining Borrowers' eligibility for a HAMP Modification.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures for HAMP eligibility determinations.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

All Documents that contain or Relate to Your policies, practices and procedures for determining Borrowers' eligibility for a non-HAMP Modification.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss,

Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans. Chase objects to this Request on the ground that it is overbroad and unduly burdensome. Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures for eligibility determinations for non-HAMP loan modifications.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:

All Documents that contain or Relate to Your policies and procedures for communicating with Borrowers about their HAMP Modification applications.

### RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:

Chase incorporates by reference each of its General Objections into its response to this Request. Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law. Chase objects to this Request on the ground that it is overbroad and unduly burdensome. Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures for communicating with borrowers about their HAMP loan modification applications.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:

All Documents that contain or Relate to Your policies and procedures for communicating with Borrowers about their non-HAMP Modification applications.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures for communicating with borrowers about their non-HAMP loan modification applications.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

All Documents that Relate any formula(s), process(es), or calculation(s) You use to determine the payment amount and terms of HAMP Modifications.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures for determining the terms of HAMP modifications.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

All Documents that Relate any formula(s), process(es), or calculation(s) You use to determine the payment amount and terms of non-HAMP Modifications.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures for determining the terms of non-HAMP modifications.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

All Documents that Relate to Your policies, practices and procedures for accounting for a Borrower's payments made during or after HAMP Modifications.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.  Chase also objects that the terms used in the Request, including but not limited to "accounting for" and "during or after HAMP

modifications," are vague, ambiguous, and overbroad.  Chase object to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects that this Request asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures regarding the processing of payments made by borrowers who have applied for HAMP modifications, have enrolled in HAMP trial plans, or have received offers of permanent HAMP modifications, to the extent that such policies and procedures differ from those generally applicable to borrowers whose loans are serviced by Chase.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

All Documents that Relate to Your policies, practices and procedures for accounting for a Borrower's payments made during or after non-HAMP Modifications.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans.  Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.  Chase also objects that the terms used in the Request, including but not limited "accounting for" and "during or after non-HAMP modifications," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

11

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures regarding the processing of payments made by borrowers who have applied for non-HAMP modifications, have enrolled in non-HAMP trial plans, or have received offers of permanent non-HAMP modifications, to the extent that such policies and procedures differ from those generally applicable to borrowers whose loans are serviced by Chase.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

All Documents that Relate to Your policies, practices and procedures concerning the maintenance of a Borrower's Account after a Borrower applies for a Modification including, without limitation, tracking a Borrower's Modification application and supporting documents, recording outcomes of applications, changing account statuses in your record-keeping systems, and notifying Borrowers if their Modification applications are incomplete or outdated.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans.  Chase also objects that the terms used in the Request, including but not limited to "maintenance of a Borrower's Account" and "changing account statuses," are vague, ambiguous, and overbroad. Chase objects to this Request on the ground that it is overbroad and unduly burdensome. Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged

final versions of policies and procedures for applying for HAMP and non-HAMP loan modifications, assessing borrowers' eligibility for such modifications, and providing such modifications.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

All Documents that Relate to Your policies, practices and procedures regarding management of escrow payments made and suspense accounts created in connection with HAMP and non-HAMP Modification Programs.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

Chase incorporates by reference each of its General Objections into its response to this Request. Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law. Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans. Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence. Chase also objects that the terms used in the Request, including but not limited to "created in connection with HAMP and non-HAMP Modification Programs," are vague, ambiguous, and overbroad. Chase objects to this Request on the ground that it is overbroad and unduly burdensome. Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures regarding the management of escrow accounts and suspense accounts for loans in which the borrowers who have applied for HAMP and non-HAMP modifications, have enrolled in HAMP and non-HAMP trial plans, or have received offers of permanent HAMP and non-HAMP modifications, to the extent that such policies and

procedures differ from those generally applicable to borrowers whose loans are serviced by Chase.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

All Documents that contain or Relate to Your policies, practices and procedures for logging, investigating and responding to telephone calls and written communications from Borrowers and/or their representatives Related to their applications for HAMP and/or non-HAMP Modifications.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans.  Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence. Chase also objects that the terms used in the Request, including but not limited to "logging, investigating and responding," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures for communicating with borrowers about their HAMP and non-HAMP loan modification applications and for responding to and processing complaints made by borrowers concerning the handling of those applications.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

All Documents Related to Your evaluation, analysis, and internal discussions related to communications referenced in Request No. 14 including, without limitation, a) internal reports summarizing, aggregating, collecting or analyzing such communications and b) documents concerning the need to make changes to relevant policies, practices and procedures.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase incorporates by reference its objections to Request No. 14 into its response to this request.  Chase objects that this Request asks Chase to violate the privacy interests of borrowers.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, the bank examiner privilege, the self-critical analysis privilege, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant.  Chase also objects that the terms used in the Request, including but not limited to "internal reports," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged reports that provide statistics regarding the types of complaints submitted by borrowers concerning their HAMP or non-HAMP modification applications, and a non-privileged report generated through queries of its database systems that lists those complaints pertaining to modification, with identifying information removed, to the extent that such complaints can be identified (or can be roughly categorized as potentially relating to modification, with some under- and over-inclusiveness) using the data fields in the system and to the extent that such data is reasonably available.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

All Documents Related to Your policies, practices and procedures for reporting to credit bureaus and credit agencies concerning Borrowers who have applied for HAMP and/or non-HAMP Modifications.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

Chase incorporates by reference each of its General Objections into its response to this Request. Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law. Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans. Chase objects to this Request on the ground that it is overbroad and unduly burdensome. Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures for reporting to credit bureaus and credit agencies concerning borrowers who have applied for HAMP and non-HAMP modifications, to the extent that such policies and procedures differ from those generally applicable to borrowers whose loans are serviced by Chase.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

All Documents Related to Your policies and procedures on the filing of foreclosure actions against Borrowers who are being considered for a Modification.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

Chase incorporates by reference each of its General Objections into its response to this Request. Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege,

immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans.  Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence. Chase objects to this Request on the ground that it is overbroad and unduly burdensome. Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures on the filing of foreclosure actions against borrowers who are being considered for a modification, to the extent that such policies and procedures differ from those generally applicable to borrowers whose loans are serviced by Chase.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

All Documents that Relate to Your policies, practices and procedures regarding collection of debt from Borrowers in Modifications or being considered for a Modification.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans.  Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence. Chase also objects that the terms used in the Request, including but not limited to "collection of debt" and "in Modifications," are vague, ambiguous, and overbroad.  Chase objects to this

17

Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures regarding the processing of payments made by borrowers who have applied for HAMP or non-HAMP modifications, have enrolled in HAMP or non-HAMP trial plans, or have received offers of permanent HAMP or non-HAMP modifications, to the extent that such policies and procedures differ from those generally applicable to borrowers whose loans are serviced by Chase.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

All Documents that Relate to Your compliance with the Fair Debt Collection Practices Act.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant because it pertains solely to Fair Debt Collection Practices Act claims that are the subject of that motion. Chase objects to this Request on the ground that it is overbroad and unduly burdensome. Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures for communicating with borrowers who have applied for modifications about past due payments, to the extent that such policies and procedures differ from those generally applicable to borrowers whose loans are serviced by Chase.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

Exemplars of all form Documents and Correspondence You send to Borrowers that Relate to the HAMP program.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase also objects that the terms used in the Request, including but not limited to "Relate to the HAMP program," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of forms of correspondence sent to borrowers regarding their applications for HAMP trial plans or permanent modifications.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

Exemplars of all form Documents and Correspondence You send to Borrowers that Relate to any non-HAMP Modification Programs.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans.  Chase also objects that the terms used in the Request, including but not limited to "Relate to any non-HAMP Modification Programs," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of forms of correspondence sent to borrowers regarding their applications for non-HAMP trial plans or permanent modifications.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:**

Exemplars of all form Documents and Correspondence You send or have sent to Borrowers that relate to default and/or intent to foreclose following Modifications.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans.  Chase also objects that the terms used in the Request, including but not limited to "relate to default and/or intent to foreclose following Modifications," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of forms of correspondence sent to borrowers who have received offers of permanent modification regarding their default or Chase's intent to foreclose, to the extent that such forms of correspondence differ from those generally applicable to borrowers whose loans are serviced by Chase.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:**

Exemplars of all form Documents and Correspondence regarding explanation of fees charged to Borrowers' Accounts following Modifications.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.  Pending resolution of the motion to dismiss, Chase objects to this Request

as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans.  Chase also objects that the terms used in the Request, including but not limited to "Exemplars of all," and "regarding explanation of fees charged to Borrower's Accounts following Modifications," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of forms of correspondence sent to borrowers who have received offers of permanent modification regarding fees charged to their accounts, to the extent that such forms of correspondence differ from those generally applicable to borrowers whose loans are serviced by Chase.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24:**

All scripts, talking points, power-point presentations and/or Documents with prepared and/or generic text Your Employees have used at any time for communicating with Borrowers about HAMP, Modification Programs or Modifications.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans.  Chase also objects that the terms used in the Request, including but not limited to "prepared and/or generic text," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

21

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of scripts used by Chase's employees for communicating with borrowers regarding the process for applying for modifications and assessing borrowers' eligibility for such modifications, materials from the Training Department on that topic, and policies and procedures on that topic.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25:**

All Documents that Relate to resources (including but not limited to personnel, equipment and money) You allocated or designated for loan modification processing, including but not limited to:

   a.   Any internal reports about the resources needed, whether Chase should allocate or acquire more resources, and any related analyses, recommendations or actions;

   b.   Monthly reporting of open positions or human resources requisitions for loss mitigation and default loan servicing positions; and

   c.   Documents sufficient to show the relative budgets and other resources allocated to hiring and training employees in loss mitigation and default loan servicing compared to loan origination.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25:**

Chase incorporates by reference each of its General Objections into its response to this Request. Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law. Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant. Chase also objects that the terms used in the Request, including but not limited to "allocated or designated" and "loan modification processing," are vague, ambiguous, and overbroad. Chase objects to this Request on the ground that it is overbroad and unduly burdensome. Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:**

All Documents that Relate to Your policies and procedures concerning training Your

Employees on Modification Programs including, without limitation, training materials

(including, without limitation, all Power Point and other similar presentations) for Your

Employees on Modifications or Modification Programs.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:**

Chase incorporates by reference each of its General Objections into its response to this

Request.  Chase objects that this Request seeks information that is protected by the attorney-

client privilege, the attorney work-product doctrine, or any other applicable rule of privilege,

immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss,

Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks

information pertaining to forbearance, repayment, and other reduced payment plans.  Chase

objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore,

Chase objects to this Request because it asks Chase to disclose its confidential business

information.

Subject to and without waiving the foregoing objections, and to the extent that such

documents can be located after a reasonably diligent search, Chase will produce non-privileged

final versions of materials from the Training Department concerning the process for applying for

loan modifications and assessing borrowers' eligibility for the same.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27:**

All Documents sufficient to show the procedures and workflow practices which

Employees follow to process Modifications, including but not limited to:

    a.    Computer screen shots and job aids;

    b.    Documents sufficient to understand what information is made available to an
        Employee regarding Modification applications and inquiries (including but not
        limited to what remains to be done as to the application or inquiry, Documents
        that are outstanding, and any decisions made about the application or inquiry);
        and

    c.    Documents sufficient to show the procedures for receiving and processing of Documents submitted by Borrowers.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant.  Chase also objects that the terms used in the Request, including but not limited to "All Documents sufficient to show," "workflow practices," "made available," and "any decisions made," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies, procedures, and materials from the Training Department concerning the process for applying for loan modifications, and assessing borrowers' eligibility for the same.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:**

All Documents that Relate to any changes You have made at any time to Your business practices to implement Modification Programs, including without limitation, all Documents that Relate to hiring and/or training staff, implementation and/or creation of electronic system(s), and/or budget changes.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss,

Chase objects to this Request as overbroad, unduly burdensome, and irrelevant.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Chase also objects that the terms used in the Request, including but not limited to "business practices to implement Modification Programs," are vague, ambiguous, and overbroad.  Chase objects that this Request asks Chase to violate the privacy interests of its employees.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce current and historical non-privileged final versions of policies, procedures, and materials from the Training Department regarding applying for HAMP and non-HAMP loan modifications, assessing borrowers' eligibility for such modifications, and providing such modifications.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29:**

All Documents that Relate to incentives, awards, bonuses and/or pay raises You provide Employees who respond to consumer inquiries about Modifications or who participate in Loss Mitigation or foreclosure-related activities, whether or not such incentives, awards, bonuses and/or pay raises are based on the processing of Modifications.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant.  Chase also objects that the terms used in the Request, including but not limited to "participate in Loss Mitigation or foreclosure-related activities," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Chase objects that this Request asks Chase to violate the privacy interests of its employees.  Furthermore,

Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of forms of incentive, award, or bonus plans provided to employees responsible for communicating with customers regarding their modification applications or evaluating their eligibility for modification.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 30:**

All organizational charts concerning Employees who participate or have participated in Modification, Loss Mitigation or foreclosure-related activities.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 30:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans.  Chase also objects that the terms used in the Request, including but not limited to "participate or have participated in Modification, Loss Mitigation, or foreclosure-related activities," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of summary-level organizational charts that pertain to the administration of loan modifications.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 31:**

All Documents that contain or Relate to policies and procedures for monitoring, supervising, and/or disciplining Employees who participate or have participated in Modification, Loss Mitigation or foreclosure-related activities.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 31:**

Chase incorporates by reference each of its General Objections into its response to this Request. Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law. Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant. Chase also objects that the terms used in the Request, including but not limited to "participate or have participated in Modification, Loss Mitigation, or foreclosure-related activities," are vague, ambiguous, and overbroad. Chase objects to this Request on the ground that it is overbroad and unduly burdensome. Chase objects that this Request asks Chase to violate the privacy interests of its employees. Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures for monitoring, supervising, and disciplining employees responsible for communicating with customers regarding their modification applications or evaluating their eligibility for modification, to the extent that those policies and procedures differ from those generally applicable to employees working in Chase's mortgage servicing business.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 32:**

All Documents that Relate to investigations You conducted regarding whether any of Your Employees followed policies and/or guidelines regarding Modifications.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 32:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the bank examiner privilege, or the self-critical analysis privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Chase objects that this Request asks Chase to violate the privacy interests of its employees.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures for assessing the performance of employees responsible for communicating with customers regarding their modification applications or evaluating their eligibility for modification, to the extent that those policies and procedures differ from those generally applicable to employees working in Chase's mortgage servicing business.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 33:**

Job descriptions for all individuals who participate in evaluating Modifications and/or who participate in drafting, revising, and/or approving policies and procedures related to Modifications including, without limitation, policies and procedures related to applications for Modifications, processing of Modifications, foreclosure processes for Borrowers who have received or applied for Modifications, credit reporting following Modifications or applications for Modifications and for placing fees on Borrowers' Accounts following Modifications or applications for Modifications.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 33:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans.  Chase also objects that the terms used in the Request, including but not limited to "foreclosure processes for Borrowers who have received or applied for Modifications," "credit reporting following Modifications," and "placing fees on Borrower's Accounts following Modifications or applications for Modifications," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of job descriptions pertaining to the underwriting of loan modifications and to the policies and procedures governing loan modifications.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 34:**

All Documents Related to agreements with any vendors who perform services for you related to Loss Mitigation or Modification Programs.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 34:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant.  Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of

admissible evidence.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information or the confidential business information of third patries.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 35:**

All Documents from vendors that served to inform You that documents or other information received from Borrowers seeking Modifications were incomplete or inaccurate.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 35:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant.  Chase also objects that the terms used in the Request, including but not limited to "served to inform You," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information or the confidential business information of third patries.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 36:**

All Documents that You contend provide for any limitation on Your implementation of HAMP or non-HAMP program requirements issued or provided by Investors in mortgages you service, or by Fannie Mae or Freddie Mac.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 36:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans.  Chase

objects to this Request as seeking Fannie Mae and Freddie Mac investor guidelines, and other investor guidelines, that are publicly available and thus are equally available to the plaintiffs. Furthermore, Chase objects that this Request is overbroad and unduly burdensome because, among other things, it seeks "All" documents that "provide for any limitation" on HAMP or non-HAMP modifications, which represents an unbounded and duplicative population of documents that could conceivably encompass every agreement between Chase and any investor and any document mentioning the terms of those agreements.  Chase further objects to this Request because, by seeking various duplicative documents beyond those that are publicly available, it asks Chase to disclose its confidential business information or the confidential information of third parties.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce documents sufficient to demonstrate the restrictions placed by private investors on loan modifications.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 37:**

All Documents that You contend have provided a basis for an Investor-directed denial of a HAMP or non-HAMP Modification application of any Borrower or which you contend provides a basis to vary HAMP program requirements at any time.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 37:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans.  Chase objects to this Request as seeking Fannie Mae and Freddie Mac investor guidelines, and other investor guidelines, that are publicly available and thus are equally

available to the plaintiffs.  Furthermore, Chase objects that this Request is overbroad and unduly

burdensome because, among other things, it seeks "All" documents that "have provided a basis

for an Investor-directed denial," which represents an unbounded and duplicative population of

documents that could conceivably encompass every agreement between Chase and any investor

and any document mentioning the terms of those agreements.  Chase further objects to this

Request because, by seeking various duplicative documents beyond those that are publicly

available, it asks Chase to disclose its confidential business information or the confidential

information of third parties.

Subject to and without waiving the foregoing objections, and to the extent that such

documents can be located after a reasonably diligent search, Chase will produce documents

sufficient to demonstrate the restrictions placed by private investors on loan modifications and

the policies and procedures pertaining to obtaining investor approval for loan modifications.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 38:**

All Documents You have provided to any congressional representative, congressional

committee, government (local, state, or federal) agency, and/or State Attorney General,

concerning Your Modification Programs.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 38:**

Chase incorporates by reference each of its General Objections into its response to this

Request.  Chase objects that this Request asks Chase to violate the privacy interests of borrowers

whom plaintiffs' counsel do not represent.  Chase objects that this Request seeks information

that is protected by the attorney-client privilege, the bank examiner privilege, the self-critical

analysis privilege, or that is otherwise subject to the attorney work-product doctrine, or any other

applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of

the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and

irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced

payment plans.  Chase further objects to this Request because it seeks information that is not

relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery

of admissible evidence.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 39:**

Minutes, or other Documents, that record meetings by Your Board of Directors, upper-management level employees, committees, and/or internal working groups at which discussions occurred about Modifications or foreclosure processing.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 39:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.  Chase also objects that the terms used in the Request, including but not limited to "upper-management level employees," "committees," and "internal working groups," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 40:**

Minutes or other Documents that record meetings by Your Board of Directors, upper-management level employees, committees, and/or internal working groups at which discussions occurred about minimizing losses resulting from any increase in delinquencies in Your servicing portfolio.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 40:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege,

immunity, or confidentiality provided by law.  Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.  Chase also objects that the terms used in the Request, including but not limited to "upper-management level employees," "committees," and "internal working groups," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 41:**

Minutes or other Documents that record meetings by Your Board of Directors, upper-management level employees, committees, and/or internal working groups at which discussions occurred about reducing or maintaining costs of your Mortgage Servicing businesses.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 41:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.  Chase also objects that the terms used in the Request, including but not limited to "upper-management level employees," "committees," and "internal working groups," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 42:**

Minutes or other Documents that record meetings by Your Board of Directors, upper-management level employees, committees, and/or internal working groups at which discussions occurred about Your Loss Mitigation programs.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 42:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.  Chase also objects that the terms used in the Request, including but not limited to "upper-management level employees," "committees," and "internal working groups," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 43:**

All Documents that Relate to the number of foreclosure proceedings You commenced on Borrowers who were at any prior point participating in a Modification Program.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 43:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans.  Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce reports showing statistics regarding foreclosures pertaining to borrowers who have applied for HAMP modifications or enrolled in a trial plan for a HAMP or non-HAMP modification.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 44:**

All Loan Level Account Data, Loan Level Account Records and/or other information provided to the Department of Treasury in connection with Your Modification Programs including, without limitation, HAMP data.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 44:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent.  Chase objects that this Request seeks information that is protected by the attorney-client privilege or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans.  Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.  Chase also objects that the terms used in the Request, including but not limited to "All Loan Level Account Data," "Loan Level Account Records," "other information," and "in connection with," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce documents sufficient to detail the categories of data provided to Treasury concerning HAMP modifications

and statistical reports provided to Treasury regarding the outcomes of applications for HAMP modifications.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 45:**

All queries used to gather Loan Level Account Data from your electronic systems for the purposes of reporting to the Department of Treasury in connection with Your Modification Programs.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 45:**

Chase incorporates by reference each of its General Objections into its response to this Request. Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent. Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans. Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence. Chase also objects that the terms used in the Request, including but not limited to "All queries," are vague, ambiguous, and overbroad. Chase objects to this Request on the ground that it is overbroad and unduly burdensome. Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce documents sufficient to detail the categories of data provided to Treasury concerning HAMP modifications and statistical reports provided to Treasury regarding the outcomes of applications for HAMP modifications.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 46:**

All documents You Provided to the Office of the Comptroller of the Currency (OCC) concerning Your Modification Programs.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 46:**

Chase incorporates by reference each of its General Objections into its response to this Request. Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent. Chase objects that this Request seeks information that is protected by the attorney-client privilege, the bank examiner privilege, the self-critical analysis privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law. Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans. Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence. Chase objects to this Request on the ground that it is overbroad and unduly burdensome. Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 47:**

All Documents that Relate to any judicial or administrative proceeding, public or private government agency or office, and all Borrower complaints that Relate to Your handling, processing and/or implementation of Modifications.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 47:**

Chase incorporates by reference each of its General Objections into its response to this Request. Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent. Chase objects that this Request seeks information that is protected by the attorney-client privilege, the bank examiner privilege, the self-critical analysis privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law. Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced

payment plans.  Chase further objects to this Request because it seeks information that is not

relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery

of admissible evidence.  Chase objects to this Request on the ground that it is overbroad and

unduly burdensome and seeks documents that are equally available to the plaintiffs.

Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential

business information.

Subject to and without waiving the foregoing objections, and to the extent that such

documents can be located after a reasonably diligent search, Chase will produce non-privileged

reports that provide statistics regarding the types of complaints submitted by borrowers

concerning their HAMP or non-HAMP modification applications, and a non-privileged report

generated through queries of its system that lists those complaints pertaining to modification,

with identifying information removed, to the extent that such complaints can be identified as

potentially relating to modification (with some possible under- and over-inclusiveness) using the

data fields in the system and to the extent that such searchable data is reasonably available.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 48:**

All Documents that contain or Relate to any audits and/or quality control evaluations

concerning Your handling, processing and/or implementation of Modifications.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 48:**

Chase incorporates by reference each of its General Objections into its response to this

Request.  Chase objects that this Request seeks information that is protected by the attorney-

client privilege, the bank examiner privilege, the self-critical analysis privilege, or that is

otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege,

immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss,

Chase objects to this Request as overbroad, unduly burdensome, and irrelevant.  Chase further

objects to this Request because it seeks information that is not relevant to any party's claim or

defense and is not reasonably calculated to lead to the discovery of admissible evidence.  Chase

also objects that the terms used in the Request, including but not limited to "quality control

evaluations," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground

that it is overbroad and unduly burdensome.  Chase objects that this Request asks Chase to

violate the privacy interests of its employees.  Furthermore, Chase objects to this Request

because it asks Chase to disclose its confidential business information.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 49:**

All Documents that Relate to public statements You have made concerning Your

Modification Programs.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 49:**

Chase incorporates by reference each of its General Objections into its response to this

Request.  Chase objects that this Request seeks information that is protected by the attorney-

client privilege, or that is otherwise subject to the attorney work-product doctrine, or any other

applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of

the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and

irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced

payment plans.  Chase objects to this Request on the ground that it is overbroad and unduly

burdensome.  Chase further objects that the requested public statements are equally available to

the plaintiffs.  Furthermore, Chase objects to this Request because its request for "All Documents

that Relate to" public statements asks Chase to disclose its confidential business information.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 50:**

All Documents that contain or Relate to any information You received from the United

States Government concerning HAMP, including but not limited to Documents that Relate to any

payments You received from the United States Government Related to HAMP.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 50:**

Chase incorporates by reference each of its General Objections into its response to this

Request.  Chase objects that this Request seeks information that is protected by the attorney-

client privilege, the bank examiner privilege, the self-critical analysis privilege, or that is

otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege,

immunity, or confidentiality provided by law. Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence. Chase objects to this Request on the ground that it is overbroad and unduly burdensome. Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 51:**

All Documents that Relate to Your use and accounting of the federal TARP funds You received.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 51:**

Chase incorporates by reference each of its General Objections into its response to this Request. Chase objects that this Request seeks information that is protected by the attorney-client privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law. Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence. Chase also objects that the terms used in the Request, including but not limited to "use" and "accounting," are vague, ambiguous, and overbroad. Chase objects to this Request on the ground that it is overbroad and unduly burdensome. Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 52:**

All Documents that describe the electronic system(s) You have used or currently use and any sub-servicers or previous servicers used for servicing of mortgage Accounts following Modification applications.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 52:**

Chase incorporates by reference each of its General Objections into its response to this Request. Chase objects that this Request seeks information that is protected by the attorney-client privilege, or that is otherwise subject to the attorney work-product doctrine, or any other

applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of

the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and

irrelevant.  Chase further objects to this Request because it seeks information that is not relevant

to any party's claim or defense and is not reasonably calculated to lead to the discovery of

admissible evidence.  Chase also objects that the terms used in the Request, including but not

limited to "All Documents that describe," "used for servicing," and "following Modification

applications" are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground

that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because

it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such

documents can be located after a reasonably diligent search, Chase will produce software

specifications, manuals, and materials from the Training Department regarding the software used

to assess the eligibility of borrowers for HAMP and non-HAMP modifications.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 53:**

All Documents on which You intend to rely to refute any claim alleged in Plaintiffs'

Consolidated Class Action Complaint or to support any defense You intend to raise in this

action, including but not limited to all Documents on which You intend to rely to oppose a

motion for class certification under Fed. R. Civ. P. 23.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 53:**

Chase incorporates by reference each of its General Objections into its response to this

Request.  Chase objects to this Request because it asks Chase to disclose its confidential business

information.

Subject to the above objections and to the extent known in advance of production, Chase

will produce responsive, non-privileged documents to the extent that such documents have not

already been produced and are not already publicly available.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 54:**

Any insurance agreements and/or policies that are or may be available to satisfy any part or all of any claims that have been made against You in this action.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 54:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, Chase will produce any insurance policies pertinent to the claims in this action.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 55:**

Copies of all of Your Loan Level Account Records Related to each Part 1 Plaintiff's Modification, including but not limited to records regarding the application for the Modification, generation and implementation of TPPs, and ultimate disposition of the request for a Modification.  This production should include copies of all Documents necessary to fully understand the contents of all electronic data produced, including without limitation, record layouts, data dictionaries and user manuals.  This production should also include a full definition and explanation of electronic codes for all data fields produced.  Without limiting in any way the electronic records requested, the electronic records produced should include the following information to the extent maintained electronically:

a.   Plaintiff's name and address and/or other unique identifier;

b.   Payment history beginning on date of delinquency or date of application, whichever is earlier, including, without limitation, dates of payments made pursuant to the TPP;

c.   Date of HAMP application, final approval and/or denial;

d.   Date and terms of any TPPs;

e.   Reasons for HAMP denial, if applicable;

f.   Records of fees and/or charges placed on the account during and after TPP Agreements;

g.      Calculations, including, without limitation, any worksheets, used to determine eligibility for HAMP;

h.      Records of Correspondence and oral communications related to default and foreclosure activity following date of TPP Agreement;

i.      Records of Correspondence and oral communications related to Modification documentation;

j.      Records of documentation received in support of the Modification;

k.      NPV results and inputs;

l.      Waterfall calculations and inputs; and

m.      Records that reflect the current status of the Account, including, without limitation, information reflecting the terms of subsequent TPPs, Modifications, Loan Modification Agreements, short sales, full payments, or foreclosures.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 55:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase also objects that the terms used in the Request, including but not limited to "necessary to fully understand," "electronic codes," and "current status," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged servicing and origination files for the named Plaintiffs.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 56:**

A randomly selected set of electronically maintained Loan Level Account Records, including the Documents listed in Request for Production No. 55 (b)-(m) above and a unique identifier for each Borrower, other than the Borrower's name and social security number, for Five Hundred (500) Borrowers who applied for a HAMP loan modification and received a TPP

from each of the eleven (11) states at issue in Part 1 of the Consolidated Complaint for a total of 5,500 files.  This request is continuing to the extent that any additional class action cases are filed in states other than those already covered by this request.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 56:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase also incorporates by reference each of its objections to Request No. 55 into its response to this request.  Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase further objects that this Request seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Chase further objects to the Request's demand for a "continuing" production of documents concerning claims or defenses that are not part of this litigation as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 57:**

To the extent not provided in response to Request No. 55, all Documents that Relate to the Part 1 Plaintiffs' participation in HAMP and/or other non-HAMP Modification Programs including, without limitation:

a.      Account histories, ledgers and servicing notes;

b.      Correspondence both to and from Plaintiffs, including call logs and e-mail communications;

c.      Electronic account records;

d.      Applications for loan modifications, including any and all Documents submitted in connection with such applications and any supplements to such applications;

e.    TPP Agreements, including TPP Agreement Cover Letters, for HAMP and non-HAMP Modifications; and

f.    The application of each payment the Plaintiffs have made pursuant to their TPP Agreements, including payments made during and after the TPP Agreements to their loan Accounts and all Documents that Relate to any fees and/or charges placed on Plaintiffs' Accounts during and after their TPP Agreements.

This request includes all Documents that Relate to Your actions with regard to Plaintiffs' applications for HAMP and/or non-HAMP Modifications, including denials, and the performance of Plaintiffs' obligations under their TPP Agreements, including, without limitation, any communications, instructions, notes, Correspondence, memos and emails.

This Request also encompasses any Documents that Relate to foreclosure or collection activity that occurred in connection with Plaintiffs' Accounts.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 57:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged servicing and origination files for the named Plaintiffs.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 58:**

All Documents that Relate to the NPV Tests You use to determine eligibility for Modifications, including, without limitation, all information You use to perform the NPV Tests.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 58:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-

client privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies, procedures, materials from the Training Department, software specifications and software manuals for the use of NPV tests in HAMP and non-HAMP modification eligibility determinations.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 59:**

All Documents that Relate to the "Waterfall" as that term is commonly used in HAMP and/or in any similar Modification Program and/or any other formula(s), process(es), or calculation(s) You use to determine the payment amount and terms of Modifications.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 59:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies, procedures, materials from the Training Department, software

specifications and software manuals for determining the terms of HAMP and non-HAMP modifications.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 60:**

All Documents that Relate to the number of HAMP applications and their outcomes.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 60:**

Chase incorporates by reference each of its General Objections into its response to this Request. Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent. Chase objects that this Request seeks information that is protected by the attorney-client privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law. Chase also objects that the terms used in the Request, including but not limited to "their outcomes" are vague, ambiguous, and overbroad. Chase objects to this Request on the ground that it is overbroad and unduly burdensome. Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged reports sufficient to show the number of HAMP modification applications and their outcomes.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 61:**

All Documents that Relate to the number of Modification applications and their outcomes.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 61:**

Chase incorporates by reference each of its General Objections into its response to this Request. Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent. Chase objects that this Request seeks information that is protected by the attorney-client privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law. Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad,

unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans.  Chase also objects that the terms used in the Request, including but not limited to "their outcomes" are vague, ambiguous, and overbroad. Chase objects to this Request on the ground that it is overbroad and unduly burdensome. Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged reports sufficient to show the number of HAMP and non-HAMP modification applications and their outcomes.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 62:

Copies of all of Your Loan Level Account Records Related to each Part 2 Plaintiff's Modifications or request(s) for a Modification, including but not limited to records regarding each application for the Modification, servicing and implementation of all TPP Agreements and/or Temporary Payment Agreements and/or Loan Modification Agreements, and ultimate disposition of the Modification or request(s) for a Modification.  This production should include copies of all Documents necessary to fully understand the contents of all electronic data produced, including without limitation, record layouts, data dictionaries and user manuals.  This production should also include a full definition and explanation of electronic codes for all data fields produced.

a.      Plaintiff's name and address and/or other unique identifier;

b.      Payment history beginning on date of delinquency or date of first inquiry regarding Modification (whether verbal or in writing), whichever is earlier;

c.      Date of Modification application, final approval and/or denial for each application;

d.      Date and terms of any Temporary Payment Agreements;

e.      Reasons for denial of modification application, if applicable;

  f.  Records of fees and/or charges placed on the account during and after Temporary Payment Agreements;

  g.  Calculations, including, without limitation, any worksheets, used to determine eligibility for modification;

  h.  Records of Correspondence and oral communications related to default and foreclosure activity following date of Temporary Payment Agreement;

  i.  Records of Correspondence and oral communications related to modification of loans;

  j.  Records of documentation received in support of any modification application; and

  k.  Records that reflect the current status of the Account, including, without limitation, information reflecting the terms of subsequent TPPs, Modifications, Loan Modification Agreements, short sales, full payments, or foreclosures.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 62:**

  Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase also objects that the terms used in the Request, including but not limited to "necessary to fully understand," "electronic codes," and "current status," are vague, ambiguous, and overbroad.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.

  Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged servicing and origination files for the named Plaintiffs.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 63:**

  A statistically randomly selected set of electronically maintained Loan Level Account Records, including the Documents listed in Request for Production No. 62 (b)-(k) above and a

unique identifier for each Borrower, other than the Borrower's name and social security number, for Five Hundred (500) Borrowers who since January 1, 2008 applied for a Modification and made trial payments on verbal instructions and/or received Temporary Payment Agreements that were not TPPs from each of the four (4) states in which a Plaintiff consolidated into In Re: JP Morgan Chase Mortgage Modification Litigation (Case No. 11-md-02290-RGS) brought Part 2 claims, for a total of 2,000 files.  This request is continuing to the extent that any additional class action cases are filed in states other than those already covered by this request.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 63:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase also incorporates by reference each of its objections to Request No. 62 into its response to this request. Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent.  Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase further objects that this Request seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Chase further objects to the Request's demand for a "continuing" production of documents concerning claims or defenses that are not part of this litigation as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 64:**

To the extent not produced in response to Request No. 62, all Documents that Relate to the Part 2 Plaintiffs' participation in HAMP and/or non-HAMP Modifications and Loss Mitigation Programs, beginning with the solicitation of their application and/or expression of interest in a Modification and continuing through the present, including, without limitation:

a.      Account histories, ledgers and servicing notes;

b.      Correspondence both to and from Plaintiffs, including call logs and e-mail communications;

c.      Electronic account records;

d.      Applications for Modifications, including any and all Documents submitted in connection with such applications and any supplements to such applications;

e.      Temporary Payment Agreements offered as intermediate steps in the Modification process.

g.      The application of each trial payment the Plaintiffs have made pursuant to verbal instructions.

h.      All correspondence regarding fees being applied towards the loan Accounts.

i.      All correspondence regarding credit reporting during the trial period under the Modifications and/or after issuance of Loan Modification Agreements.

j.      All correspondence regarding notices of default and/or intent to foreclose.

k.      All Documents that Relate to Your accounting of Plaintiffs' payments made under Temporary Payment Agreements and Loan Modification Agreements.

This request includes all Documents that Relate to Your actions with regard to Plaintiffs' applications for Modifications, including denials, and the performance of Plaintiffs' obligations under their Temporary Payment Agreements and Modifications, including, without limitation, any communications, instructions, notes, Correspondence, memos and emails.

This Request also encompasses any Documents that Relate to foreclosure or collection activity that occurred in connection with Plaintiffs' Accounts.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 64:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase also incorporates by reference each of its objections to Request No. 62 into its response to this request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, or that is otherwise subject to the attorney work-product doctrine, or

any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged servicing and origination files for the named Plaintiffs.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 65:**

All Documents that contain or Relate to any audits and/or quality control measures You have conducted concerning Your handling, processing and/or implementation of Temporary Payment Agreements other than TPPs.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 65:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the bank examiner privilege, the self-critical analysis privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Chase objects that this Request asks Chase to violate the privacy interests of its employees.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 66:**

All Documents that Relate to the number of Borrowers who at any point in the Relevant Time Period made trial payments pursuant to verbal instructions at the same time they were being considered for a loan modification.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 66:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to alleged verbal promises that are the subject of that motion.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, Chase states that it is aware of no documents that state the total number of borrowers who made trial payments pursuant to verbal instructions.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 67:**

All Documents that Relate to the number of Borrowers who at any point in the Relevant Time Period entered into a Temporary Payment Agreements other than TPPs.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 67:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant, because it seeks information pertaining to forbearance, repayment, and other reduced payment plans.  Chase objects to this Request on the ground that it

is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged reports regarding the number of borrowers enrolled in repayment and forbearance plans.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 68:**

All Documents that Relate to the number of Borrowers who were instructed to stop making payments or otherwise become delinquent on their mortgage loan when they requested or applied for a Modification.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 68:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Pending resolution of the motion to dismiss, Chase objects to this Request as overbroad, unduly burdensome, and irrelevant because it seeks documents concerning alleged verbal instructions that are the subject of the motion to dismiss.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, Chase states that it is aware of no documents that state the total number of borrowers who were instructed to stop making payments or otherwise become delinquent on their mortgage loans when requesting or applying for a modification.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 69:**

Copies of all of Your Loan Level Account Records Related to each Part 3 Plaintiff's Modification, including but not limited to records regarding the application for the Modification,

servicing and implementation of TPPs or Temporary Payment Agreements, and ultimate

disposition of the request for a Modification.  This production should include copies of all

Documents necessary to fully understand the contents of all electronic data produced, including

without limitation, record layouts, data dictionaries and user manuals.  This production should

also include a full definition and explanation of electronic codes for all data fields produced.

Without limiting in any way the electronic records requested, the electronic records produced

should include the following information to the extent maintained electronically:

      a.      Plaintiff's name and address and/or other unique identifier;

      b.      Payment history beginning on date of delinquency or date of Modification

application, whichever is earlier;

      c.      Date of the HAMP or non -HAMP application, final approval and/or denial;

      d.      Date and terms of Loan Modification Agreement , TPP Agreements and/or

Temporary Payment Agreement, if any;

      e.      Reasons for Modification denial, if applicable;

      f.      Reasons for repudiation/cancellation of Loan Modification Agreement, if

applicable;

      g.      Records of fees and/or charges placed on the account during and after TPP

Agreements and/or Temporary Payment Agreements;

      h.      Records of fees and/or charges placed on the account during and after Loan

Modification Agreements;

      i.      Calculations, including, without limitation, any worksheets, used to determine

Loan Modification Agreement terms including, without limitation, the new principal balance,

deferred balance, payment timing and amount and interest rates for Loan Modification

Agreements;

      j.      Records of Correspondence and oral communications related to default and

foreclosure activity following date of Loan Modification Agreement;

k.      Records of Correspondence and oral communications related to Loan
Modification Agreement and modification application;

l.      Records of documentation received in support of the Modification application;
and

m.      Records that reflect the current status of the Account, including, without
limitation, information reflecting the terms of subsequent TPPs, Modifications, Loan
Modification Agreements, short sales, full payments, or foreclosures.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 69:**

Chase incorporates by reference each of its General Objections into its response to this
Request.  Chase objects that this Request seeks information that is protected by the attorney-
client privilege, or that is otherwise subject to the attorney work-product doctrine, or any other
applicable rule of privilege, immunity, or confidentiality provided by law.  Chase also objects
that the terms used in the Request, including but not limited to "necessary to fully understand,"
"electronic codes," and "current status," are vague, ambiguous, and overbroad.  Chase objects to
this Request on the ground that it is overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, and to the extent that such
documents can be located after a reasonably diligent search, Chase will produce non-privileged
servicing and origination files for the named Plaintiffs.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 70:**

A randomly selected set of electronically maintained Loan Level Account Records,
including the Documents listed in Request for Production No. 69 (b)-(m) above and a unique
identifier for each Borrower, other than the Borrower's name and social security number, for
Five Hundred (500) Borrowers who applied for a Modification and received a Loan Modification
Agreement in New York or Ohio for a total of 1,000 files.  This request is continuing to the
extent that any additional class action cases are filed in states other than those already covered by
this request.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 70:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase also incorporates by reference each of its objections to Request No. 69 into its response to this request.  Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase further objects that this Request seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Chase further objects to the Request's demand for a "continuing" production of documents concerning claims or defenses that are not part of this litigation as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 71:**

All Documents that Relate to the Part 3 Plaintiffs' participation in Modification Programs, beginning with the solicitation of their application and/or expression of interest in a Modification and continuing through the present, including, without limitation:

a.   Account histories, ledgers and servicing notes;

b.   Correspondence both to and from Plaintiffs, including call logs and e-mail communications;

c.   Electronic account records;

d.   Applications for Modifications, including any and all Documents submitted in connection with such applications and any supplements to such applications;

e.   Loan Modification Agreements, including Cover Letters, for HAMP and non-HAMP Modifications; and

     f.     The application of each payment the Plaintiffs have made pursuant to their Loan Modification Agreement, including payments made during and after the Loan Modification Agreement under any subsequent agreement to their loan Accounts and all Documents that Relate to any fees and/or charges placed on Plaintiffs' Accounts during and after their Loan Modification Agreement.

This request includes all Documents that Relate to Your actions with regard to Plaintiffs' applications for HAMP and/or non-HAMP Modifications, including denials, and the performance of Plaintiffs' obligations under their Loan Modification Agreements, including, without limitation, any communications, instructions, notes, Correspondence, memos and emails.

This Request also encompasses any Documents that Relate to foreclosure or collection activity that occurred in connection with Plaintiffs' Accounts.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 71:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged servicing and origination files for the named Plaintiffs.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 72:**

All Documents that Relate to formula(e), process(es), or calculation(s) You use to determine new principal balance, deferred principal, interest rates and payment terms for Loan Modification Agreements.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 72:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-

client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures for determining loan modification terms.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 73:**

All Documents that Relate to Your policies, practices and procedures to ensure implementation and compliance with the terms of Loan Modification Agreements.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 73:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures for implementing and complying with the terms of permanent loan modification agreements.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 74:**

All Documents that contain or Relate to any internal audits and/or quality control measures You have conducted concerning Your handling, processing and/or implementation of Loan Modification Agreements.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 74:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the bank examiner privilege, the self-critical analysis privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Chase objects that this Request asks Chase to violate the privacy interests of its employees.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 75:**

All Documents that Relate to Your policies, practices and procedures for finding and correcting errors made in Loan Modification Agreements.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 75:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures for finding and correcting errors in permanent loan modification agreements.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 76:**

Exemplars of all forms of Loan Modification Agreements you use.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 76:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of forms of permanent loan modification agreements.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 77:**

All Documents that describe the electronic system(s) You have used or currently use that Relate to the implementation and compliance with terms of Loan Modification Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 77:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, or that is otherwise subject to the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 78:**

All Documents that Relate to Your accounting of payments made under Loan Modification Agreements.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 78:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase further objects to this Request because it

seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures regarding the processing of payments for borrowers who have received offers of permanent HAMP and non-HAMP modifications, to the extent that such policies and procedures differ from those generally applicable to borrowers whose loans are serviced by Chase.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 79:**

All Documents that Relate to Your policies, practices and procedures regarding management and use of escrow and/or suspense accounts for Borrowers' Accounts who are in a Loan Modification Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 79:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures regarding the management of escrow accounts and suspense accounts for loans in which the borrowers who have received offers of permanent

HAMP and non-HAMP modifications, to the extent that such policies and procedures differ from those generally applicable to borrowers whose loans are serviced by Chase.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 80:**

All Documents that Relate to Your policies, practices and procedures for charging and collecting fees, costs and other expenses from Borrowers who have received a Loan Modification Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 80:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures regarding the charging and collection of fees, costs, or other expenses from borrowers who have received offers of permanent HAMP and non-HAMP modifications, to the extent that such policies and procedures differ from those generally applicable to borrowers whose loans are serviced by Chase.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 81:**

All Documents that Relate to Your policies, practices and procedures to collect past due payments, costs and fees from Borrowers in Loan Modification Agreements, including, without limitation, interest, late fees, default-related fees and costs such as property inspection fees, property preservation fees, appraisal fees, title report fees, recording fees and/or subordination fees, foreclosure fees and costs, and escrow account charges.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 81:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures regarding the collection and processing of payments, costs, and fees from borrowers who have received offers of permanent HAMP and non-HAMP modifications, to the extent that such policies and procedures differ from those generally applicable to borrowers whose loans are serviced by Chase.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 82:**

All Documents that Relate to Your policies, practices and procedures for issuance of notices of intent to foreclose, default letters and/or reinstatement letters to Borrowers who received Loan Modification Agreements.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 82:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase further objects to this Request because it seeks information that is not relevant to any party's claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.  Chase also objects that the terms used in the Request, including but not limited to "to Borrowers who received Loan Modification

Agreements," are vague, ambiguous, and overbroad. Chase objects to this Request on the ground that it is overbroad and unduly burdensome. Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of policies and procedures regarding the issuance of foreclosure-related notices who have received offers of permanent HAMP and non-HAMP modifications, to the extent that such policies and procedures differ from those generally applicable to borrowers whose loans are serviced by Chase.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 83:**

Exemplars of all form Documents and Correspondence that Relate to Loan Modification Agreements, including, without limitation, cover letters, notices of error and/or correction, monthly statements, letters of default, reinstatement, and notices of intent.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 83:**

Chase incorporates by reference each of its General Objections into its response to this Request. Chase further objects to this Request on the ground that it is overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, and to the extent that such documents can be located after a reasonably diligent search, Chase will produce non-privileged final versions of forms of correspondence regarding applications for HAMP and non-HAMP modifications and regarding offers of HAMP and non-HAMP permanent modifications.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 84:**

All Documents that Relate to the number of Borrowers who during the Relevant Time Period received a Loan Modification Agreement and who have made the payments required by the Loan Modification, but whose account records continue to show delinquencies.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 84:**

Chase incorporates by reference each of its General Objections into its response to this Request.  Chase objects that this Request asks Chase to violate the privacy interests of borrowers whom plaintiffs' counsel do not represent.  Chase objects that this Request seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable rule of privilege, immunity, or confidentiality provided by law.  Chase objects to this Request on the ground that it is overbroad and unduly burdensome.  Furthermore, Chase objects to this Request because it asks Chase to disclose its confidential business information.

Subject to and without waiving the foregoing objections, Chase responds as follows: Plaintiffs have clarified this request in the meet-and-confer process to refer to borrowers who received an offer of a permanent modification and who have made any payments whatsoever in the amount listed in the permanent modification agreement, but whose account records show them to be delinquent today.  Chase states that it is not aware of any documents stating the total number of borrowers who received an offer of a permanent modification and who have made any payments whatsoever in the amount listed in the permanent modification agreement, but whose account records show them to be delinquent today.

Dated:  May 18, 2012                    Respectfully Submitted,

Rita F. Lin (CA SBN 236220)
Michael J. Agoglia (CA SBN 154810)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
magoglia@mofo.com

Donn A. Randall (BBO No. 631590)
Matthew A. Kane (BBO No. 666981)
Bulkley, Richardson and Gelinas, LLP
125 High Street, Oliver Street Tower, 16th
Floor
Boston, Massachusetts  02110
Telephone: (617) 368-2520
Facsimile: (617) 368-2525
drandall@bulkley.com
mkane@bulkley.com

## CERTIFICATE OF SERVICE BY MAIL
### (Fed. R. Civ. Proc. rule 5(b))

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California  94105-2482; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Morrison & Foerster's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Morrison & Foerster's business practice the document described below will be deposited with the United States Postal Service on the same date that it is placed at Morrison & Foerster with postage thereon fully prepaid for collection and mailing.

I further declare that on the date hereof I served a copy of:

**DEFENDANT JPMORGAN CHASE, N.A.'S FIRST AMENDED RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco, California  94105-2482, in accordance with Morrison & Foerster's ordinary business practices:

Gary E. Klein
Kevin Costello
Shennan Alexandra Kavanagh
Klein Kavanagh Costello, LLP
85 Merrimac Street, 4th Floor
Boston, MA  02114

Charles E. Schaffer
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Lynn Lincoln Sarko
Gretchen Freeman Cappio
Gretchen S. Obrist
Keller Rohrback, L.L.P.
1201 Third Ave., Ste 3200
Seattle, WA 98101

Jonathan W. Cuneo
Charles Joseph LaDuca
Matthew L. Wiener
Brendan S. Thompson
Mark Malone
Preetpal Grewal
Cuneo Gilbert & LaDuca, LLP
507 C Street, NE
Washington, DC 2002

*Interim Co-Lead Counsel for Plaintiffs*

I declare under penalty of perjury that the above is true and correct.

Executed at San Francisco, California, this 18th day of May, 2012.

_____
Janie Fogel
(typed)

_____
(signature)

3110624

1