# Exhibit 9

LAW OFFICES OF

# KELLER ROHRBACK L.L.P.

LAURIE B. ASHTON ①⑤❸⬛⬤
IAN S. BIRK
JAMES A. BLOOM ③⬤
STEPHEN R. BOATWRIGHT ①⬛⬤
KAREN E. BOXX ❸
GRETCHEN FREEMAN CAPPIO
ALISON CHASE③⑨⬛⬤
T. DAVID COPLEY ③
ALICIA M. CORBETT ①⬤
ROB J. CRICHTON ❸
CHLOETHIEL W. DEWEESE
MAUREEN M. FALECKI ④
JULI FARRIS ④⬤
RAYMOND J. FARROW
ERIC J. FIERRO ③⬤
GLEN P. GARRISON ⑧
LAURA R. GERBER
MATTHEW M. GEREND
DEIRDRE P. GLYNN LEVIN

GARY A. GOTTO ③⬛⬤
BENJAMIN GOULD ④⬤
GARY D. GREENWALD ③⬛⬤
MARK A. GRIFFIN ③
AMY N.L. HANSON ❸
IRENE M. HECHT
SCOTT C. HENDERSON
HOLLY E. HINTERBERGER
MICHAEL G. HOWARD
SHARON T. HRITZ ②⬤
AMY E. HUGHES
DEAN N. KAWAMOTO ④⬤
RON KILGARD ③⬛⬛⬛⬤
SUSAN A. KIM ④⬤
SARAH H. KIMBERLY
DAVID J. KO
BENJAMIN J. LANTZ
CARI CAMPEN LAUFENBERG
ELIZABETH A. LELAND

TANA LIN ②⑨⬛
DEREK W. LOESER
RYAN McDEVITT
GRETCHEN S. OBRIST
ROBERT S. OVER ⑧⬤
DAVID S. PREMINGER ⬤⬤
ERIN M. RILEY ❸
ISAAC RUIZ
DAVID J. RUSSELL
MARK D. SAMSON ③⬛⬛❸⬤
LYNN LINCOLN SARKO ❸⬤
WILLIAM C. SMART
THOMAS A. STERKEN
KARIN B. SWOPE
HAVILA C. UNREIN ❸
MARGARET E. WETHERALD ❸
HARRY WILLIAMS, IV ❸
AMY WILLIAMS-DERRY
MICHAEL WOERNER

BENSON D. WONG
DIANA M. ZOTTMAN

① ADMITTED IN ARIZONA
② ADMITTED IN CALIFORNIA
③ ALSO ADMITTED IN ARIZONA
④ ALSO ADMITTED IN CALIFORNIA
⑤ ALSO ADMITTED IN COLORADO
⑥ ALSO ADMITTED IN IDAHO
⑦ ALSO ADMITTED IN ILLINOIS
⑧ ALSO ADMITTED IN MARYLAND
⑨ ALSO ADMITTED IN MICHIGAN
⑩ ALSO ADMITTED IN MONTANA
❶ ADMITTED IN NEW YORK
❷ ALSO ADMITTED IN NEW YORK
❸ ALSO ADMITTED IN OREGON
❹ ALSO ADMITTED IN OHIO
❺ ALSO ADMITTED IN TEXAS
❻ ALSO ADMITTED IN WASHINGTON, D.C
❼ ALSO ADMITTED IN WISCONSIN
⬛ NOT ADMITTED IN WASHINGTON
⬤ OF COUNSEL

September 7, 2012

**VIA E-MAIL**

Gregory P. Dresser
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482

      Re:    *In re JPMorgan Chase Mortgage Modification Litigation*
             No. 1:11-cv-02290-RGS

Dear Greg:

    I write to follow up with you on outstanding issues related to Plaintiffs' 30(b)(6) Notice of Deposition and areas of inquiry for which Chase has yet to designate a witness to testify.

    First, in your letter of August 22, 2012 to Michael Flannery regarding the designation of Judith Lockhart on areas of inquiry 2, 11, 22, and 26, you state that "while Ms. Lockhart will be able to testify[] regarding policies, practices, and procedures relating to HAMP and other modification programs, she will not be able to testify regarding policies, practices, and procedures relating to forbearance and repayment programs, and we are not designating her as a witness for those topics."  You also promised to designate another witness to testify on those issues and provide dates with that witness's availability.  It has been over two weeks since we received this letter from you, and we have yet to receive the name of and available deposition dates for this designee.  Please provide us with this information no later than **Monday, September 10** so that we can get that deposition scheduled.

■ KELLER ROHRBACK L.L.P.  1201 THIRD AVENUE, SUITE 3200, SEATTLE, WASHINGTON 98101-3052, TELEPHONE: (206) 623-1900, FAX: (206) 623-3384 ■
KELLER ROHRBACK L.L.P.  770 BROADWAY, 2ND FLOOR, NEW YORK, NEW YORK 10003, TELEPHONE: (646) 495-6198, FAX: (646) 495-6197
KELLER ROHRBACK L.L.P.  1129 STATE STREET, SUITE 8, SANTA BARBARA, CALIFORNIA 93101, TELEPHONE: (805) 456-1496, FAX: (805) 456-1497
KELLER ROHRBACK P.L.C.  3101 NORTH CENTRAL AVENUE, SUITE 1400, PHOENIX, ARIZONA 85012, TELEPHONE: (602) 248-0088, FAX: (602) 248-2822
WWW.KELLERROHRBACK.COM

Mr. Gregory P. Dresser                                    **KELLER ROHRBACK L.L.P.**
September 7, 2012
Page 2

Second, Chase has failed to designate witnesses on several other areas of inquiry included in Plaintiffs' 30(b)(6) Notice and previously discussed in our lengthy meet and confer conferences on 30(b)(6) issues, as detailed below:

- **Area of Inquiry 17**: *Your policies, practices and procedures for assuring compliance with HAMP, including, without limitation, internal, governmental and third-party audits of your compliance with HAMP and/or other Modification Programs.* In Rita Lin's letter to me dated June 5, 2012, she implied that Chase would produce a witness for area of inquiry 17. I followed up with a letter to Ms. Lin on June 8, 2012, asking for clarification of this agreement, but Plaintiffs have not heard anything further from Chase about designating a witness to testify regarding this area of inquiry.

- **Area of Inquiry 18**: *Any and all reports, studies, internal or external audits and/or other types of evaluations You conduct Related to Your compliance with HAMP and/or other Modification Programs.* As with area of inquiry 17, this topic was raised in the June 5 and June 8 letters, but Chase has yet to provide Plaintiffs with a designee.

- **Area of Inquiry 24**: *Your analysis of the costs and benefits to you of Modifications and foreclosure including, without limitation, financial costs and benefits associated with the choice between Modification and foreclosure.* In Ms. Lin's June 5 letter, she stated that Chase would "provide Plaintiffs with the same testimony" on NPV calculations that was provided by Ms. Fetner in the *Durmic* case "regarding non-HAMP modifications." However, as I explained in my June 8 letter, Ms. Fetner's testimony in *Durmic* had nothing to do with this topic, and narrowing and pigeonholing area of inquiry 24 into different (unspecified) areas of inquiry for which Ms. Fetner or others have been designated in this MDL is inappropriate. Specifically, Chase's cost-benefit analyses of modifications, including the financial impact of using various combinations of forbearance or repayment plans in connection with modifications and imposing various lengths of temporary payment plans (whether verbal or written) are relevant to Plaintiffs' claims in this action. Plaintiffs have yet to receive any further response regarding a designee on area of inquiry 24 following my June 8 letter. Notwithstanding that Ms. Fetner will be deposed again pursuant to the Court's August 23 Order, on multiple areas of inquiry, Plaintiffs need a witness for area of inquiry of inquiry 24. If you intend for Ms. Fetner to be the designee for area of inquiry 24, please let us know that immediately.

- **Areas of Inquiry 23 and 25**: *Your policies, practices and procedures for investigation and/or reviewing Borrowers' inquiries and/or complaints concerning HAMP and/or other Modification Programs. Complaints, whether formal or informal, made concerning your conduct in connection with HAMP, and/or other Modification Programs.* As you know, Plaintiffs have moved to compel Chase to produce both the documents sought pursuant to RFP 47 and a witness on areas of inquiry 23 and 25, which are clearly relevant to Plaintiffs' claims in this action. As noted in my June 8 letter to Ms. Lin, the fact that some documents are being produced does not obviate the need for a 30(b)(6) witness on these issues. The Court will be considering Plaintiffs' motion shortly. If Chase would like to resolve this issue in the interim,

Mr. Gregory P. Dresser
September 7, 2012
Page 3

**KELLER ROHRBACK L.L.P.**

Plaintiffs will of course be pleased to report to the Court that the parties were able to resolve this issue without the Court's intervention.

- **Area of Inquiry 20**: *Plaintiffs' Modifications, Accounts and Account records*.  Plaintiffs agreed in my June 8 letter to Ms. Lin to narrow this topic to include only testimony on the decision-making process involved in the Named Plaintiffs' modification applications.  However, despite this concession, Chase has still failed to designate a witness for area of inquiry 20.

- **FDCPA issues**:  In our meet-and-confer telephone call on June 5, 2012, Ms. Lin suggested that a 30(b)(6) deposition would be appropriate for debt collection issues, given the volume of documents that would be required to respond to RFPs 18 and 19.  Without waiving our request for such documents, we would like to further discuss this proposal with you.

With respect to the foregoing areas of inquiry and deposition topics, please provide us with witness names and possible dates for their depositions no later than **Monday, September 10**.  If Chase intends to oppose providing us with witnesses on any of these topics, please provide us with that position as well, no later than September 10.

As you are aware, Plaintiffs initially served their 30(b)(6) Notice of Deposition on March 29, 2012, and only just recently have had the opportunity to depose any 30(b)(6) witnesses whatsoever.  In the meantime, Plaintiffs have already produced at least 42 Named Plaintiffs or co-borrowers to Chase for depositions.  The discovery cutoff in this matter is quickly approaching.  It is time for Chase to promptly cooperate with its obligations under the Federal Rules to designate the remainder of the 30(b)(6) witnesses we have requested, and about which we have already conferred at length, so that progress can be made toward resolution of this case. We look forward to hearing from you and, as always, are available to discuss these requests.

Best regards,

Gretchen S. Obrist

GSO:nas
cc:     Gretchen Freeman Cappio
        Lynn L. Sarko
        Gary E. Klein
        Kevin Costello
        Jonathan W. Cuneo
        Michael J. Flannery
        Charles E. Schaffer
        Eric Holland