# Exhibit 11



**Klein Kavanagh Costello, LLP**

Gary Klein
85 Merrimac Street, 4th Fl.
Boston, MA 02114
p. 617.357.5031
f. 617.357.5030
klein@kkcllp.com
www.kkcllp.com

September 17, 2012

*Via Electronic Mail*

Michael K. Agoglia
Morrison & Foerster, LLP
425 Market Street
San Francisco, CA 94105-2482

      Re:    *In re JP Morgan Chase Mortgage Modification Litigation*
              *1-11-cv-02290-RGS*

Dear Michael:

    I am writing on behalf of co-lead counsel to follow up on the Court's Order dated September 21, 2012 compelling additional production of documents in this matter. (Doc. No. 149).

    Although the Court provided no specific deadline for compliance, we expect the additional document production no later than October 15, 2012 (except where otherwise noted below) to allow the Plaintiffs to comply with the Court's recent scheduling orders, including the October 29, 2012 deadline for supplemental expert disclosures and the November 2, 2012 deadline for close of named Plaintiffs' and class certification discovery. In particular, we call your attention to the following Order:

> Judge Richard G. Stearns: ELECTRONIC ORDER entered granting in part and denying in part 124 Motion for Modification. As plaintiffs' expert states in his declaration (par. 18) that he can generally apply his methodologies to Chase even without seeing Chase's data, plaintiffs' will comply with the September 28, 2012, deadline to the extent possible. With respect to discovery that Chase has yet to produce, and is the subject of plaintiffs' pending motion to compel, plaintiffs' expert is provisionally permitted to supplement his report as needed prior to October 29, 2012, (subject to plaintiffs' pending motion to compel). (Entered: 09/14/2012)

Michael Agoglia
September 21, 2012
Page 2 of 5

To facilitate compliance, we'd like to have a meet and confer as soon as possible, but in no event later than close of business on Thursday September 27, 2012. We propose September 27 at 1 PM EDT. If that time does not work, please propose alternatives within that time frame.

With respect to specific aspects of the Court's Order, here are the issues we expect to meet and confer on:

1. *Plaintiffs' Data and Random Sample*:

We expect to discuss the Plaintiffs' data that must be produced under the Court order. We expect to get such data in one or more Excel spreadsheets. We expect that Chase will produce data including, but not limited to, the Plaintiff data identified in the Shine testimony that is available in the InfoOne system. Shine Dep., 59:2-62:4. If there is data for the named Plaintiffs in other systems or outside the tables Ms. Shine has access to, we expect to receive that data as well.

We also expect the random sample of class member data to be produced in Excel format. Please let us know as soon as possible if Chase is not able to produce data in that format.

We are open to random sampling methods, but expect a declaration sufficient to establish that Chase's choice for a methodology is random.

Our preference would be to receive the class member sample data unredacted, however we understand that Chase has the option of redacting private identifying information under the Order. If Chase chooses redaction, we would prefer that it use the existing account number as the unique identifier. Please let us know if Chase has other thoughts on this issue.

2. *Shine Documents:*

There is an ongoing dispute between the parties about the spreadsheet redactions. Kindly produce a redaction log on this document forthwith so that we can evaluate whether there is a way to resolve this issue short of raising it with the Court.

3. *"Production Of Existing Internal Spreadsheet, Reports And Audits That Include Either Individual Or Aggregate Data Pertaining To HAMP And Other Mortgage Modification Programs":*

We note the wording of the Court's Order confirms that the Court has accepted Chase's representation that these documents will be produced as part of its discovery obligations in this phase of discovery. We believe that the Order makes clear that continued production of static documents containing data, like Power Point presentations, is insufficient to meet Chase's obligations on this issue. We thus want to meet and confer

Michael Agoglia
September 21, 2012
Page 3 of 5

concerning Chase's statement in its Opposition to the Motion to Compel at p. 19 that Chase "has either already produced, or agreed to produce, non-privileged reports that contain named plaintiff information, as well as aggregate and individual data regarding loan modifications, and that Chase is reviewing audit materials for production or the assertion of privilege." We need a better understanding of what Chase believes it has produced on these issues and a description of other documents that Chase now intends to produce in light of its commitment to the Court.

Among other things, we expect to see status and milestone reports containing loan level data on loan modifications that are generated periodically, and that are used on a day-to-day basis by Chase employees to evaluate loan modification processes that are in the work pipeline.

Ms. Shine testified that she periodically produces and uploads about 50 reports for Chase's loss mitigation employees. See Shine Dep., 71:21-71:23, 74:3-74:24, 81:6-81:14, 82:3-82:8. Ms. Shine testified that she has a list of those reports in Excel format. Shine Dep., 96:23-98:16. That list, if produced to us with descriptive information, would allow us to identify additional reports that we believe should be produced.

We also expect to discuss, during the meet and confer, Chase's plan articulated to the Court for "rolling production" of these materials. Among other things, we will want to know when we can anticipate receiving materials of the kind the Court has ordered Chase to produce. We need them, of course, not just before the discovery deadline, but early enough that we will be able to obtain testimony about them from a knowledgeable Rule 30(b)(6) witness.

    *4. Documents Provided to Government Agencies and Regulators*

The Court has specifically ordered production of these materials and the relevant detailed privilege log "without delay." Order at p. 3. In light of the time that these requests have been pending, kindly produce these materials no later than October 8, 2012.

During our conference, we expect a report on Chase's agreement to produce "audits" and "formal communications with state attorneys general, Congress, and other government entities" as stated in its Opposition to the Motion to Compel at pp. 24-25. We expect an explanation of the types of audits and communications you believe are covered by this commitment.

    *5. Complaints*

Plaintiffs expect compliance with the Court's Order with respect to Complaints. Plaintiffs will accept a random sample consisting of actual complaints in every fifth matter described in the summary information previously provided. We are willing to meet and confer to see if agreement is possible on this issue. However, in light of the Court's Order, absent resolution of this issue quickly, we expect to follow up on the

Michael Agoglia
September 21, 2012
Page 4 of 5


Court's statement that it will "entertain a request for reasonable sampling."

   6.   *Emails and attachments to email*

Plaintiffs designate the following ten custodians, reserving the right to change this list before close of business on September 25, 2012.

   1) John Berens
   2) Mark Davis
   3) Michael Zarro
   4) Diane Bentz
   5) Keith Thompson
   6) Brad Starns
   7) Catherine Fetner
   8) William Becker
   9) Judith Lockhart
   10) Ed Bach

A draft of proposed search terms is attached. Plaintiffs are open to an iterative process in which Chase runs these terms and lets us know which, if any, are generating an unacceptably large number of documents for review. We note too that we have chosen common Boolean search logic. We expect Chase to work with us so that these terms are being run against the relevant repositories in whatever format Chase typically uses to search its email.

We ask that you prioritize Catherine Fetner's email search and any necessary review process so that we can have the results in time for her deposition on October 3, 2012.

We look forward to speaking with you about these issues and to the anticipated production of additional documents.

                              Very truly yours,

                              /s/Gary Klein

                              Gary Klein

cc:   Greg Dresser
      Kevin Costello
      Michael Flannery
      Gretchen Freeman Cappio
      Gretchen Obrist
      Charlie Schaffer

Michael Agoglia
September 21, 2012
Page 5 of 5

    Eric Holland

PLAINTIFFS' PROPOSED SEARCH TERMS

1. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/10 (aged or old)
2. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/10 (pipeline or queue)
3. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/10 (perm* w/5 modif*)
4. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/10 conver*
5. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/10 (deny or deni* or fail* or convert or conversi*)
6. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/10 foreclos!
7. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/20 (data or analy* or evaluat*)
8. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/10 complain*
9. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/10 audit
10. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/10 MHA-C
11. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/10 escalat*
12. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/20 (documen* w/10 (lost or missing))
13. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/20 incent*
14. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/20 (fee* w/5 (late or inspect* or default*))
15. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/20 (problem* or mistake* or erro* or incorrect)
16. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/10 IR2
17. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/20 fix*
18. (docum! w/10 (lost or missing)) w/10 (vendor or guardian)
19. (docum! w/10 (lost or missing)) w/10 complain*
20. (docum! w/10 (lost or missing)) w/10 audit
21. (docum! w/10 (lost or missing)) w/10 (problem* or mistake* or erro* or incorrect*)
22. (deny or deni*) w/10 w/20 (wrong or improp*)
23. (MHA or HAM* or MP or CHAMP or "loan modification") w/20 (underwrit* or "UW")
24. (client or borr or brwr or brrw or brr or bwr or bwr(s) or mortgagor or mtgr*) w/20 (complain* or escalat*)
25. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/20 ((fax* or facsimile) or lost)
26. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/20 ("Fannie Mae" or FNMA)
27. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/20 ("Freddie Mac" or FHLMC)
28. "FHA" and "mod*"
29. (anal* or evaluat*) w/20 (deny or deni* or conver*)
30. ("polic*" or "Procedur*" or "practic*") w/20 (fee* w/5 (late or inspect* or default*))
31. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/10 "err*"
32. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/10 ("Risk Control Self Assessment" or "RCA" or "QA" or "QC" or "QA/QC")
33. ((Call w/2 center) or rep*) w/20 (deny or deni* or conver*)

34. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/20 ((Risk w/3 control) or (self w/3 assess*))
35. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/20 milestone
36. ((perm*  or final) w/10 modif*) w/20 implement*
37. ((perm*  or final) w/10 modif*) w/20 (fail* or mist*)
38. ((perm*  or final) w/10 modif*) w/10 (audit* or review)
39. ((perm*  or final) w/10 modif*) w/20 (den*)
40. ((perm*  or final) w/10 modif*) w/20 ("Risk Control Self Assessment" or "RCA" or "QA" or "QC")
41. ((perm*  or final) w/10 modif*) w/10 (complain* or escalat*)
42. ((perm*  or final) w/10 modif*) w/10 incorrect* or (not * approved)
43. ((perm*  or final) w/10 modif*) w/10 problem*
44. FDCPA or "Fair Debt"
45. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/20 ("back up" or  backup or "backed up" or screw or "screw up" or "screwed up" or fuck or "fuck up" or "fucked up" or mess  or "mess up" or "messed up" or "clean up" or "cleaned up")
46. Treasury w/20 problem
47. MHA-C w/20 problem
48. Litig* w/20 hold
49. Doc* w/20 (stale or expir*)
50. Forbear! w/20 modif!
51. (Recomm* or suggest) w/20 default*
52. (MHA or HAM* or CMP or CHAMP or mod or modif*) w/20 script
53. (MHA or HAM* or CMP or CHAMP or mod or modif*) & (reject* w/10 queue)
54. (forbear* w/2 plan) w/20 (stop or behind or current)
55. (repay* w/2 plan) w/20 (stop or behind or current)
56. (stop or cease or halt or desist or terminate) w/2 pay*
57. (reject* or return* or refus* or declin* or (not w/2 accept*)) w/10 pay*
58. (credit w/5 report*) w/20 (policy or procedure or directive or req* or rule or reg*)
59. (fee* or cost*) w/20 (policy or procedure or directive or req* or rule or reg*)
60. (call* or telephone or tele or phone or tel) w/20 (status or action)