# Exhibit 12

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

September 25, 2012

Writer's Direct Contact
(415) 268-6396
GDresser@mofo.com

Via Email

Gretchen F. Cappio, Esq.
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
gcappio@kellerrohrback.com

Re:   *In re JPMorgan Chase Loan Modification Litigation*, MDL No. 2290

Dear Ms. Cappio:

This is to follow up on the conference call that we had yesterday. Joining you on the call yesterday, as I understand it, were Gary Klein, Kevin Costello, Brian Fox, Michael Flannery, and Sharon Hritz.[1]

After saying nothing about the designation of witnesses on these topics for three months, plaintiffs recently renewed their requests for witnesses on numerous 30(b)(6) topics. In general, all of the topics on which plaintiffs now say they want witnesses are incredibly broad and seek testimony for which there is no way to prepare a witness (or witnesses) to cover all of the areas encompassed by the topics.

---

[1] This is also in response to Ms. Obrist's September 7, 2012 letter and your September 21 letter. Your letter complains about my availability over the past two weeks. I did develop a conflict on Monday, September 17, that made me unavailable for a call that day. As you know, on all of the other week days during the weeks of September 10 and 17, I was traveling to or from 30(b)(6) depositions, and preparing witnesses for, and defending, those depositions. You yourself were present at two of those depositions. I offered to have a call with you and your colleagues on September 19, but you declined that invitation.

sf-3198646

MORRISON | FOERSTER

Gretchen F. Cappio
September 25, 2012
Page Two

During the call, we specifically discussed the following 30(b)(6) topics.

**Area of Inquiry No. 17: Your policies, practices and procedures for assuring compliance with HAMP, including, without limitation, internal, governmental and third-party audits of your compliance with HAMP and/or other Modification Programs.**

Ms. Obrist's September 7 letter asserted that Rita Lin's June 5 letter "implied" that Chase would provide a witness on the topic. As I mentioned on the call yesterday, Ms. Lin's June 5 letter does nothing of the sort. Consistent with that letter, I told you yesterday that Chase was already deposed on this topic in *Durmic*. (*Durmic* Topic No. 10 ("Your policies, practices, and procedures for assuring compliance with HAMP, including without limitation, audits of your compliance with HAMP").) Chase stated that Ms. Fetner could provide testimony on that topic. (Trans. 10-11.) During the call yesterday, you did not identify anything in Ms. Lin's letter that actually "implied" that Chase had agreed to provide a witness on this topic.

**Area of Inquiry No. 18: Any and all reports, studies, internal or external audits and/or other types of evaluations You conduct Related to Your compliance with HAMP and/or other Modification Programs.**

As I mentioned yesterday, this topic is vastly overbroad. It appears to cover every evaluation or report ever done of any modification-related work that Chase does, apparently including *ad hoc* reports. There is no way to prepare a witness to speak to issues framed this broadly.

I discussed with you the ambiguity of the phrase "compliance with HAMP and/or other Modification programs." I asked whether plaintiffs sought testimony about whether Chase had accurately determined whether borrowers are eligible for permanent modifications under the Treasury guidelines, or under investor restrictions, or something else. I also asked whether plaintiffs had sought testimony about some other type of compliance. You did not offer any limitation or guidance to solve the problems with the breadth and ambiguity of this topic.

In addition, I inquired about what you were seeking in terms of testimony about reports, studies, audits, or evaluations. I noted that there was no way that a witness could be prepared to testify about the content of all reports, studies, audits, or evaluations related to HAMP or other modification programs.

The discussion of this topic terminated when Mr. Klein yelled, used profanity and made baseless *ad hominem* assertions.

sf-3198646

MORRISON | FOERSTER

Gretchen F. Cappio
September 25, 2012
Page Three

**Area of Inquiry No. 20: Plaintiffs' Modifications, Accounts, and Account Records.**

This is another topic that is vastly overbroad. There are 32 loans at issue in the CAC. As I mentioned during the call, there is no way to prepare a witness or set of witnesses to testify off the top of their heads as to every conceivable question that could arise regarding each of the 32 loans in this case. The same is true of the modification application and decision process for each of the 32 loans.

As Ms. Lin noted in her June 5 letter, if one wanted to know why a particular fee was charged to a particular named plaintiff's account, the person who would be able to answer that question would be very different from the person who would be able to say what software tool was used to determine that a particular named plaintiff was ineligible for a modification under Fannie Mae guidelines. During the call, I offered to pursue practical solutions to get you specific information that you need. For example, if there are particular codes that you need help deciphering that appear in particular account records, we are open to discussing a sensible method for providing you with that information.

**Area of Inquiry No. 24: Your analysis of the costs and benefits to you of Modifications and foreclosure including, without limitation, financial costs and benefits associated with the choice between Modification and foreclosure.**

Through Ms. Fetner, Chase has already provided 30(b)(6) deposition testimony regarding the NPV analyses that it has employed to assess eligibility for HAMP modifications, which assess the relative cost and benefit of foreclosure versus modification as to each application for a HAMP permanent modification. We said previously, and I reiterated yesterday, that we were willing to provide plaintiffs with the same testimony regarding non-HAMP modifications.

Plaintiffs seem to desire something different than this, but there is no indication that what you are seeking exists anywhere. As I asked yesterday, is there something that you are seeing in the produced documents about which you want an explanation?

We are locating a 30(b)(6) witness on the topic of complaints and will provide his or her availability as soon as when we have it. We are also checking into whether it is possible to have a 30(b)(6) witness on the FDCPA issues that you mentioned.

Sincerely,

*/s/ Gregory P. Dresser/*

Gregory P. Dresser

sf-3198646