# Exhibit 20

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

October 29, 2012

Writer's Direct Contact
415.268.6557

Via Email

Gary Klein
Klein, Kavanagh, Costello, LLP
85 Merrimac Street, Fourth Floor
Boston, MA  02114

Re:     *In re JPMorgan Chase Loan Modification Litigation*, MDL No. 2290

Dear Gary:

We write to confirm the discussion during the meet and confer that occurred between the parties
this afternoon.

1. **Audit Redactions**

Pursuant to your request, we discussed the basis for the redaction of certain final audit reports
produced to plaintiffs on October 8, 2012.[1]  Referring to the six documents that you circulated
prior to the call as examples of audit reports that were produced with redactions, I explained that
they have been redacted for two reasons: (1) private borrower information, such as name, loan
number, and contact information has been redacted on privacy grounds; and (2) non-responsive,
irrelevant final audit findings regarding various topics, such as hazard insurance, tax
assessments, and investor reporting, have been redacted on grounds of relevance and for the
protection of highly sensitive information belonging to Chase.

You asked if we intend to produce a redaction log, explaining the basis for each individual
redaction of the audit materials that have been produced.  I responded that plaintiffs have not
requested that log.  Plaintiffs said that paragraph 19 of the Protective Order requires the
production of a redaction log.  Paragraph 19 of the Protective Order entered on April 20, 2012
(D.E. 57) provides as follows.  Nowhere does it mention a redaction log.

> A Producing Party may redact from documents and other Material
> it produces (i) sensitive matter not relevant to the subject matter of

---

[1] You said on the call that these had been produced October 18.  In fact, they were produced on October 8.

MORRISON | FOERSTER

Gary Klein
October 29, 2012
Page Two

> this litigation, and (ii) matter subject to the attorney-client
> privilege, work product privilege, or other privilege, doctrine,
> immunity, or legal prohibition against disclosure. The Producing
> Party shall mark Material where matter has been redacted with the
> legend, "REDACTED." To the extent reasonably practicable, the
> Producing Party shall redact only those portions of documents
> claimed to be privileged or otherwise protected from disclosure. If
> portions of a document are redacted, the Producing Party shall
> mark every page or significant component of that document that
> contains redacted matter "REDACTED." The Producing Party
> shall preserve an unredacted version of each redacted document.

That said, in an effort to expeditiously resolve any issue with redactions, we have agreed to
produce a redaction log explaining the basis for redactions of the audit materials that have been
produced to plaintiffs. We will provide that log by November 9.

2. **Additional Witnesses**

On our call, you said that you sent me and my colleagues an email this morning, requesting a
witness on four specific documents. You said that those documents were examples of
documents for which plaintiffs would like an additional witness. We have not received that
email. We requested that you re-send the email to us, so that we could review it and respond
appropriately. Later this afternoon, Ms. Cate Brewer, assistant to Ms. Cappio, forwarded three
documents and one bates number for a fourth document. An email from you was not attached to
that communication.

As explained in my letter dated October 25, on our meet and confer call on October 22, and
again this morning, plaintiffs are not entitled to additional witnesses on documents. As we have
already offered, we can agree to consider reasonable requests for additional information
regarding documents that have been produced, and, if necessary to plaintiffs' understanding of
the documents, consider whether there is a means to answer such questions informally, and
potentially through the production of a document with explanation. In the meantime, we will
agree to research these four documents and respond, by the end of this week, specifically to
plaintiffs' request for a witness on these documents.

3. **Motion to Extend Deadlines**

The parties have come to an agreement about the assented-to motion to extend current discovery
deadlines, and that motion was filed today a short time ago.

MORRISON | FOERSTER

Gary Klein
October 29, 2012
Page Three

To be clear, there remain three categories of documents that have been the subject of meet and confer between the parties, and we have informed you will not be produced by November 2 or November 19.  First, as explained on our meet and confer of October 22, and again in my letter of October 25, emails from the 10 custodians identified by plaintiffs will not be ready for review before November 30.  We will endeavor to produce responsive, non-privileged emails on or before January 15, 2013, well in advance of plaintiffs' class certification deadline.  Second, while the parties have agreed to the production of 15 complete complaint files (as defined in my letter of October 25), plaintiffs have yet to respond to our last exchange regarding the production of any further complaints.  As explained on our meet and confer call on October 22, to the extent any additional complaints are produced beyond the 15 currently agreed upon, and plaintiffs continue to requested 1500 complete complaint files, they will not be produced prior to the current or extended discovery deadline.  Third, we continue to work with our client to respond to Ms. Obrist's communication of October 24, regarding the production of audio recordings.  As we will explain more substantively in our response, to the extent that the parties agree on the production of any audio recordings, and it is not yet clear that they will, audio recordings are unlikely to be produced before November 2 or November 19.

Sincerely,

Alexandria A. Amezcua

sf-3212098