# Exhibit 21



Klein Kavanagh Costello, LLP

Gary Klein
85 Merrimac Street, 4th Fl.
Boston, MA 02114
p. 617.357.5031
f. 617.357.5030
klein@kkcllp.com
www.kkcllp.com

October 31, 2012

*By Electronic Mail*

Alexandria Amezcua
Morrison & Foerster, LLP
425 Market Street
San Francisco, CA  94105-2482

      Re: *In re. JPMorgan Chase Mortgage Modification Litigation*
          Case No. 11-md-2290-RGS, D. Mass

Dear Alexis:

    We are writing in response to your letter of October 29, 2012 and to various positions Chase has taken in the parties' ongoing meet and confer.

Audits:

    Plaintiffs await Chase's promised November 9, 2012 production of a redaction log with respect to audit materials heretofore produced by Chase.  Our call yesterday was the first indication, however, that these audits have been redacted for relevance.  This illustrates the problem with Chase's late production associated with the MTC Order insofar as that late production has truncated the time for the parties to address disputed bases for redaction.  Late production may also undermine Plaintiffs' ability to address the adequacy, or lack thereof, of Chase's privilege log.  We therefore expect Chase to work with us on any extension of deadlines that may become necessary for the parties to reach final agreement and/or to seek relief from the Court in connection with audits.

    In addition, so there is no misunderstanding, it is Plaintiffs' position that the problem is not just with the six audits provided to you in connection with our request for a discussion of the bases for redaction during Monday's call.  We expect a redaction log that covers all previously produced redacted audits.

    In addition, during the telephonic meet and confer of October 28, 2012, the parties agreed that there is an impasse with respect to Chase's privilege claims as to MHA-C audits.

The Need for Witnesses in Connection with Documents Recently Produced and Yet to be Produced:

Plaintiffs continue to maintain that they are entitled to Rule 30(b)(6) witnesses in connection with documents produced on a date too late for them to inquire of witnesses scheduled on the topics that covered those documents. This problem is made worse by impasse, recently reached, on production of a witness concerning named Plaintiffs' transactions and data and concerning reports and spreadsheets. Many of the documents recently produced contain information that is highly relevant to class certification and which is not transparent to counsel on review. Witnesses on those documents are necessary to Plaintiffs' ability to properly supplement their expert reports and to prepare for class certification.

For the purpose of the October 28 meet and confer, we gave you four examples of such documents. We explained that these were just a few of the many documents that are important to this case, but as to which Plaintiffs have questions. Notably, you could not answer questions about the documents on the call, but rather indicated that you would have to inquire of Chase employees. The proposal contained in your letter of October 29 that you would provide informal (non-sworn) information with respect to inquiries about a limited number of documents is insufficient. Your agreement to "research" the four documents we used as examples, while helpful, is no substitute to a normal discovery process in which Plaintiffs would be able to inquire of appropriate witnesses as to documents produced, with appropriate follow-up inquiries. Please let us know by November 1 if Chase will provide a witness on these and other documents produced in October.

Plaintiffs anticipate the same problem with respect to documents and data to be produced by November 2, 2012. Although we will review the explanatory information that Chase has agreed to provide, including a data dictionary, it is highly likely that the remaining spreadsheets, reports and data sample will require explanation by a competent witness.

To be clear, it is Chase's late production of documents that has caused the need for these last minute witnesses. While we are willing to review the written materials you assert will help explain the data production and forms of spreadsheets, audits and reports recently produced, they are no substitute for the necessary witnesses. We understand, based on our discussions, that Chase is unwilling to produce a witness concerning data and documents yet to be produced. Plaintiffs reserve all rights with respect to this refusal.

Complaints:

Plaintiffs believe that their request for 1500 complaints and complete complaint files is a fair basis to resolve this issue in light of the MTC Order. Based on the information we have, our proposal is for approximately 1 in 10 of the complaints Chase has received.

Email:

Chase has not obtained relief from the Court, yet apparently intends unilaterally to produce email and attachments to email that are relevant to the Plaintiffs' transactions and/or to class certification after the expert supplementation and class certification discovery

deadline set by the Court. Chase has not yet even produced data about proposed search terms in connection with their application to email of priority custodians sufficient to provide an empirical basis for Chase's unsupported overbreadth assertions. Finally, Chase has declined to make any effort to produce email for priority custodian, Keith Thompson, prior to the agreed date for his deposition.

Other Issues:

The parties, after further meet and confer and Chase's promise of further investigation of Chase's position that has caused delay without meaningful change in position, now confirm that there is impasse on the following issues:

- Chase's unwillingness to handle redactions of personal information in a way that would allow Plaintiffs to use and sort certain loan level account data in a manner consistent with its uses at Chase (other than on a one-off basis).
- Chase's unwillingness to handle redactions of personal information in a manner that allows Plaintiffs to match loan level account information across data sources.
- Production of any witness who can respond to inquiries about documents produced with respect to named Plaintiff transactions.
- Production of a witness who can testify about the costs and benefits of various workout terms to Chase as loan servicer in modification transactions.
- Production of a witness to address FDCPA issues.
- Production of audio recordings.

Plaintiffs continue to reserve their right to move for relief from the Court on any and all unresolved discovery issues including, where appropriate, to seek sanctions for Chase's non-compliance with Court orders.

Very truly yours,

*/s/ Gary Klein*
Gary Klein

cc:     *By Electronic Mail*
        Wendy Garbers
        Gregory Dresser
        Angela Kleine
        Michael Agoglia
        Kevin Costello
        Michael Flannery
        Gretchen Freeman Cappio
        Gretchen Obrist
        Charlie Shaffer
        Eric Holland
        Jon Cuneo