# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE: JP MORGAN CHASE MORTGAGE MODIFICATION LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br><br>**All Actions** | Case No. 11-md-02290-RGS |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' <u>EMERGENCY MOTION FOR EXTENSION OF CERTAIN DEADLINES</u>

## INTRODUCTION

The day supplemental expert disclosures were due, and well after the November 2, 2012 discovery cutoff, plaintiffs filed an "emergency" motion for a month-long extension of the supplemental expert disclosure deadline and to re-open fact discovery on a wide range of issues. Plaintiffs present no legitimate basis for this latest extension request.  Fact discovery has closed, save for production of a few narrow categories of "documents already agreed upon and ordered" (ECF No. 174).  Plaintiffs have already completed *all* of the depositions they were entitled to take after the discovery cutoff.  Chase has already timely produced *all* of the data that plaintiffs had said was "essential" to supplement their expert reports.  Plaintiffs have known since October how much time their putative experts would have to review that data, but apparently failed to ensure that they would be available to do so.  Instead, plaintiffs waited until the very last minute to seek yet another extension.

Plaintiffs claim their delays will not prejudice Chase, but that is clearly wrong.  Plaintiffs' proposal would reduce the time for rebuttal reports by half.  The facts suggest that the real motivation here is to delay plaintiffs' class certification motion until after the class certification decision in another loan modification multidistrict litigation.  The "emergency" motion to further extend case deadlines should therefore be denied, and plaintiffs should be required to produce their supplemental expert reports immediately.

## BACKGROUND

Chase provides relevant background in its accompanying opposition to plaintiffs' motion to compel.  Chase notes for purposes of the present motion that plaintiffs' current "emergency" motion represents plaintiffs' *eighth* effort to extend the Court-ordered deadlines in this action:

1.  In November 2011, the Court set the following deadlines:  opening expert disclosures on April 2, 2012, discovery cutoff on May 18, and plaintiffs' class certification motion due

August 1.  (ECF No. 22.)  Plaintiffs filed a last-minute motion to extend those deadlines by two months.  (ECF No. 48.)  The Court granted the motion.

2.  On June 4—the day expert disclosures were due—plaintiffs moved to "suspend" all "pending case management deadlines."  (ECF No. 88.)  The Court "suspend[ed] all discovery cutoff deadlines until after the July 9, 2012, motion [to dismiss] hearing, so long as the parties continue discovery in good faith."  (June 4, 2012 Order.)

3.  In August, plaintiffs moved for the expert disclosure date to be moved to January 2013, and class certification to June 2013.  (ECF No. 102-1.)  The Court instead set the expert disclosure date for September 28, 2012, the discovery cutoff for November 2, 2012, and the class certification motion for February 15, 2013.  (Aug. 15, 2012 Order.)

4.  On September 4, plaintiffs filed a motion to compel additional documents, and on September 6 asked that their September 28 expert deadline "be adjourned pending the outcome of the pending motion to compel."  (ECF No. 121.)  The Court denied the motion to adjourn the expert deadline, and subsequently granted in part and denied in part the motion to compel.  (ECF No. 149.)

5.  On September 12, plaintiffs asked for the September 28 expert deadline to be moved to October 29.  (ECF No. 124.)  The Court ordered plaintiffs to comply with the September 28 deadline, but "provisionally permitted" plaintiffs' expert "to supplement his report as needed prior to October 29, 2012," *only* with respect to "discovery that . . . is the subject of plaintiffs' pending motion to compel."  (Sept. 14, 2012 Order.)

6.  On October 29—the day of plaintiffs' new supplemental expert disclosure deadline— plaintiffs filed a stipulated motion to move the disclosure deadline to November 12. Plaintiffs also moved to extend the November 2 fact discovery deadline to November 19, "*only* for the purpose of completing":  the production of documents "already agreed upon and ordered"; the depositions of three listed Chase witnesses and two recently-added plaintiffs; and the service of Chase's responses to plaintiffs' interrogatories.  (ECF No. 173 (emphasis added).)  The Court granted the motion.  (ECF No. 174.)

7.  Then, on Friday, November 9, plaintiffs filed a motion requesting an extension of their expert report deadline to December 12, 2012.  (ECF No. 179.)

8.  On Monday, November 12, plaintiffs filed the instant "emergency" motion for extension of the expert disclosure and discovery deadlines to December 12 and 19, 2012, respectively.  (ECF No. 183 ("Mot.").)

Meanwhile, plaintiffs' counsel in this action are pursuing two parallel loan modification multidistrict litigations, one in the Central District of California—where plaintiffs sought to have this action consolidated—and the other in this District.  As here, the case in this District has been repeatedly delayed by extensions and discovery disputes.  *See In re Bank of Am. HAMP Contract*

*Litig.*, No. 1:10-md-02193 (D. Mass. filed Oct. 12, 2010), ECF Nos. 45, 68, 74, 75, 88, 89, 91, 95, 110, 126, 134, 135.  In the Central District of California, though, plaintiffs' counsel have aggressively moved toward class certification, refusing to stipulate to the defendants' requests for extensions.  *See In re Citimortgage Inc. HAMP Contract Litig.*, No. 2:11-ml-02274 (C.D. Cal. filed Oct. 7, 2011), ECF Nos. 151, 198.   In response to the defendants' request for an extension in the California case, plaintiffs' counsel eventually agreed to a short delay in filing their class certification motion, to "no earlier than December 10, 2012 and no later than February 5, 2013." *Id.* ECF No. 238.

## ARGUMENT

When deciding whether to extend a discovery deadline, courts consider (1) the relevance of the discovery sought, (2) the parties' diligence in seeking discovery, (3) the prejudice to the non-moving party, and (4) whether the motion is opposed.  *See United States v. Sayer*, 450 F.3d 82, 90 (1st Cir. 2006).  Here, the additional discovery sought is untimely and another pretext for delay.  Chase, on the other hand, would be prejudiced by the proposed extensions, which would take a month away from its rebuttal experts in favor of devoting yet more time to supplementing plaintiffs' putative experts' reports.  The "emergency" motion should be denied.

## I.  THE PROPOSED MONTH-LONG EXTENSIONS ARE UNNECESSARY.

Plaintiffs' attempt to bootstrap their extension request to their latest motion to compel is improper.  Plaintiffs' putative expert reports were due September 28, 2012.  The Court "provisionally permitted" plaintiffs' putative expert "to supplement his report as needed prior to October 29, 2012," *only* with respect to "discovery that . . . [was] the subject of plaintiffs' [September 2012] motion to compel."  (Sept. 14, 2012 Order.)  At plaintiffs' request, the Court extended the deadline to November 12, 2012.  (ECF Nos. 173, 174.)  During that time, plaintiffs

took all of the depositions and received all of the borrower data that the Court ordered Chase to produce.  There is no need to extend the deadline again.

Similarly, fact discovery should not be "extended," because it is already closed.  On October 31, 2012, the Court "extend[ed] the [fact] discovery deadlines . . . to 11/19/12 *only* for purpose of completing the production of documents already agreed upon and ordered."  (ECF No. 174 (emphasis added).)  When plaintiffs moved for that extension, they were clear about what additional discovery could take place after the November 2 cutoff:  (i) five depositions, which are now complete; (ii) the service of Chase's responses to plaintiffs' interrogatories, which is complete; and (iii) the production of documents already agreed upon and ordered, which is substantially complete, save for the production of complaints and emails set for the month before plaintiffs' class certification motion is due.  (*See* ECF No. 173.)  None of the discovery plaintiffs seek in their pending motion to compel falls into those three categories.  In any event, as discussed in Chase's opposition to plaintiffs' pending motion to compel, that motion is meritless.  Thus, an extension of the fact discovery deadline is neither necessary nor appropriate.[1]

Plaintiffs say they need more time because their putative experts had "preexisting commitments."[2]  (ECF No. 184 ¶¶ 20-21; ECF No. 185 ¶ 10.)  But plaintiffs have known since October that Chase would be producing, on November 2, the borrower data that plaintiffs requested.  (*See* ECF No. 196 ("Dresser Decl.") Ex. 16 at 1.)  Chase described the data it would be producing, its methodology for extracting the data, and gave plaintiffs the opportunity to

---

[1] Should the Court grant plaintiffs' motion to compel, it would still be unnecessary to extend the fact discovery deadline for all purposes, as plaintiffs appear to suggest.

[2] Chase understands that Mr. White's and Mr. Ayres's offices were also closed for a short time by Hurricane Sandy (ECF Nos. 184 at ¶ 119, 185 at ¶ 10).  If plaintiffs had alerted Chase, it of course would have reasonably accommodated Mr. White's and Mr. Ayres's schedules.  At this point, though, no further extension is needed, because plaintiffs have already gained at least one additional week by filing the instant motion.  (ECF No. 191.)

comment before it did so.  (*See id.*)  Plaintiffs, before requesting the last extension of the

supplemental expert disclosure deadline, could have made certain that their experts would be

available to review that data and finalize their supplemental reports.  Instead, plaintiffs waited

until *the day the supplemental expert disclosures were due* to move for an extension.  Plaintiffs

should not be rewarded for their lack of diligence.

Plaintiffs also attempt to justify their delay by claiming that Chase's productions of

"reports and spreadsheets" were untimely or inadequate.[3]  That is demonstrably untrue.  On

November 1, 2012—a day early—Chase sent plaintiffs *all* of the data that plaintiffs said their

putative experts needed to supplement their reports.

Plaintiffs complain that they received *other* documents on November 5, but that conflates

two different productions.  The November 1 production consisted of Excel spreadsheets of

borrower data from Chase's information repository InfoOne, which plaintiffs requested in their

last motion to compel (ECF No. 114-1 at 3-15).  (*See* Dresser Decl. Ex. 23.)  Plaintiffs' counsel

downloaded the data on November 1.  (*See id.*; Dresser Decl. Ex. 24.)  The second, November 2

production (which plaintiffs say they received on November 5) consisted *only* of various reports

that Ms. Shine identified during her August 23, 2012 deposition.  Plaintiffs previously said that

only the InfoOne spreadsheets were "essential" to their expert disclosures.  (*See* ECF Nos. 116-1

¶¶ 14-21, 114-1 at 8, 125 at 6.)

Finally, plaintiffs suggest that "questions" about and "problems" with Chase's production

necessitate an extension.  (*See* Mot. at 3.)  The argument is not credible.  Chase provided a "data

---

[3] Plaintiffs also complain that Chase has not produced complaints or emails. (Mot. at 3.)  With
respect to complaints, plaintiffs have proposed a production deadline of January 15, 2013 (*see*
Dresser Decl. Ex. 25 at 1)—a month after plaintiffs' proposed supplemental expert disclosure
deadline, demonstrating that the complaints are not essential to plaintiffs' expert reports.  Chase
addressed emails in its opposition to plaintiffs' motion to compel.

dictionary" defining the fields in the InfoOne spreadsheets along with its November 1 data

production.  (*See* Dresser Decl. Ex. 23.)  Plaintiffs waited until November 6 to raise any issues,

at which point it was evident that they had not yet reviewed the information.  (*See* Dresser Decl.

Ex. 26 (November 6, 2012 email asking when Chase planned to provide the data dictionary).)

But, Chase offered to meet and confer to address any issues, and suggested that plaintiffs send it

any specific questions they had.  (*See* Dresser Decl. Ex. 27 at 1.)  Plaintiffs chose to file the

present motions instead.

Plaintiffs' primary complaint with the data appears to be that the InfoOne spreadsheets

contain "unexplained data points."  (Mot. at 4.)  The so-called "problems" they list, however,

suggest that any legitimate questions could have been answered well before the deadline if

plaintiffs had been so inclined.  (*See* ECF Nos. 184 ¶¶ 10-15; ECF No. 185 ¶¶ 6-7.)[4]  For

example:

- Mr. Ayres says that certain fields are "missing" values, including fields relating to Chapter 7 bankruptcy, foreclosure proceedings, and the date on which a modification was approved.  (*See* ECF No. 184 ¶ 13.)  Obviously, not all borrowers would have data for these fields since not all borrowers declared bankruptcy, were in foreclosure, or were approved for modifications.

- Messrs. Ayres and White say that Chase did not provide certain definitions, but the meaning of most of the terms they identify is obvious—*e.g.*, the status codes "Approved," "Denied," and "Retrial."  (*See* ECF No. 184 ¶ 14; ECF No. 185 ¶ 7.)

- Messrs. Ayres and White also claim that the types of trial documents Chase sent are unclear (ECF Nos. 184 ¶ 14, 185 ¶ 7), but, on July 5, 2012, Chase produced a document that explains what each trial document is (*see* Dresser Decl. Sealed Ex. 35), and named plaintiffs received trial documents that specify these codes on the cover sheets (*see* Dresser Decl. Sealed Ex. 33 at 1; Sealed Ex. 34 at 1).

---

[4] To the extent that plaintiffs' experts have questions regarding the data produced for named plaintiff Jacquelyn Colletta (*see* ECF No. 184 ¶ 16), answers to those questions are not essential to outlining a methodology for identifying putative absent class members.  In any event, Chase was available to meet and confer about those questions.

## II.    THE PROPOSED EXTENSIONS WOULD PREJUDICE CHASE.

Plaintiffs claim that the "only consequence" of their proposed extension would be to "shorten somewhat the time period for Chase's expert depositions."  (Mot. at 2.)  That is dead wrong.  The proposed extensions would cut the rebuttal experts' time in half, divert the parties' attention from the important upcoming tasks of expert discovery and class certification briefing, and risk prolonging this action.  Courts routinely deny motions for extensions under similar circumstances.  *See Alper v. United States*, 190 F.R.D. 281, 284 (D. Mass. 2000) ("[T]o allow a party to continue with formal discovery . . . after the discovery deadline unnecessarily lengthens discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for [t]rial.") (citation omitted).

Plaintiffs' proposal would leave Chase with less than a month—a month that includes the Christmas and New Year holidays—to prepare rebuttal expert disclosures.  That schedule is simply not feasible.  Plaintiffs argue that Chase "used a recent extension of deadline to extend its time for responsive expert disclosures by sixty days" (Mot. at 2), but Chase needed to change the rebuttal deadline only because plaintiffs obtained a six-week extension of their expert report deadline, pushing the rebuttal expert period into the holidays.  Moreover, plaintiffs seek to re-open discovery on a wide range of issues (*see* ECF No. 182), including the production of additional documents and taking at least five more depositions.  That discovery, and the disputes that would inevitably follow, would take the Court's and parties' time and resources away from completing expert discovery and class certification briefing.

In any event, if the Court were to grant plaintiffs an extension, the rebuttal expert report should be moved accordingly.  Under plaintiffs' proposed month-long extension, that would move the rebuttal expert deadline to February 2013.  Plaintiffs' argument that the parties could "schedule[] dates for [rebuttal expert] depositions . . .  in the two months between December 12

and February 15, 2012 [sic]" (Mot. at 2) ignores the fact that Chase needs time to prepare

rebuttal reports.  In any event, the close of expert discovery is January 25, not February 15 (*see*

Oct. 31, 2012 Order).  Thus, under plaintiffs' proposal, the parties would have only about one

month after they disclose their putative expert reports to complete rebuttal expert reports and all

expert discovery.

Plaintiffs' argument that "it is no prejudice to require a party to respond to properly

promulgated discovery" (Mot. at 6) misses the point.  Chase is not attempting to avoid

responding to "properly promulgated discovery," it is attempting to avoid unnecessary, costly

and prejudicial delays.  The decision *Rivera-Mercado v. General Motors Corp.*, No. 2007-036,

2009 WL 1044585 (V.I. 2009), upon which plaintiffs rely, demonstrates the difference.  There,

the appellate court held that the discovery deadline ought to be extended where (1) the trial court

had imposed an "unnecessarily contracted discovery schedule that made it unreasonably difficult

for [the moving party] to timely submit her expert's report," and (2) "the parties had stipulated to

an extension," demonstrating that the non-moving party "would not have been prejudiced" by the

extension.  *Id.* at *4.  Here, the Court not only set a reasonable case schedule, but has already

agreed to six extensions.  Chase has not stipulated to the extension at issue given the prejudice

that would result.  Plaintiffs should not be permitted to avoid their latest Court-ordered deadline.

## CONCLUSION

For the foregoing reasons, Chase respectfully requests that plaintiffs' "emergency"

motion be denied, that plaintiffs be ordered to produce their supplemental expert disclosures

immediately, and that the rebuttal expert report deadline be extended by two weeks to account

for plaintiffs' delay in producing their expert disclosures.

Dated: November 16, 2012                On behalf of defendants,

                                        */s/ Michael J. Agoglia*
                                        Michael J. Agoglia (CA SBN 154810)
                                        MORRISON & FOERSTER LLP
                                        425 Market Street
                                        San Francisco, California 94105-2482
                                        Telephone: (415) 268-7000
                                        Facsimile: (415) 268-7522
                                        magoglia@mofo.com

                                        Donn A. Randall (BBO No. 631590)
                                        Matthew A. Kane (BBO No. 666981)
                                        BULKLEY, RICHARDSON AND GELINAS, LLP
                                        125 High Street
                                        Oliver Street Tower, 16th Floor
                                        Boston, Massachusetts 02110
                                        Telephone: (617) 368-2520
                                        Facsimile: (617) 368-2525
                                        drandall@bulkley.com
                                        mkane@bulkley.com

## <u>CERTIFICATE OF SERVICE</u>

I, Michael J. Agoglia, hereby certify that true copies of the foregoing document and accompanying supporting documents were served upon all counsel of record via this Court's CM/ECF system.  There are no non-CM/ECF parties.

/s/ Michael J. Agoglia
Michael J. Agoglia