UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 11-md-02290-RGS

IN RE: JPMORGAN CHASE
MORTGAGE MODIFICATION LITIGATION

ORDER ON PLAINTIFFS' MOTION TO COMPEL
AND MOTION FOR EXTENSION OF CERTAIN DEADLINES

November 27, 2012

STEARNS, D.J.

On November 12, 2012, plaintiffs brought a motion to compel defendants JPMorgan Chase Bank, N.A., Chase Home Finance, LLC, and EMC Mortgage Corp. (collectively "Chase"), to produce various categories of witnesses and documents. Plaintiffs concurrently filed an emergency motion to extend the deadlines for completing class certification discovery and supplementing their expert reports. Based upon consideration of the parties' submissions and representations made at a November 26, 2012 hearing on the motions, they will be <u>GRANTED</u> in part and <u>DENIED</u> in part, as follows.

1. Witness on Reports, Spreadsheets, and Data Production

Plaintiffs seek to compel production of a witness or witnesses concerning reports and spreadsheets containing loan-level account data produced by Chase in response to the court's September 21, 2012 Order on Plaintiffs' Motion to Compel.

[Dkt 149]. Plaintiffs complain that the reports produced are improperly limited to the latter part of the class period. The court will permit plaintiffs to pose to Chase in interrogatory form specific questions reasonably necessary to permit a full understanding of the data relevant to their claims. The questions shall be submitted within five (5) business days of the date of this order. Chase has agreed to respond in verified form to any such questions within three (3) business days of receipt. Chase is further ordered to comply fully with the September 21 Order with respect to the remainder of the class period.

    2. Witness on Audits Produced after the September 21 Order

Chase has produced a variety of external audits in response to the court's September 21 Order. Plaintiffs now seek a witness to testify concerning the substance and purpose of the audits, though plaintiffs' primary goal appears to be to contest redactions Chase has made to the documents that have been produced. Plaintiffs are directed to review the redaction log produced by Chase and to identify within seven (7) days of this order a representative sample of redacted documents, which defendants will then provide to the court within three (3) days in redacted and unredacted forms for *in camera* review. The court will reserve ruling on plaintiffs' request pending its own assessment of the redactions.

    3. Witness on Named Plaintiffs' Transactions

Plaintiffs next request a witness to offer testimony regarding the named

plaintiffs' modification processes. The court notes that plaintiffs represent that they have agreed to limit the scope of this inquiry to a sub-group of eight named plaintiffs who are to serve as exemplars and to fully limit the inquiry to information available in these individuals' written files. The court is satisfied with this compromise and directs Chase to produce the necessary witness or witnesses within ten (10) business days of this order.

    4.   Witness on Compliance with the Fair Debt Collection Practices Act (FDCPA)

Plaintiffs also seek a witness on the topic of Chase's compliance with the FDCPA. Chase has refused to provide such a witness, taking the position that plaintiffs have failed to properly notice a deposition on this topic. Assuming without deciding that Chase's position is correct, the court opts to treat the present motion as a motion for leave to notice the deposition and grants plaintiffs' request. *See Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192-193 (1st Cir. 2001). Chase is ordered to produce an appropriate witness within ten (10) business days of this order.

    5. Production of Compliance Audits by Making Home Affordable Compliance Division (MHA-C)

In its September 21 Order, the court directed Chase to produce non-privileged final audit findings from government agencies regarding the speed or accuracy of

Chase's process for evaluating borrowers for mortgage loan modifications and its communications to these borrowers regarding that process, as well as formal communications with government entities on the subject. Chase has declined to produce various MHA-C audits, claiming the materials are protected by the bank examination privilege. *See* 12 C.F.R. § 4.31 *et seq.*; *see also In re Subpoena Served upon Comptroller of Currency*, 967 F.2d 630, 633-634 (D.C. Cir. 1992) (discussing the bank examination privilege). Plaintiffs request the court to assess and ultimately overrule Chase's assertions of this qualified privilege.

The court agrees with Chase that plaintiffs' request is premature. Plaintiffs may not move to compel the production of privileged examination information until they have first contacted the agency that holds the privilege and followed the agency's procedures for obtaining information. *See, e.g.*, *In re CitiMortgage HAMP Litig.*, No. MDL 11-2274-DSF, Dkt 86 at 13 (C.D. Cal. June 7, 2012); *In re Countrywide Fin. Corp. Sec. Litig.*, 2009 WL 5125089, at *2 (C.D. Cal. Dec. 28, 2009).[1] The court will therefore not engage in an analysis of the documents at this

---

[1] Relying on *In re Bankers Trust Co.*, 61 F.3d 465, 470-471 (6th Cir. 1995), plaintiffs dispute that they are required to exhaust administrative remedies before seeking the audits from Chase. *Id.* at 471 ("It seems illogical to this court to require [plaintiffs] to initiate the much more cumbersome procedure of serving a subpoena on the Federal Reserve in Washington, D.C. simply to enable [them] to obtain the same documents that defendant Bankers Trust possesses."). *In re Bankers Trust Co.*, however, represents a minority view this court is unwilling to adopt. *See In re Countrywide Fin. Corp. Sec. Litig.*, 2009 WL 5125089, at *2 (collecting cases).

time. If upon plaintiffs' request the agency does not authorize disclosure of information relevant to this litigation, the parties may then seek the appropriate relief from this court.

6. Earlier Date Certain for Production of Email

Finally, plaintiffs seek an earlier date certain for production of responsive emails. Chase represents that it intends to complete email collection by November 30, 2012, and production by January 15, 2013. The court is satisfied with this time frame but orders that Chase produce the emails on a rolling basis as they become available.[2]

In order to accommodate production of the witnesses and documents herein ordered, and to permit adequate time for this information to be assimilated by plaintiffs' experts, the court will permit plaintiffs until December 17, 2012 to supplement their expert reports. The court is not inclined to grant any further extensions. Plaintiffs' motion for class certification remains due on February 15, 2013.

---

Moreover, even the minority of courts that do not require administrative exhaustion agree that an agency "must be allowed the opportunity to assert the privilege and the opportunity to defend its assertion." *In re Bankers Trust Co.*, 61 F.3d at 472.

[2] The parties represent that they have succeeded in agreeing preliminarily to appropriate email search terms. The court trusts that cooperation on this matter will continue.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE