UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE JPMORGAN CHASE MORTGAGE MODIFICATION LITIGATION )<br>)<br>)<br>THIS DOCUMENT RELATES TO: )<br>All Actions )<br>)<br>_____ ) | No. 1:11-cv-02290-RGS |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
AND FOR APPOINTMENT OF COUNSEL PURSUANT TO
FED. R. CIV. P. 23(G)**

Plaintiffs, by their undersigned attorneys, on behalf of themselves and all others similarly situated ("Plaintiffs"), respectfully request that the Court enter an order, pursuant to Fed. R. Civ. P. 23(a) and Rule 23(b)(2) and/or 23(b)(3), certifying the below-described classes in this case against Defendants JPMorgan Chase Bank, N.A., on its own behalf and as successor by merger to Chase Home Finance LLC, EMC Mortgage LLC (formerly known as EMC Mortgage Corporation), and The Bear Stearns Companies LLC (collectively, "Chase") and appointing the undersigned counsel pursuant to Fed. R. Civ. P. 23(g).

1. The proposed classes are defined as follows:

*I. Group 1 Classes*
   *A. Nationwide TPP Class (for all Group 1 claims other than state consumer protection claims).*

The Group 1 Plaintiffs seek to certify a Nationwide TPP Class for all Group 1 claims other than violation of state consumer protection statutes, comprised of:



> Individuals nationwide whose home mortgage loans have been serviced by Chase and who, since January 1, 2008, have entered into a TPP Agreement with Chase and made the trial payments required by their TPP Agreement in the month in which each payment was due, other than borrowers to whom Chase timely tendered either:
>
> 1. The final modification agreement required by the TPP Agreement; or
>
> 2. A timely written denial of eligibility consistent with the TPP Agreement.

### B. *Statewide TPP Classes (in the alternative, for all Group 1 claims other than state consumer protection claims).*

In the alternative to the Nationwide TPP Class for all Group 1 claims, the Group 1 Plaintiffs seek to certify classes of individuals residing in the following states: California, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, and Washington. Each "Statewide TPP Class" is comprised of:

> Individuals residing in the respective state whose home mortgage loans have been serviced by Chase and who, since January 1, 2008, have entered into a TPP Agreement with Chase and made the trial payments required by by their TPP Agreement in the month in which each payment was due, other than borrowers to whom Chase timely tendered either:
>
> 1. The final modification agreement required by the TPP Agreement; or
>
> 2. A timely written denial of eligibility consistent with the TPP Agreement.

### C. *Statewide TPP Consumer Protection Classes (for Group 1 state consumer protection claims).*

The Group 1 Plaintiffs seek to certify classes of individuals residing in the following states: California, Illinois, Massachusetts, Minnesota, Missouri, New Jersey, and Washington pursuant to these states' respective consumer protection statutes, as set forth in the Consumer Protection Acts Appendix attached to the contemporaneously filed Declaration of Kevin Costello as Exhibit 5, as defined in the Statewide TPP Class above.

## II. *Group 2 Classes*

### A. *Statewide Modification Promises Class.*

Group 2 Plaintiffs seek to represent the following statewide classes for purposes of their state consumer law claims ("Consumer Claims"): California, New Jersey, and Washington. Each "Statewide Modification Promises Class" is comprised of:

> Individuals residing in the respective state who are not included in a Group 1 class and whose home mortgage loans have been serviced by Chase on or after January 1, 2008, and who have timely made the payments and submitted application materials required under form written temporary payment, forbearance and/or repayment plans in a modification program that included potential permanent modification of loan terms, but:
>
> 1. Who have not received a timely permanent modification; or
>
> 2. Who have had their home sold in a foreclosure sale while awaiting a permanent modification agreement before being informed in writing that no permanent modification would be granted.

### B. *Nationwide Modification Promises Class for Injunctive Claims.*

Group 2 Plaintiffs also seek to represent the following Nationwide Class for purposes of the injunctive claims asserted in Part 2 of the Consolidated Amended Complaint (Docket No. 28):

> Individuals nationwide who are not included in a Group 1 class and whose home mortgage loans have been serviced by Chase on or after January 1, 2008, and who have timely made the payments and submitted application materials required under form written temporary payment, forbearance and/or repayment plans in a modification program that included potential permanent modification of loan terms, but:
>
> 1. Who have not received a timely permanent modification; or
>
> 2. Who have had their home sold in a foreclosure sale while awaiting a permanent modification agreement before being informed in writing that no permanent modification would be granted.

### C. *Statewide Modification Promises Class for Injunctive Claims (in the alternative).*

In the alternative to a Nationwide Modification Promises Class for Injunctive Claims, Group 2 Plaintiffs seek to represent such mortgagors in their home states of California, Michigan, New Jersey, and Washington as defined in the Statewide Modification Promises Classes for the purposes of the injunctive claims asserted in Part 2 of the Consolidated Amended Complaint (Docket No. 28).

## III. Group 3 Classes

### A. *Nationwide Final Modification Class (for all Group 3 claims other than state consumer protection claims).*

Group 3 Plaintiffs seek to represent the following nationwide class for purposes of the breach of contract, promissory estoppel, and injunctive claims asserted in Part 3 of the Consolidated Amended Complaint (Docket No. 28):

> Individuals nationwide whose home mortgage loans have been serviced by Chase on or after January 1, 2008 and who:
>
> 1. Received a permanent Loan Modification Agreement from Chase under its HAMP or CHAMP program;
>
> 2. Complied with the terms of the Loan Modification Agreement by submitting a fully executed copy of the Loan Modification Agreement and/or timely making the first payment required by the Agreement; and
>
> 3. Following the Effective Date of the Loan Modification Agreement received demands for payment from Defendants that were inconsistent with the terms of the Loan Modification Agreement.

### B. *Statewide Final Modification Class (in the alternative, for all Group 3 claims other than state consumer protection claims).*

In the alternative to a nationwide Final Modification Class, Group 3 Plaintiffs seek to represent mortgagors in New York for the purposes of the breach of contract, promissory estoppel and injunctive claims asserted in Part 3 of the Consolidated Amended Complaint (Docket No. 28), defined as follows:

Individuals residing in New York State whose home mortgage loans have been serviced by Chase on or after January 1, 2008, and who:

1. Received a permanent Loan Modification Agreement from Chase under its HAMP or CHAMP program;

2. Complied with the terms of the Loan Modification Agreement by submitting a fully executed copy of the Loan Modification Agreement and/or timely making the first payment required by the Agreement; and

3. Following the Effective Date of the Loan Modification Agreement received demands for payment from Defendants that were inconsistent with the terms of the Loan Modification Agreement.

### C. *Statewide Final Modification Consumer Protection Class (for state consumer protection claims).*

Group 3 Plaintiffs also seek to represent a New York class for purposes of their consumer protection law claims asserted in Part 3 of the Consolidated Amended Complaint (Docket No. 28) as defined in the Statewide Final Modification Class above.

### IV. *Group 4 Class*

Group 4 Plaintiff Donna Follmer seeks to represent the following class:

Individuals nationwide whose home mortgage loans have been serviced by Chase on or after January 1, 2008, and:

1. Whose loan was "acquired" (outright or only for servicing purposes) by one of the Defendants at a time when it was in default;

2. Who entered into a Trial Payment Plan with Defendants during the Relevant Period and made one or more payments thereon but did not receive a permanent loan modification; and

3. Who are members of the Group 1, Group 2, and/or Group 3 Classes as otherwise defined.

2. The Plaintiffs representing each proposed class are set forth in the charts attached to the Declaration of Kevin Costello labeled Exhibits 1 – 4, filed contemporaneously herewith.

3. The proposed classes meet the requirements of Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3) for the reasons set forth more fully in the accompanying memorandum, filed provisionally under seal.

4. For the purposes of injunctive relief for the classes to the extent certification is sought under Fed. R. Civ. P. 23(b)(2), plaintiffs expect to seek to enjoin Chase from:

   A. Continuing to seek to collect fees and interest improperly accrued as a result of the violations of law asserted in the complaint;

   B. Continuing to issue negative credit reporting associated with its failure to honor contractual agreements;

   C. Continuing to engage in conduct that violates state consumer protection laws; and to

   D. Require Chase to reform the terms of Class members' loan accounts consistent with the terms that would have been in effect if Loan Modification Agreements had they been timely provided.

5. In further support of this Motion, Plaintiffs refer to their memorandum, supporting declaration, their exhibits and the record in this matter, which demonstrate that the proposed classes meet the requirements of Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3).

6. Interim Co-lead Class Counsel and an Executive Committee have been appointed to represent the putative class. (Docket No. 11). Plaintiffs request that the same counsel be appointed as Co-lead Class Counsel at the time of class certification pursuant to Rule 23(g), for the reasons set forth in the motion seeking interim appointment (Docket No 7). In addition, Plaintiffs rely on the firm resumes attached to the contemporaneously filed Declaration of Kevin Costello as Exhibits 6 – 15 and 17 – 20.

WHEREFORE, Plaintiffs respectfully request that the Court grant this Motion for Class Certification and appoint the undersigned counsel pursuant to Fed. R. Civ. P. 23(g).

Dated: April 5, 2013

Respectfully Submitted,

| | |
|---|---|
| /s/ Gary Klein<br>Gary E. Klein (BBO No. 560769)<br>Kevin Costello (BBO No. 669100)<br>Shennan Kavanagh (BBO No. 655174)<br>**Klein Kavanagh Costello, LLP**<br>85 Merrimac Street<br>Boston, MA 02114<br><br>Phone: (617) 357-5500<br>Fax: (617) 357-5030<br>Email: klein@kkcllp.com<br>Email: costello@kkcllp.com<br>Email: kavanagh@kkcllp.com | /s/ Lynn Sarko<br>Lynn Lincoln Sarko<br>Gretchen Freeman Cappio<br>Gretchen S. Obrist<br>**Keller Rohrback L.L.P.**<br>1201 Third Ave., Ste 3200<br>Seattle, WA 98101<br><br>Phone: (206) 623-1900<br>Fax: (206) 623-3384<br>Email: lsarko@kellerrohback.com<br>Email: gcappio@kellerrohrback.com<br>Email: gobrist@kellerrohrback.com<br><br>Sharon T. Hritz<br>**Keller Rohrback L.L.P.**<br>1129 State St., Suite 8<br>Santa Barbara, CA 93101<br><br>Phone: (805) 456-1496<br>FAX: (805) 456-1497<br>shritz@kellerrohrback.com |
| /s/ Charles Schaffer<br>Charles E. Schaffer<br>**Levin, Fishbein, Sedran & Berman**<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br><br>Phone: (215) 592-1500<br>Fax: (215) 592-4663<br>Email: cschaffer@lfsblaw.com | /s/ Jonathan Cuneo<br>Jonathan W. Cuneo<br>Charles Joseph LaDuca<br>Jennifer E. Kelly<br>Brendan S. Thompson<br>Mark Malone<br>**Cuneo Gilbert & LaDuca, LLP**<br>507 C Street, NE<br>Washington, DC 2002<br><br>Phone: (202) 789-3960<br>Fax: (202) 789-1813<br>Email: jonc@cuneolaw.com<br>Email: charlesl@cuneolaw.com<br>Email: jkelly@cuneolaw.com<br>Email: brendant@cuneolaw.com<br><br>Alexandra C. Warren<br>**Cuneo Gilbert & LaDuca, LLP** |

|  | 106-A S. Columbus Street<br>Alexandria, VA 22314<br><br>Phone: (202) 789-3960<br>Fax: (202) 789-1813<br>Email: awarren@cuneolaw.com<br><br>Michael J. Flannery<br>**Cuneo Gilbert & LaDuca, LLP**<br>300 North Tucker Blvd.<br>Suite 801<br>St. Louis, MO  63101<br><br>Phone: (314) 226-1015<br>Fax: (202) 789-1813<br>Email: mflannery@cuneolaw.com |
|---|---|
| *Interim Co-Lead Counsel for Plaintiffs* | |

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I hereby certify that Plaintiffs' Interim Co-Lead Counsel sought the assent of counsel for Chase prior to filing this Motion.  Counsel for Chase stated that Chase opposes the relief sought herein.

／s/ *Gary Klein*
Gary Klein

### CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the Court's CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 5, 2013.

／s/ *Gary Klein*
Gary Klein