UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-02290 -RGS

IN RE JPMORGAN CHASE MORTGAGE
MODIFICATION LITIGATION

MEMORANDUM AND ORDER ON MOTION FOR APPEAL BOND

December 3, 2014

STEARNS, J.

Plaintiffs, pursuant to Rule 7 of the Federal Rules of Appellate Procedure, request this court to order James and Sherrilyn Dolan to post a bond in the amount of $195,000 to secure the costs that plaintiffs and defendant may incur as a result of the Dolans' appeal to the First Circuit. Among the likely costs of this appeal are not only those related to the appeal itself, but also damages to the Supplemental Settlement Class that will result from the delay in receiving settlement benefits.

This court has given final approval to two separate settlements in this litigation. The first was entered on May 7, 2014, and applied to all members of the original settlement class, as defined in the Preliminary Approval Order dated December 6, 2013 (Original Settlement and Original Class). Dkt. #s 433 and 396. To be eligible as a member of this class,

borrowers have, *inter alia*, entered a mortgage serviced by Chase, participated in a loan modification program and been denied (or not offered) a permanent loan modification. The second final approval was given on October 10, 2014, and applied to class members as defined in the Preliminary Approval Order dated May 28, 2014 (Supplemental Settlement and Supplemental Class). Dkt. #s 481 and 442. The members of this Supplemental Class were a discreet group of borrowers who had been omitted from the Original Class, but were later determined to qualify for the same relief.

On September 25, 2014, the Dolans filed a motion entitled "To be Excluded From Class." Dkt. # 469. Although the Dolans' motion purported to refer to the Supplemental Class, they were members of the Original Class (their names and correct address were included on the notice list of the Original Class). Dkt. # 475. For this reason, the court treated their motion as a motion to opt out of the Original Class and denied it as untimely. Dkt. # 479. The Dolans additionally filed a Notice of Objection to the Proposed Settlement on October 7, 2014. Dkt. # 473. Because the Dolans were not members of the Supplemental Class, this court held that they did not have standing to object to the Supplemental Settlement. Dkt. # 480. The Dolans

have appealed both of these orders as well as the final approval order of the Supplemental Settlement. Dkt. # 485.

## DISCUSSION

As a rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeals." *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982). There is, however, an exception where the appeal "constitutes a transparently frivolous attempt to impede the progress of the case." *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998). "[T]hus, when a litigant purposes to appeal a plainly unappealable order, the trial court may treat the appeal for what it is – a sham – and continue to exercise jurisdiction over the case. Were the rule otherwise, a litigant bent on vexation could temporarily divest a trial court of jurisdiction at whim." *United States v. Mala*, 7 F.3d 1058, 1061 (1st Cir. 1993). "While an appeal from an order which is either final or appealable by statute does divest the district court of authority to proceed with respect to any matters involved in the appeal, an impermissible or frivolous appeal does not have the same effect on the jurisdiction of the

district court. Where the order in question is manifestly unappealable, the court of appeals never gains jurisdiction of it and, consequently, the district court never loses jurisdiction of it." *United States v. Ferris*, 751 F.2d 436, 440 (1st Cir. 1984) (internal citations omitted).

In this appeal, the Dolans, who were members of the Original Class, are attempting to impede the settlement relief available to members of a wholly unrelated group of individuals, the Supplemental Class. The Dolans are not members of this class, they do not have standing to object to the settlement relief available to this class, and it is therefore inequitable to delay relief for those class members while the Court of Appeals resolves the Dolans' appeal. Because the Dolans have not identified "any jurisdictional hook on which [their] appeal arguably might hang," this court will retain jurisdiction over the Supplemental Settlement and order relief for the Supplemental Class to go forward. *Mala*, 7 F.3d at 1061.

ORDER

For the foregoing reasons the plaintiffs' motion will be GRANTED in part. The Dolans are ordered to post a bond of $50,000 to secure the costs that plaintiffs and defendant will incur during the Dolans' appeal. Additionally, the Supplemental Settlement will go forward during the pendency of this appeal as provided in the court's previous order (Dkt. # 481).

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE